... United States District Court
Southern District of Texas
FILED

MAY 26 1999

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441, Defendants, THE MARKAM GROUP, INC., P.S. and MARK D. KAMITOMO, file this their Notice of Removal and would show unto the Court as follows:

1.    Defendants are parties to a civil action pending in the County Court at Law No. 3 of Nueces County, Texas entitled Wyatt & Wyatt, P.C. vs. The Markam Group, Inc., P.S. and Mark D. Kamitomo, Cause No. 98-61621-3.  A true and correct copy of all pleadings, Index of Matters Being Filed, List of All Counsel and State Court Docket Sheet are attached hereto.

2.    This action was filed and commenced on September 22, 1998. Defendants The Markam Group, Inc., P.S. and Mark D. Kamitomo first received notice of the lawsuit when the Markam Group, Inc., P.S. received the citation and Plaintiff's Petition on September 29, 1998, and thereafter filed a Notice of Removal pursuant to 28 U.S.C. §1446(b) within thirty (30) days of receipt of the initial pleading, setting forth the claim for relief.  Plaintiff moved to remand claiming an inadequate amount in controversy.  Said Removal was remanded, however, because the court stated that the Defendant did not meet its burden in proving that the amount in controversy

exceeded $75,000. On May 10, 1999, however, Plaintiff made admissions in response to request for admissions evidencing that the amount in controversy exceeds $75,000.00. Consequently, the case is now properly removable.

3.      The case law is clear that a party may file subsequent removals when there is a new and independent ground to do so. Specifically,

> The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand. . . As a general rule, once the case is remanded to state court, the defendant is precluded only from seeking a second removal *on the same ground*. The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable. S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996). Citing to O'Brien v. Chandler, 496 F.2d 403, 410 (10th Cir.), cert denied 419 U.S. 986, 95 S.Ct. 245. [Thus], the defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition *when subsequent pleadings or events reveal a new and different ground for removal. . ..*

In this regard, the Tenth Circuit in O'Brien *supra* explained that "different grounds more precisely mean a different set of facts that state a new ground for removal". Id. at 493 quoting O'Brien.

4.      Defendant was served with plaintiff's responses to defendant's request for admissions on May 10, 1999. In plaintiff's responses to defendant's request for admissions, plaintiff admitted to new facts which now make the underlying case removable, and thus, Defendants now remove this case pursuant to 28 U.S.C. §1446(b) within thirty days of a new and different ground for removal.

EES\45437\2REMOVAL:rs                          −2−

5.   In its Original Petition, Plaintiff prays for declaratory relief in favor of the plaintiff regarding attorney's fees in an underlying suit in which defendant, Kamitomo and his firm, the Markam Group are the lead counsel, and, Plaintiff Paula Wyatt of Wyatt & Wyatt was to be co-counsel.  The underlying lawsuit (hereinafter sometimes referred to as the "Rodriguez litigation") involved a personal injury claim which went to a jury trial before the honorable Filemon B. Vela in the United States District Court for the Southern District of Texas, Brownsville Division.  The Final Judgment entered by the court totaled approximately $14,621,243.00[1]  A certified copy of the Final Judgment in the Rodriguez litigation is attached hereto as **Exhibit "A"**.  Thereafter, plaintiff admitted in request for admissions in the present suit that it is seeking a declaration of its entitlement to one-half of a 40% contingency fee agreement concerning the representation of the Rodriguez family in the Rodriguez litigation.  More specifically, plaintiff admitted that it is seeking a declaration of its entitlement to a fee in excess of $75,000 if a judgment were entered on the verdict form in the Rodriguez litigation.  See Plaintiff's Responses to Defendant's Request for Admission number 14 and 15 attached hereto as **Exhibit "B"**.  Consequently, as a final judgment has been entered on the verdict form in the underlying lawsuit, plaintiff has admitted that they are seeking a declaration of an entitlement to a fee in excess of $75,000.

---

[1] The exact figure entered was $14,621,243.52.  However, for simplicity sake, the figure was rounded down to the nearest dollar.

EES\45437\2REMOVAL:rs                    -3-

6.     The district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties, and the Defendants are now, and were at the time the action was commenced, diverse in citizenship from Plaintiff. The Defendants are not, nor were they at the time the suit was commenced, citizens of the State of Texas.

7.     Plaintiff is presently domiciled in Nueces County, Texas and was domiciled there at the time the action was commenced. Plaintiff was at that time, and is now, a citizen of the State of Texas. Defendant, The Markam Group, Inc., P.S. is a Washington corporation with its principal place of business located in Spokane, Washington. Defendant Mark D. Kamitomo is presently domiciled in the State of Washington and is a citizen of Canada.

8.     Furthermore, if plaintiff were to receive 20% of the underlying judgment in the Rodriguez litigation (1/2 of 40% of the contingency fee contract), then plaintiff would receive approximately $2,924,248.60 as its attorney's fees which is further evidence that the amount in controversy exceeds $75,000 in this matter. In this regard, the Fifth Circuit has stated that "An action seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. . . . To put it another way, the amount in controversy, in an action for declaratory or injunctive relief is the value of the right to be protected or the extent of the injury to be prevented. Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983). In Leininger, the object of the demand was to nullify an Ohio state court judgment in the amount of $105,000 and to enjoin its enforcement. The Fifth Circuit

in determining whether the amount in controversy requirement had been met for purposes of removal stated that "the value of the right to be protected or the extent of the injury sought to be prevented was the amount of the judgment; [and] that amount was well in excess of the required jurisdictional amount." Id. As a result, the amount in controversy in the case at hand is $2,924,248.60 (20% of the judgment in the Rodriguez litigation) which is well in excess of $75,000.

9.    Because complete diversity of citizenship exist and because the matter in controversy exceeds the sum of the value of $75,000 exclusive of interest and costs, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. §1332(a)(1).

10.    Under 28 U.S.C. §1441(a) removal is proper in this Court as the district and division embracing the place where the state action is pending.

11.    There are no other defendants in this case.

12.    The Defendants, the removing parties, will promptly give Plaintiff notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d). Defendants will promptly file a copy of the Notice of Removal with the Clerk of the County Court at Law No. 3 of Nueces County, Texas where the action is currently pending, also pursuant to 28 U.S.C. §1446(d).

WHEREFORE, PREMISES CONSIDERED, Defendants, THE MARKAM GROUP, INC., P.S. and MARK D. KAMITOMO, request that this action now pending in the County Court at Law No. 3 of Nueces County, Texas, Cause No. 98-61621-3 be removed to this Court for trial and determination.

Respectfully submitted,

Keith N. Uhles
Federal I. D. No. 1936
State Bar of Texas No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar of Texas No. 00794631
Attorneys for Defendants,
**THE MARKAM GROUP, INC., P.S. and
MARK D. KAMITOMO**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas   78523-3509
Telephone:  (956) 542-4377
Telecopier:  (956) 542-4370

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above has been sent via

**CERTIFIED MAIL - RRR** to the following on this _____ day of MAY, 1999.

Mr. Van Huseman
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473

Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

EES\45437\2REMOVAL:rs

*198*



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**United State District Court**
**Southern District of Texas**
**ENTERED**

**APR 0 9 1999**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ and JOSE L. RODRIGUEZ | § § § | |
| VS. | § § | CIVIL ACTION NO. |
| RIDDELL SPORTS, INC., RIDDELL INC., ALL AMERICAN SPORTS CORPORATION d/b/a RIDDELL/ALL AMERICAN | § § § § | B - 96 - 177 |

## FINAL JUDGMENT

On the 5th day of March, 1999, and continuing through the 16th day of March, 1999, came on to be heard the above-entitled and numbered cause. Plaintiffs RAQUEL O. RODRIGUEZ and JOSE L. RODRIGUEZ appeared, and through their attorney of record announced ready for trial. Defendants RIDDELL SPORTS, INC., RIDDELL, INC., ALL AMERICAN SPORTS CORPORATION d/b/a RIDDELL/ALL AMERICAN appeared, and through their attorney of record announced ready for trial.

The Court thereupon submitted the Charge to the jury, including Special Questions. The Charge of the Court and the jury's answers to these Questions are incorporated herein for all purposes by reference. The jury having entered its Verdict in favor of the Plaintiffs, the Court hereby adopts such findings of the jury.

D:\FP\ORDERS\98-106.JUD

**EXHIBIT**
A

**TRUE COPY I CERTIFY**
**ATTEST:**
**MICHAEL N. MILBY, CLERK**
**By**
**Deputy Clerk**

PAGE 1

IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Plaintiffs RAQUEL O. RODRIGUEZ and JOSE L. RODRIGUEZ are entitled to the recovery of, and are awarded pursuant to this Order, Judgment for special and general damages, past and future, as follows:

| | |
|---|---|
| Raquel O. Rodriguez, as Guardian for Jose L. Rodriguez | $9,900,000.00 |
| Raquel O. Rodriguez, Individually | $1,550,000.00 |

It is further ORDERED, ADJUDGED AND DECREED that Plaintiffs RAQUEL O. RODRIGUEZ and JOSE L. RODRIGUEZ are entitled to the recovery of, and are awarded pursuant to this Order, prejudgment interest on said actual damages at the rate of 10% per annum from the day of filing this lawsuit, August 30, 1996, until the day before entry hereof, in the following amounts:

| | |
|---|---|
| Raquel O. Rodriguez, as Guardian for Jose L. Rodriguez | $ 2,741,947.84 |
| Raquel O. Rodriguez, Individually | $ 429,295.68 |

It is further ORDERED, ADJUDGED AND DECREED that the Judgment here rendered shall bear interest at the rate set out in 28 U.S.C. §1961 from the date of entry hereof until paid.

It is further ORDERED that the subrogation claim of intervenor, NATIONAL ACCIDENT INSURANCE UNDERWRITERS, INC., is hereby incorporated into this judgment.

It is further ORDERED that all pending motions are hereby DENIED.

D:\FP\ORDERS\98-106.JUD                                      PAGE 2

All costs of court expended or incurred in this cause are adjudged against Defendants RIDDELL SPORTS, INC., RIDDELL, INC., ALL AMERICAN SPORTS CORPORATION d/b/a RIDDELL/ALL AMERICAN.  All writs and processes for the enforcement and collection of this judgment or the cost of court may issue as necessary and as allowed by law.  All other relief not expressly granted herein is denied.

~~Entered~~ *Signed for entry* on this the ___9th___ day of ~~March~~ *April*, 1999, at Brownsville, Cameron County, Texas.


_____
UNITED STATES DISTRICT JUDGE

# CAUSE NO. 98-61621-3

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | |
| | § | AT LAW NO. 3 |
| THE MARKAM GROUP, | § | |
| INC., P.S. AND MARK | § | |
| D. KAMITOMO | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S RESPONSES TO DEFENDANT, MARK D. KAMITOMO'S FIRST SET OF REQUESTS FOR ADMISSIONS

**TO:** Defendant, Mark D. Kamitomo, by and through his attorneys of record, Mr. Keith N. Uhles and Ewing E. Sikes, III, Royston, Rayzor, Vickery & Williams, LLP, 55 Cove Circle, P. O. Box 3509, Brownsville, Texas 78523-3509

Wyatt & Wyatt, P.C., Plaintiff herein, serves these, their Objections, Answers, and Responses to Defendant, Mark D. Kamitomo's First Set of Requests for Admissions, in accordance with the Texas Rules of Civil Procedure.

Respectfully Submitted

**WHITE, HUSEMAN & PLETCHER**

600 Leopard St., Suite 2100
Corpus Christi, Texas 78473
(361) 698-3100; FAX: (361) 883-0210

By: _Cliff Gordon by permission_

VAN HUSEMAN
State Bar No. 10323500



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was this 10th day of May, 1999, to the following:

**CM/RRR # Z 159 361 721**
Mr. Keith N. Uhles and
Ewing E. Sikes, III
Royston, Rayzor, Vickery & Williams, LLP
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509

Cliff Gordon

2

# RESPONSES TO REQUESTS FOR ADMISSIONS

1. Admit or deny that plaintiff and defendant(s) executed a written contract.

RESPONSE:  Deny.

2. Admit or deny that plaintiff and Raquel O. or Jose Rodriguez executed a written contract.

RESPONSE:  Admit.

3. Admit or deny that there was consideration for the alleged contract between plaintiff and defendant(s).

RESPONSE:  Admit.

4. Admit or deny that there was consideration for the alleged contract between plaintiff and Raquel or Jose Rodriguez.

RESPONSE:  Admit.

5. Admit or deny that plaintiff failed to perform contractual obligations in the contract between plaintiff and defendant(s).

RESPONSE:  Deny.

6. Admit or deny plaintiff's non-performance constituted a breach of the alleged contract between Plaintiff and Defendant.

RESPONSE:  Objection, this requests assumes plaintiff's non-performance, which plaintiff denies. Subject to and without waiving the objection, plaintiff denies any breach of the agreement.

7. Admit or deny that plaintiff breached the alleged contract between plaintiff and Raquel Rodriguez.

RESPONSE:  Deny.

8. Admit or deny that plaintiff agreed to pay one-half of the expenses in prosecution of Jose and Raquel Rodriguez's case.

RESPONSE:  Admit.

9. Admit or deny that plaintiff failed to timely prepare responses to Interrogatories from defendant Rubatex to the Rodriguez.

3

RESPONSE: Admit that plaintiff and defendant failed to timely prepare discovery answers propounded by a defendant who was later voluntarily dismissed; otherwise, deny.

10. Admit or deny that plaintiffs' representation of Raquel O. Rodriguez and Jose L. Rodriguez was terminated for good cause.

RESPONSE: Deny.

11. Admit or deny that your failure to file timely answers to interrogatories in Rachel O. Rodriguez. et al v. Riddell Snorts. Inc. et al resulted in detriment of Jose or Raquel Rodriguez.

RESPONSE: Objection, this requests assumes the failure to file timely answers was solely by plaintiff, which plaintiff denies. Subject to and without waiving the objection, plaintiff denies any detriment resulted to Jose or Raquel Rodriguez.

12. Admit or deny that Wyatt & Wyatt, P.C. did not respond to requests from the defendant to share in the cost of expert fees.

RESPONSE: Deny.

13. Admit or deny that Wyatt & Wyatt, P.C. did not pay one-half of the cost of expert fees prior to the time it was notified its services were being terminated.

RESPONSE: Deny.

14. Admit or deny that you are claiming entitlement to one-half of a 40% contingency fee agreement in the suit styled as Rachel O. Rodriguez. et al v. Riddell Snorts., Inc. et al.

RESPONSE: Admit that plaintiff is seeking a declaration of its entitlement to one-half of a 40% contingent fee agreement in that suit; otherwise, deny.

15. Admit that if judgment is rendered on the verdict-form attached hereto as Exhibit "A" you are claiming a right to a fee in excess of $75,000.00.

RESPONSE: Admit that plaintiff would be seeking a declaration of its entitlement to a fee in excess of $75,000 if judgment were entered on that verdict form; otherwise, deny.

16. Admit that if judgment is rendered on the verdict form attached hereto as Exhibit "A" you are entitled to a fee of $75,000.00.

RESPONSE: Deny.

17. Admit that if judgment is rendered on the verdict form attached hereto as Exhibit "A" you are claiming a fee of less than $75,000.00.

4

RESPONSE: Deny.

18. Admit that if judgment is rendered on the verdict form attached hereto as Exhibit "A" you are not claiming a fee in excess of $75,000.00.

RESPONSE: Admit that plaintiff would be seeking a declaration of its entitlement to a fee in excess of $75,000 if judgment were entered on that verdict form; otherwise, deny.

19. Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is $75,000.00.

RESPONSE: Admit that the amount on controversy is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

20. Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is more than $75,000.00.

RESPONSE: Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

21. Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is less than $75,000.00.

RESPONSE: Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

22. Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendant is not more than $75,000.00.

RESPONSE: Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

23. Admit that the Rodriguez Family agreed to the joint representation by Wyatt & Wyatt, P.C. and The Markam Group.

RESPONSE: Admit.

24. Admit that the Rodriguez Family did not agree to the joint representation by Wyatt & Wyatt, P.C. and The Markam Group.

RESPONSE: Deny.

25. Admit that the Rodriguez Family signed a Contingency Fee Contract in favor of Wyatt & Wyatt, P.C..

RESPONSE:  Admit.

26. Admit that the Rodriguez Family did not sign a Contingency Fee Contract in favor of Wyatt & Wyatt, P.C..

RESPONSE:  Deny.

27. Admit that the Rodriguez Family consented in writing to the division of attorneys' fees and expenses between plaintiff and defendant(s).

RESPONSE:  Admit that the family consented in writing to the division of attorney's fees between plaintiff and defendant; otherwise deny.

28. Admit that the Rodriguez Family did not consent in writing to the division of attorneys' fees and expenses between plaintiff and defendant(s).

RESPONSE:  Admit that the family consented in writing to the division of attorney's fees between plaintiff and defendant; otherwise, deny.

29. Admit that plaintiff and defendant(s) agreed that each would pay one-half of the costs associated with preparing and trying the Cameron County suit on behalf of Raquel and/or Jose Rodriguez.

RESPONSE:  Admit.

30. Admit that plaintiff and defendant(s) did not agree that each would pay one-half of the costs associated with preparing and trying the Cameron County suit on behalf of Raquel and/or Jose Rodriguez.

RESPONSE:  Deny.

31. Admit that plaintiff and defendant(s) agreed that there would be an equal division of any attorney's fees recovered in prosecution of the case on behalf of Raquel and/or Jose Rodriguez.

RESPONSE:  Admit.

32. Admit that plaintiff and defendant(s) did not agree that there would be an equal division of any attorney's fees recovered in prosecution of the case on behalf of Raquel and/or Jose Rodriguez.

RESPONSE:  Deny.

33. Admit that plaintiff has spent substantial time preparing the Rodriguez case for trial.

RESPONSE: Admit.

34. Admit that plaintiff has not spent substantial time preparing the <u>Rodriguez</u> case for trial.

RESPONSE: Deny.

35. Admit that plaintiff has paid a substantial portion of the costs associated with the preparation of the Rodriguez case for trial.

RESPONSE: Admit.

36. Admit that plaintiff has not paid a substantial portion of the costs associated with the preparation of the <u>Rodriguez</u> case for trial.

RESPONSE: Deny.

37. Admit that the amount in controversy in this case does not exceed the sum or value of $75,000.00, exclusive of interest and costs.

RESPONSE: Admit that the amount in controversy in this case is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

38. Admit that the amount in controversy does not exceed the sum or value of $75,000.00, exclusive of interest and costs.

RESPONSE: Admit that the amount in controversy in this case is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

39. Admit that the amount in controversy in this case, exclusive of interest and costs, is zero.

RESPONSE: Admit that the amount in controversy in this case is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

40. Admit that Plaintiff's Original Petition specifically waives any claim by plaintiff for financial recovery against defendant.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

41. Admit that Plaintiff's Original Petition does not specifically waive any claim by plaintiff for financial recovery against defendant.

RESPONSE:  Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

42. Admit that plaintiffs in the <u>Rachel O. Rodriguez. et al v. Riddell Sports. Inc. et al</u> litigation executed a Contingency Fee Contract with Wyatt & Wyatt, P.C.

RESPONSE:  Admit.

43. Admit that plaintiffs in the <u>Raquel 0. Rodriguez. et al v. Riddell Snorts. Inc.. et al</u> litigation did not execute a Contingency Fee Contract with Wyatt & Wyatt, P.C.

RESPONSE:  Deny.

44. Admit that plaintiffs in the <u>Raquel 0. Rodriguez. et al v. Riddell Snorts. Inc.. et al</u> litigation consented to a division of fees between Wyatt & Wyatt, P.C. and The Markam Group.

RESPONSE:  Admit.

45. Admit that plaintiffs in the <u>Raquel 0. Rodriguez. et al v. Riddell Snorts. Inc.. et al</u> litigation did not consent to a division of fees between Wyatt & Wyatt, P.C. and The Markam Group.

RESPONSE:  Deny.

46. Admit that Wyatt & Wyatt, P.C. and The Markam Group agreed among themselves to equally bear the expenses of the <u>Raquel 0. Rodriguez. et al v. Riddell Sports. Inc.. et al</u> litigation and to split any fees in the event of a recovery.

RESPONSE:  Admit.

47. Admit that Wyatt & Wyatt, P.C. and The Markam Group did not agree among themselves to equally bear the expenses of the <u>Rachel 0. Rodriguez. et al v. Riddell Sports. Inc.. et al</u> litigation and to split any fees in the event of a recovery.

RESPONSE:  Deny.

48. Admit that plaintiff specifically disavows any claim for financial relief by this action.

RESPONSE:  Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of plaintiff's pleadings, which is a question of law for the court.

49. Admit that plaintiff does not specifically disavow any claim for financial relief by this action.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

50. Admit that plaintiff specifically disavow any claim for financial relief against the defendants arising out of the facts made the basis of this action.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

51. Admit that plaintiff does not specifically disavow any claim for financial relief against the defendants arising out of the facts made the basis of this action.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

52. Admit that plaintiff has specifically waived any claim for financial recovery against defendants.

RESPONSE: Admit that plaintiffs' current pleading, which is subject to amendment, does not seek financial recovery from defendant; otherwise, denied.

53. Admit that plaintiff has not specifically waived any claim for financial recovery against defendant.

RESPONSE: Admit that plaintiffs' current pleading, which is subject to amendment, does not seek financial recovery from defendant; otherwise, denied.

54. Admit that plaintiff seeks no money damages in this action.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

55. Admit that plaintiff seeks money damages in this action.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

56. Admit that plaintiff will not seek money damages in this action.

RESPONSE:  Objection, this request is beyond the permissible scope of discovery and the permissible scope of a request for admission in seeking admission of future events which may or may not occur.

57. Admit that plaintiff will seek money damages in this action.

RESPONSE:  Objection, this request is beyond the permissible scope of discovery and the permissible scope of a request for admission in seeking admission of future events which may or may not occur.

58. Admit that if judgment is rendered on the jury verdict form attached hereto as Exhibit "A" that plaintiff will seek money damages from defendants in excess of $75,000.00, exclusive of costs and interest.

RESPONSE:  Objection, this request is beyond the permissible scope of discovery and the permissible scope of a request for admission in seeking admission of future events which may or may not occur.

59. Admit that if judgment is rendered on the jury verdict form attached hereto as Exhibit "A" that plaintiff will not seek money damages from defendants in excess of $75,000.00, exclusive of costs and interest.

RESPONSE:  Objection, this request is beyond the permissible scope of discovery and the permissible scope of a request for admission in seeking admission of future events which may or may not occur.

60. Admit that Plaintiff's Original Petition was filed with the knowledge and authority of Plaintiff.

RESPONSE:  Admit.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

### DEFENDANTS' NOTICE TO PLAINTIFF OF REMOVAL

TO:   Wyatt & Wyatt, P.C. by and through its attorney of record:

> Mr. Van Huseman
> WHITE, HUSEMAN & PLETCHER
> 2100 The 600 Building
> Corpus Christi, Texas 78473

Please take notice that the civil action which your client, Wyatt & Wyatt, P.C.

brought on September 22, 1998, in the County Court at Law No. 3 of Nueces

County, Texas and styled *Wyatt & Wyatt, P.C. vs. The Markam Group, Inc., P.S. and

Mark D. Kamitomo*, Cause Number 98-61621-3, has been removed from that Court

to United States District Court for the Southern District of Texas, Corpus Christi

Division, effective today, **May 26, 1999.**  On this day, a Notice of Removal, a copy

of which is attached, was filed with the Clerk of the United States District Court, and

a copy of that Notice of Removal has been filed with the Clerk of the County Court,

effecting removal pursuant to 28 U.S.C. §1446.

Respectfully submitted,

By: _____
Keith N. Uhles
Federal I. D. No. 1936
State Bar of Texas No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar of Texas No. 00794631
Attorneys for Defendants,
**THE MARKAM GROUP, INC., P.S. and**
**Mark D. KAMITOMO**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, TX  78523-3509
Telephone:  (956) 542-4377
Telefax:      (956) 542-4370

EES\45437\2N-ATTY:rs                              −2−

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

## INDEX OF MATTERS BEING FILED

1.  Plaintiff's Original Petition for Declaratory Relief (with cover letter);

2.  Information for Issuance of Service

3.  Citation to Defendant Markam Group, Inc., P.S. (with cover letter);

4.  Citation Return of Defendant Markam Group, Inc., P.S.;

5.  Copy of Court Civil Docket Sheet;

6.  A copy of Plaintiff's First Amended Complaint in the underlying lawsuit styled *Raquel O. Rodriguez, Et Al v. Riddell Sports, Inc.; Riddell, Inc.; All American Sports Corporation DBA Riddell\All American; Chris Hoodman; Rubatex Corporation; And Monarch Rubber Company,* currently pending in the U. S. District Court, Southern District of Texas, Brownsville Division, Civil Action No. B-CV-96-177 on which the present suit is now predicated;

7.  Plaintiff's Responses to Defendant Mark D. Kamitomo's First Set of Request for Admission; and

8.  Final Judgment in Civil Action No. B-96-177; styled Raquel O. Rodriguez and Jose L. Rodriguez vs. Riddell Sports, Inc., All American Sports Corporation d/b/a Riddell/All American (in underlying Rodriguez litigation).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

## LIST OF INTERESTED COUNSEL

### ATTORNEY FOR THE PLAINTIFF

Van Huseman
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
Telephone: (512) 883-3563
Facsimile:    (512) 883-0210

### ATTORNEY FOR DEFENDANTS

Keith N. Uhles
Ewing E. Sikes, III
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78520
Telephone: (956) 542-4377
Facsimile: (956) 542-4370

EES\45437\2COUNSEL:rs

# WHITE, HUSEMAN & PLETCHER
### A Professional Corporation
### ATTORNEYS AT LAW

YANCEY WHITE
VAN HUSEMAN•†
ANTHONY E. PLETCHER
PAUL DODSON†‡

CLIFF GORDON
MICHAEL H. HUMMELL
L. HOWARD MINTZ

600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
Telephone (512) 883-3563 • Fax (512) 883-0210

*Board Certified-Personal Injury Trial Law
†Board Certified-Civil Trial Law
‡Board Certified-Civil Appellate Law
Texas Board of Legal Specialization

September 22, 1998

Mr. Oscar Soliz
Nueces County District Clerk
901 Leopard St.
Corpus Christi, TX 78401

> Re: *Wyatt & Wyatt, P.C.* vs. *The Markam Group, Inc., P.S. and Mark D. Kamitomo*
> County Court at Law, Nueces County, Texas
> Our File No. 110042/5146 - VH

Dear Mr. Soliz:

Enclosed for filing in the above entitled and numbered cause is the following:

**PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY RELIEF**

Also included is our firm check in the amount of $171.50 as payment of the filing fee.

Thank you for your attention to this matter.

Sincerely,

Mark Lott, Paralegal assisting
Mr. Van Huseman

ML/ml: Enclosure

CAUSE NO. 98-61621 - 3

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | IN THE COUNTY COURT |
| | § | |
| V. | § | |
| | § | AT LAW NO. 3 |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND | § | |
| MARK D. KAMITOMO | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY RELIEF

TO THE HONORABLE COUNTY COURT:

Plaintiff WYATT & WYATT, P.C. files its Original Petition for Declaratory Relief against

The Markam Group, Inc., P.S. ("the Markam Group") and Mr. Mark D. Kamitomo.

1.      Wyatt & Wyatt is a professional corporation with its principal office in Nueces

County, Texas.

2.      The Markam Group is a professional corporation licensed to do business in

Washington State and may be served with process by serving its registered agent for service of

process: Mr. Kent Mumma, 1201 N. Ash, Suite 101, Spokane, Washington 99201.

3.      Mr. Kamitomo is an individual residing in Washington State and may be served

with process by serving him at his usual place of business: 421 West Riverside, Suite 100,

Spokane, Washington 99201

4.      Venue is proper in Nueces County, Texas, because a substantial part of the acts or

omissions giving rise to plaintiff's claims occurred here.

1

5.     The Court has jurisdiction over defendants because they entered into an agreement with plaintiff in Texas, and it is that agreement which is the subject of this suit.  The Court has jurisdiction over this case under the Uniform Declaratory Judgments Act.

6.     The Markam Group, a law firm located in Washington State, was retained, on a contingent fee basis, by a client whose son was injured in a football game while he was a student at Los Fresnos High School in Cameron County, Texas.  Defendants subsequently contacted plaintiff in Nueces County with regard to acting as both co-counsel and local counsel for the family in the Cameron County suit.

7.     The family agreed to the joint representation by Wyatt & Wyatt and the Markam Group and signed a contingency fee contract in favor of Wyatt & Wyatt.  The family also consented in writing to the division of attorneys' fees and expenses between plaintiff and defendants.

8.     Plaintiff and defendants agreed that each would pay one-half of the cost associated with preparing and trying the Cameron County suit.  Plaintiff and defendants also agreed that there would be an equal division of any attorney's fees recovered.  Plaintiff has spent substantial time preparing this case for trial and has paid a substantial portion of the costs associated with that preparation.  A dispute has arisen between the parties concerning their rights under the fee and cost agreement.

9.     For these reasons, plaintiff requests that defendants be cited to appear and answer herein and that the Court grant declaratory relief in favor of plaintiff.  Plaintiff seeks only declaratory relief as to the rights of the parties and is not seeking any financial recovery by this action.

2

Respectfully submitted,

WHITE, HUSEMAN & PLETCHER
2100 The 600 Building
Corpus Christi, Texas  78473
(512) 883-3563
Fax (512) 883-0210

By: _____

VAN HUSEMAN
State Bar No. 10323500

3

Case 1:01-cv-00114   Document 1   Filed in TXSD on 05/26/1999   Page 28 of 60

# INFORMATION FOR ISSUANCE OF SERVICE

REQUEST SERVICE TO BE ISSUED IN:

CAUSE NUMBER: _____ 98 - 61621 - 3 _____

INSTRUMENT TO BE SERVED: _____

DATE REQUESTED: _____ 9 _____ 22 _____ 98 _____

                    **MONTH**      **DAY**      **YEAR**

SERVICE BY (CHECK ONE)

CONSTABLE/SHERIFF _____     RETURN TO ATTORNEY BY MAIL _____

CERTIFIED MAIL _____     PICK UP BY ATTORNEY/PROCESS SERVER _____

CITATION BY POSTING AT COURTHOUSE DOOR ( # OF DAYS TO BE POSTED) _____

CITATION BY PUBLICATION (NAME OF PAPER) _____
                      (# OF DAYS TO BE PUBLISHED) _____

SERVICE TO BE ISSUED ON:     (PLEASE PRINT INFORMATION)

1.   NAME: _____
     ADDRESS: _____
     AGENT (IF APPLICABLE): _____

2.   NAME: _____
     ADDRESS: _____
     AGENT (IF APPLICABLE): _____

SERVICE REQUESTED BY:

NAME: _____

ADDRESS: _____

PHONE NUMBER: _____

*FOR EACH PARTY SERVED YOU MUST FURNISH 1 COPY OF THE PLEADING(S) WITH THE EXCEPTION OF SEC. OF STATE, COM. OF INSUR., TX. DEPT. OF TRANS., AND THE HAGUE CONVENTION.

N O T E S:

_____

X _____
       SIGNATURE OF AGENT REQUESTING SERVICE

X _____
          PHONE NUMBER

# WHITE, HUSEMAN & PLETCHER
### A Professional Corporation
### ATTORNEYS AT LAW

YANCEY WHITE
VAN HUSEMAN•†
ANTHONY E. PLETCHER
PAUL DODSON†‡

CLIFF GORDON
MICHAEL H. HUMMELL
L. HOWARD MINTZ

600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
Telephone (512) 883-3563 • Fax (512) 883-0210'

*Board Certified-Personal Injury Trial Law
†Board Certified-Civil Trial Law
‡Board Certified-Civil Appellate Law
Texas Board of Legal Specialization

October 7, 1998

Mr. Oscar Soliz
Nueces County District Clerk
901 Leopard St.
Corpus Christi, Texas 78401

Re: *Wyatt & Wyatt, P.C. v. The Markham Group, Inc., P.S and Mark D. Kamitomo*;
In the County Court At law No. 3, Nueces County, Texas; Cause No. 98-61621; Our File
No. 980001-5146

Dear Mr. Soliz:

Enclosed for filing in the above styled cause please find an original and one copy of the
original Citation, which was served on Defendant The Markham Group, Inc., P.S.   Please file
the original with the court and return the copy with your file-stamp on it with our runner.

Your assistance is appreciated, and should you have question, please advise.

Very truly yours,

L. Howard Mintz

LHM/sh

Enclosure

ORIG

CITATION

**CAUSE NO. 97-6191-B**

STATE OF TEXAS

## Cause No. 98-61621

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | IN THE COUNTY COURT |
| | § | |
| V. | § | |
| | § | AT   LAW   NO.   3 |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND | § | |
| MARK D. KAMITOMO | § | NUECES COUNTY, TEXAS |

TO:   Markam Group, is a professional corporation licensed to do business in Washington State, with its principle place of business in Spokane, Washington. Defendant, Markam Group, may be served with process by serving its registered agent for service of process: Mr. Kent Mumma, 1201 N. Ash, Suite 101, Spokane, Washington 99201.

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY RELIEF which was filed on the 22nd day of September, 1998, in the County Court at Law No. 3, Nueces County, Corpus Christi, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at Office, this the 28th day of September, 1998.   OSCAR SOLIZ, DISTRICT CLERK

By: _Diana_ _Alio Rap_

REQUSTED BY: VAN HUSEMAN and L. HOWARD MINTZ, WHITE, HUSEMAN & PLETCHER, 600 LEOPARD, SUITE 2100, CORPUS CHRISTI, TEXAS 78473, (512) 883-3563

————————————— R E T U R N —————————————

Came to hand on the _29th_ day of _September_, 1998 at _9 'oo_ o'clock _A.M._ and executed at _Spokane_, within the County of _Spokane_ on the _29th_ day of _Sept_, 1998 at _11:50_ o'clock _a_.m., by delivering to the within named _Kent Mumma, Reg Agent_ each in person, a true copy of this citation together with the accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _30 00_

Sworn to and subscribed before me this the _29th_ day of _Sept_, 1998
_M ___ R Allen_
NOTARY PUBLIC, THE STATE OF
TEXAS W A

| | |
|---|---|
| SHERIFF/CONSTABLE/AUTHORIZED PERSON | |
| BY: _Ronald S. Allen_ | |
| _Ronald S. Allen_ | |
| PRINTED NAME OF SERVOR | |
| _Spokane_ County, ~~Texas~~ W A | |

Service Copy

Service Fee Not Paid

# CIVIL DOCKET

## CASE NO.

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | | | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Mo. | Day | Year |

98 -61621-00-0-3   09/22/98   10

PLNT   WYATT & WYATT, P.C.
ATTY   HUSEMAN, VAN
DEFT   MARKAM GROUP, INC., P.S., ET A

| | ORDERS OF COURT | | MINUTE BOOK | | PROCESS |
|---|---|---|---|---|---|
| | | | Vol. | Page | |

Jury Fee.
Paid by
Jury No.

FEE BOOK

Vol. _____ Page _____

; OF ORDERS

Month | Day | Year

Was Stenographer Used?

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 1 1997

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ, ET AL. | § | |
| | § | |
| VS. | § | Civil Action |
| | § | No. B-CV-96-177 |
| | § | |
| RIDDELL SPORTS, INC.; RIDDELL, INC.; | § | (JURY) |
| ALL AMERICAN SPORTS CORPORATION | § | |
| DBA RIDDELL/ALL AMERICAN; | § | |
| CHRIS HOODMAN; RUBATEX | § | |
| CORPORATION; AND MONARCH | § | |
| RUBBER COMPANY | § | |

RECEIVED

AUG 2 8 1997

THE MARKAM GROUP, INC., P.S
ATTORNEYS AT LAW

## PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COME Raquel O. Rodriguez and Jose L. Rodriguez, Plaintiffs in the above-entitled and numbered cause, and file this their First Amended Original Complaint, complaining of Riddell Sports, Inc., Riddell, Inc., All American Sports Corporation d/b/a Riddell/All American, Chris Hoodman, Rubatex Corporation, and Monarch Rubber Company, referred to by name or as Defendants, and for cause of action would show the Court as follows:

    1.    Plaintiffs are residents of Cameron County, Texas.

    2.    Defendant Riddell Sports, Inc. is a foreign corporation which is, and/or was, at all times pertinent hereto engaged in business within the State of Texas, but maintaining no registered agent for service of process in this state. Plaintiff would assert and allege that the cause or causes of action herein arose from or are connected with purposeful acts committed by this Defendant within the State of Texas as more fully described below. Riddell Sports, Inc. has answered and appeared before this Court. Service may be effectuated upon this Defendant by serving its attorney of record.

3.     Defendant Riddell, Inc. is a foreign corporation which is, and/or was, at all times pertinent hereto engaged in business within the State of Texas, but maintaining no registered agent for service of process in this state. Plaintiff would assert and allege that the cause or causes of action herein arose from or are connected with purposeful acts committed by this Defendant within the State of Texas as more fully described below. Riddell, Inc. has answered and appeared before this Court. Service may be effectuated upon this Defendant by serving its attorney of record.

4.     Defendant All American Sports Corporation d/b/a Riddell/All American has answered and appeared before this Court. Service may be effectuated upon this Defendant by serving its attorney of record.

5.     Defendant Chris Hoodman is an individual residing in Bexar County, Texas has answered and appeared before this Court. Service may be effectuated upon this Defendant by serving its attorney of record.

6.     Defendant Rubatex Corporation is a foreign corporation which is, and/or was, at all times pertinent hereto engaged in business within the State of Texas, but maintaining no registered agent for service of process in this state. Plaintiff would assert and allege that the cause or causes of action herein arose from or are connected with purposeful acts committed by this Defendant within the State of Texas as more fully described below. Therefore, Defendant Rubatex Corporation may be served with process by serving the Secretary of State of Texas with duplicate copies of the citation and complaint attached and with instruction that the Secretary of State forward the duplicate copy of such process to Rubatex Corporation c/o its registered agent, Mr. Edward R. Parker, 5511 Staples Mill Road, Richmond, Virginia 23228, by certified mail, return receipt requested.

7.     Defendant Monarch Rubber Company is a foreign corporation which is, and/or was, at all times pertinent hereto engaged in business within the State of

Texas, but maintaining no registered agent for service of process in this state. Plaintiff would assert and allege that the cause or causes of action herein arose from or are connected with purposeful acts committed by this Defendant within the State of Texas as more fully described below. Therefore, Defendant Monarch Rubber Company may be served with process by serving the Secretary of State of Texas with duplicate copies of the citation and complaint attached and with instruction that the Secretary of State forward the duplicate copy of such process to Monarch Rubber Company c/o its registered agent, Mr. Robert A. Schwaber, 3500 Pulaski Highway, Baltimore, Maryland 21224, by certified mail, return receipt requested.

8.     Venue is proper in Cameron County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002, because all or a substantial part of the events or omissions giving rise to the claim occurred in Cameron County, Texas.

CAUSE OF ACTION

9.     On or about August 24, 1995, Plaintiff Jose L. Rodriguez was playing football at Leo Aguilar Memorial Stadium in San Benito, Cameron County, Texas when he suddenly he collapsed after being struck during the football game. Plaintiff Jose L. Rodriguez subsequently developed an acute subdural hematoma with severe brain edema. Plaintiffs further assert and allege that at all times relevant hereto, Plaintiff Jose L. Rodriguez was wearing a football helmet, designed, manufactured, marketed, distributed, sold and/or placed into the stream of commerce by Defendants.

STRICT LIABILITY

10.     The helmet was defective and unreasonably dangerous by reason of defective design in that it failed to provide adequate protection to the user, which defective and unreasonably dangerous condition exposed Plaintiff Jose L. Rodriguez to an unreasonable risk of harm, and was the ultimate cause of the injuries and damages sustained by the Plaintiffs. Since the Defendants are in the business of

J. Rodriguez/Pleading/P1P
August 21, 1997
Page 3

designing, manufacturing, selling and/or marketing helmets of the type in question, throughout the United States, as well as the State of Texas, the Defendants are liable to the Plaintiffs for their damages under the theory of strict liability.

11.   At the time the subject helmet was sold and/or marketed and/or placed into the stream of commerce by the Defendants, it was defective and unreasonably dangerous as that term is defined in law to persons who could reasonably be expected to use same, which defective and unreasonably dangerous condition was a producing cause of the injuries sustained by Plaintiff Jose L. Rodriguez, and the subsequent damages suffered by the Plaintiffs. More specifically, the Riddell helmet was defective in design by virtue of its failure to provide protection to the head of Plaintiff Jose L. Rodriguez during the football game. Said helmet, was also defective by reason of Defendants' failure to include or carry with it adequate and proper warnings and instructions as to dangers associated with the use of the product and how to avoid such dangers, which defect rendered the product unreasonably dangerous, which was a producing cause of the injuries of Plaintiff Jose L. Rodriguez, and the resulting injuries suffered by the other Plaintiffs.

12.   In that the Riddell helmet was unreasonably dangerous to the Plaintiffs and to the public generally, Plaintiffs invoke the doctrine of Strict Liability, Section 402(a), Restatement (Second) of Torts and as adopted by the Supreme Court of Texas. Further, in this connection, Plaintiffs allege that the defect or defects in the design, manufacture and/or marketing of the Riddell helmet were the producing cause or causes of the incident in question, resulting in the injuries to Plaintiff Jose L. Rodriguez and the damages sustained by the other Plaintiffs.

<u>NEGLIGENCE</u>

13.   The Defendants were negligent in the design, manufacture and marketing of the product in question. Defendants knew, or in the exercise of ordinary care should have known, that the helmet was defective and unreasonably

dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. Defendants were negligent in the particulars set forth in this and the preceding paragraphs and such negligence was a proximate cause of the occurrence in question.

14.    Defendants were additionally negligent in that they failed to give adequate or proper warnings or instructions, and failed to recall the product or make appropriate post-marketing efforts to prevent incidents such as the one included herein.

15.    Defendants owed Plaintiffs the duty of reasonable care in designing, manufacturing, and marketing the product in question.  Said Defendants violated their duty and were negligent, said negligence including those acts of omission or commission previously described.  Said Defendants' negligent acts, collectively and/or severally, were the proximate cause of the incident in question and the damages sustained by the Plaintiffs.

## BREACH OF WARRANTY

16.    Defendants, by and through the marketing and sale of the product in question, expressly and impliedly warranted to the public generally, and to the Plaintiffs specifically, that the product in question was fit for the purposes for which they were intended. Plaintiffs made use of the product as alleged herein, and relied on the express and implied warranties or representations.. Contrary thereto, the product was not fit for their intended use, and the product did not conform to the express or implied warranties or representations made, rendering the products in question unreasonably dangerous. Defendants breached the express and implied warranties because of the product's failure and defective components as alleged above, and because of improper marketing involving Defendants' representations and/or failure to warn of the product's inadequacies or defects and failure to instruct in the safe operation of the product. Defendants' breach of warranties and the above-

mentioned defects rendered the product unreasonably dangerous and a proximate cause and a producing cause of the occurrence in question and the resulting injuries and damages suffered by Plaintiffs. Further, Defendants' conduct was done knowingly.

## MISREPRESENTATION

17.   Defendants are also strictly liable to Plaintiffs under Section 402(b) of the Restatement (Second) of Torts, because they misrepresented to the public that the products were safe and without defect, which statement and representation was false and involved a material fact concerning the character or quality of the products in question, and upon which representation the Plaintiffs, as consumers, constructively relied, and which constituted a producing cause of the occurrence in question.

## DECEPTIVE TRADE PRACTICE

18.   The  Defendants are further liable for violation of Section 17.46 and Section 17.50(a)(1),(2) and other sections of the Texas Deceptive Trade Practices Act (DTPA), TEX. BUS. & COM. CODE ANN., which violations were a producing cause of the occurrence in question and include:

A.   Representations that the products or event in question, and their component parts, possessed qualities, characteristics, uses and benefits which they did not possess;

B.   Representations that the products or event in question, and their component parts, were merchantable when, in fact, they were not fit for the ordinary purposes for which such products were to be used; and

C.   Representations that the products or event in question and/or their component parts were safe, reliable, and not defective, when, in fact, they were not safe, reliable and were defective.

19.   Further, Defendants' conduct was done knowingly. Defendants have been provided notice of their breach of warranty, of their violation of the Deceptive Trade Practices Act and Plaintiff's damages pursuant to Section 17.50(a) et seq., TEX.

CutePDF - www.texto.com

BUS. & COM. CODE ANN. Under the Deceptive Trade Practices Act, Defendants, as a result of their knowing breach of express and implied warranties, are liable for the actual damages suffered by Plaintiffs, plus additional amounts awarded by the trier of fact and pursuant to Section 17.50(b)(2) of the Deceptive Trade Practices Act; as well as court costs and reasonable attorneys fees.

## GROSS NEGLIGENCE

20.     Plaintiffs further assert and allege that at the time and place in question that Defendants were guilty of acts of omission and/or commission, which collectively and/or severally constituted gross negligence. Defendants acted with conscious indifference to the rights, safety, and welfare of Plaintiffs, and the conduct of Defendants created an extreme degree of risk to Plaintiffs of which Defendants were aware and which acts and/or omissions, collectively and/or severally, constituted gross negligence and which were a proximate cause and/or a producing cause of the incident made the basis of this suit, and of the personal injuries and damages to Plaintiffs, and for which they herein now sue.

DAMAGES

21.     As a consequence of the incident made the basis of this suit, Jose L. Rodriguez suffered severe and debilitating injuries, pain and mental anguish, loss of earning capacity, disability, impairment, services, damages to familial relationships and incurred reasonable and necessary medical expenses for the care and relief of his injuries.   Plaintiffs now sue to recover for said injuries and damages incurred in the past and which Jose L. Rodriguez will suffer in the future. Plaintiffs are entitled to recover the reasonable and necessary total expenses, which have been incurred as a result of the injuries sustained by Jose L. Rodriguez.

22.     For a long time to come, if not for the rest of his life, Jose L. Rodriguez will continue to suffer physical impairment, disability, pain and suffering, and mental anguish and will continue to incur (a loss of earning capacity and) health

care costs. Plaintiffs now sue for all of these damages in an amount which exceeds the minimum jurisdictional limits of this Court.

23.     Plaintiff Raquel O. Rodriguez also sustained severe mental anguish as a result of witnessing the injuries to their son Jose L. Rodriguez.

24.     Plaintiffs are entitled to recover all pre-judgment and post-judgment interest as allowed by law.

25.     All conditions precedent have been performed or have occurred to support the Plaintiffs' pleadings.

26.     Plaintiffs respectfully request a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein and that on final trial, Plaintiffs have:

A.     Judgment against Defendants, both jointly and/or severally, in an amount in excess of the minimum jurisdictional limit of this Court;

B.     Exemplary damages;

C.     Pre-judgment and post-judgment interest as allowed by law;

D.     Costs of suit; and

E.     Such other and further relief to which Plaintiffs may be justly entitled.

SUBMITTED this _____ day of August, 1977.

Mark Kamitomo
Attorney-in-Charge
State Bar No: 18803
The Markam Group, Inc., P.S.
421 West Riverside , Suite 1060
Spokane, Washington  99201
Telephone No. (509) 747-0902
Facsimile No. (509) 747-1993

Paula A. Wyatt
Associated Counsel
State Bar No. 10541400
Federal I.D. No. 5928
WYATT & WYATT, P.C.
4825 Everhart
Corpus Christi, Texas 78411
Telephone No. (512) 857-2727
Facsimile No.  (512) 857-8783

## CERTIFICATE OF CONSULTATION

I hereby certify that on August 21, 1997, I attempted to confer with Mr. Robert Summers, counsel for Defendants  Riddell Sports, Inc., Riddell, Inc., All American Sports Corporation d/b/a Riddell/All American, Chris Hoodman regarding this amended complaint but was unable to discuss this matter with Mr. Summers.

_____
Paula A. Wyatt

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of the above and foregoing has been forwarded to all counsel as listed below by the method of service indicated on this the 21 day of August, 1997.

_____
Paula A. Wyatt

Via Certified Mail,
Return Receipt Requested to:

Mr. Dale Kasofsky
Thornton, Summers, Biechlin, Dunham & Brown, L.C.
Rio Grande Valley Office
Suite 500 - One Park Place
100 East Savannh Ave.
McAllen, Texas  78503-1244

_____

J. Rodriguez/Pleading/P1P
August 21, 1997
Page 9

Mr. Robert Summers
Thornton, Summers, Biechlin,
    Dunham & Brown
916 S. Capital of Texas Highway
Suite C-100
Austin, Texas 78746-5256

# United States District Court

———————— DISTRICT OF ————————

aquel O. Rodriguez

nd Jose L. Rodriguez

## SUMMONS IN A CIVIL CASE

V.

iddell Sports, Inc.,

iddell, Inc., All American Sports

orporation d/b/a Riddell/All American;

hris Hoodman; Monarch Rubber Company;

.nd Rubatex Corporation

CASE NUMBER: B-96-177

JURY

TO: (Name and address of defendant)

{onarch Rubber Company

·/o its registered agent

.obert A. Schwaber

,500 Pulaski Hwy

3altimore, MD 21224

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

{ar· Kamitomo

ittorney-in-Charge

3tate Bar No. 18803

Che Markam Group, Inc., P.S.

+21 West Riverside, Suite 1060

3pokane, Washington 99201

Celephone No. (509) 747-0902  Facsimile:  (509) 747-1993

an answer to the complaint which is herewith served upon you, within _____20_____ days afte
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be take
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within
reasonable period of time after service.

Michael N. Milby, Clerk

CLERK

8-21-97

DATE

(BY) DEPUTY CLERK

# United States District Court

————————————— DISTRICT OF —————————————

Raquel O. Rodriguez
and Jose L. Rodriguez

## SUMMONS IN A CIVIL CASE

V.

Riddell Sports, Inc.,
Riddell, Inc., All American Sports
Corporation d/b/a Riddell/All American;
Chris Hoodman; Monarch Rubber company;
and Rubatex Corporation

CASE NUMBER: B-96-177
JURY

TO: (Name and address of defendant)

Rubatex Corporation
c/o its registered agent
Mr. Edward R. Parker
5511 Staples Mill Road
Richmond, Virginia 23228

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Mark Kamitomo
Attorney-in-Charge
State Bar No. 18803
The Markam Group, Inc., P.S.
421 West Riverside, Suite 1060
Spokane, Washington 99201
Telephone No. (509) 747-0902
Facsimile No. (509) 747-1993

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days afte
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

Michael N Milby, Clerk                                    8-21-97

_____        _____
CLERK                                                  DATE

_____
(BY) DEPUTY CLERK

# CAUSE NO. 98-61621-3

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | |
| | § | AT LAW NO. 3 |
| THE MARKAM GROUP, | § | |
| INC., P.S. AND MARK | § | |
| D. KAMITOMO | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S RESPONSES TO DEFENDANT, MARK D. KAMITOMO'S FIRST SET OF REQUESTS FOR ADMISSIONS

**TO:** Defendant, Mark D. Kamitomo, by and through his attorneys of record, Mr. Keith N. Uhles and Ewing E. Sikes, III, Royston, Rayzor, Vickery & Williams, LLP, 55 Cove Circle, P. O. Box 3509, Brownsville, Texas 78523-3509

Wyatt & Wyatt, P.C., Plaintiff herein, serves these, their Objections, Answers, and Responses to Defendant, Mark D. Kamitomo's First Set of Requests for Admissions, in accordance with the Texas Rules of Civil Procedure.

Respectfully Submitted

**WHITE, HUSEMAN & PLETCHER**

600 Leopard St., Suite 2100
Corpus Christi, Texas 78473
(361) 698-3100; FAX: (361) 883-0210

By: _Cliff Gordon by permission_.
VAN HUSEMAN
State Bar No. 10323500

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was this 10th day of May, 1999, to the following:

**CM/RRR # Z 159 361 721**
Mr. Keith N. Uhles and
Ewing E. Sikes, III
Royston, Rayzor, Vickery & Williams, LLP
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509

## RESPONSES TO REQUESTS FOR ADMISSIONS

1. Admit or deny that plaintiff and defendant(s) executed a written contract.

RESPONSE:  Deny.

2. Admit or deny that plaintiff and Raquel O. or Jose Rodriguez executed a written contract.

RESPONSE:  Admit.

3. Admit or deny that there was consideration for the alleged contract between plaintiff and defendant(s).

RESPONSE:  Admit.

4. Admit or deny that there was consideration for the alleged contract between plaintiff and Raquel or Jose Rodriguez.

RESPONSE:  Admit.

5. Admit or deny that plaintiff failed to perform contractual obligations in the contract between plaintiff and defendant(s).

RESPONSE:  Deny.

6. Admit or deny plaintiff's non-performance constituted a breach of the alleged contract between Plaintiff and Defendant.

RESPONSE:  Objection, this requests assumes plaintiff's non-performance, which plaintiff denies. Subject to and without waiving the objection, plaintiff denies any breach of the agreement.

7. Admit or deny that plaintiff breached the alleged contract between plaintiff and Raquel Rodriguez.

RESPONSE:  Deny.

8. Admit or deny that plaintiff agreed to pay one-half of the expenses in prosecution of Jose and Raquel Rodriguez's case.

RESPONSE:  Admit.

9. Admit or deny that plaintiff failed to timely prepare responses to Interrogatories from defendant Rubatex to the Rodriguez.

CVisPDF - www.fesiso.com

RESPONSE: Admit that plaintiff and defendant failed to timely prepare discovery answers propounded by a defendant who was later voluntarily dismissed; otherwise, deny.

10. Admit or deny that plaintiffs' representation of Raquel O. Rodriguez and Jose L. Rodriguez was terminated for good cause.

RESPONSE: Deny.

11. Admit or deny that your failure to file timely answers to interrogatories in Rachel O. Rodriguez. et al v. Riddell Snorts. Inc. et al resulted in detriment of Jose or Raquel Rodriguez.

RESPONSE: Objection, this requests assumes the failure to file timely answers was solely by plaintiff, which plaintiff denies. Subject to and without waiving the objection, plaintiff denies any detriment resulted to Jose or Raquel Rodriguez.

12. Admit or deny that Wyatt & Wyatt, P.C. did not respond to requests from the defendant to share in the cost of expert fees.

RESPONSE: Deny.

13. Admit or deny that Wyatt & Wyatt, P.C. did not pay one-half of the cost of expert fees prior to the time it was notified its services were being terminated.

RESPONSE: Deny.

14. Admit or deny that you are claiming entitlement to one-half of a 40% contingency fee agreement in the suit styled as Rachel O. Rodriguez. et al v. Riddell Snorts., Inc. et al.

RESPONSE: Admit that plaintiff is seeking a declaration of its entitlement to one-half of a 40% contingent fee agreement in that suit; otherwise, deny.

15. Admit that if judgment is rendered on the verdict-form attached hereto as Exhibit "A" you are claiming a right to a fee in excess of $75,000.00.

RESPONSE: Admit that plaintiff would be seeking a declaration of its entitlement to a fee in excess of $75,000 if judgment were entered on that verdict form; otherwise, deny.

16. Admit that if judgment is rendered on the verdict form attached hereto as Exhibit "A" you are entitled to a fee of $75,000.00.

RESPONSE: Deny.

17. Admit that if judgment is rendered on the verdict form attached hereto as Exhibit "A" you are claiming a fee of less than $75,000.00.

4

RESPONSE: Deny.

18. Admit that if judgment is rendered on the verdict form attached hereto as Exhibit "A" you are not claiming a fee in excess of $75,000.00.

RESPONSE: Admit that plaintiff would be seeking a declaration of its entitlement to a fee in excess of $75,000 if judgment were entered on that verdict form; otherwise, deny.

19. Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is $75,000.00.

RESPONSE: Admit that the amount on controvery is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

20. Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is more than $75,000.00.

RESPONSE: Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

21. Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is less than $75,000.00.

RESPONSE: Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

22. Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendant is not more than $75,000.00.

RESPONSE: Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

23. Admit that the Rodriguez Family agreed to the joint representation by Wyatt & Wyatt, P.C. and The Markam Group.

RESPONSE: Admit.

24. Admit that the Rodriguez Family did not agree to the joint representation by Wyatt & Wyatt, P.C. and The Markam Group.

RESPONSE: Deny.

25. Admit that the Rodriguez Family signed a Contingency Fee Contract in favor of Wyatt & Wyatt, P.C..

RESPONSE: Admit.

26. Admit that the Rodriguez Family did not sign a Contingency Fee Contract in favor of Wyatt & Wyatt, P.C..

RESPONSE: Deny.

27. Admit that the Rodriguez Family consented in writing to the division of attorneys' fees and expenses between plaintiff and defendant(s).

RESPONSE: Admit that the family consented in writing to the division of attorney's fees between plaintiff and defendant; otherwise deny.

28. Admit that the Rodriguez Family did not consent in writing to the division of attorneys' fees and expenses between plaintiff and defendant(s).

RESPONSE: Admit that the family consented in writing to the division of attorney's fees between plaintiff and defendant; otherwise, deny.

29. Admit that plaintiff and defendant(s) agreed that each would pay one-half of the costs associated with preparing and trying the Cameron County suit on behalf of Raquel and/or Jose Rodriguez.

RESPONSE: Admit.

30. Admit that plaintiff and defendant(s) did not agree that each would pay one-half of the costs associated with preparing and trying the Cameron County suit on behalf of Raquel and/or Jose Rodriguez.

RESPONSE: Deny.

31. Admit that plaintiff and defendant(s) agreed that there would be an equal division of any attorney's fees recovered in prosecution of the case on behalf of Raquel and/or Jose Rodriguez.

RESPONSE: Admit.

32. Admit that plaintiff and defendant(s) did not agree that there would be an equal division of any attorney's fees recovered in prosecution of the case on behalf of Raquel and/or Jose Rodriguez.

RESPONSE: Deny.

33. Admit that plaintiff has spent substantial time preparing the Rodriguez case for trial.

RESPONSE: Admit.

34. Admit that plaintiff has not spent substantial time preparing the <u>Rodriguez</u> case for trial.

RESPONSE: Deny.

35. Admit that plaintiff has paid a substantial portion of the costs associated with the preparation of the Rodriguez case for trial.

RESPONSE: Admit.

36. Admit that plaintiff has not paid a substantial portion of the costs associated with the preparation of the <u>Rodriguez</u> case for trial.

RESPONSE: Deny.

37. Admit that the amount in controversy in this case does not exceed the sum or value of $75,000.00, exclusive of interest and costs.

RESPONSE: Admit that the amount in controversy in this case is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

38. Admit that the amount in controversy does not exceed the sum or value of $75,000.00, exclusive of interest and costs.

RESPONSE: Admit that the amount in controversy in this case is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

39. Admit that the amount in controversy in this case, exclusive of interest and costs, is zero.

RESPONSE: Admit that the amount in controversy in this case is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

40. Admit that Plaintiff's Original Petition specifically waives any claim by plaintiff for financial recovery against defendant.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

41. Admit that Plaintiff's Original Petition does not specifically waive any claim by plaintiff for financial recovery against defendant.

CEMPDF - www.lwsle.com

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

42. Admit that plaintiffs in the <u>Rachel O. Rodriguez. et al v. Riddell Sports. Inc. et al</u> litigation executed a Contingency Fee Contract with Wyatt & Wyatt, P.C.

RESPONSE: Admit.

43. Admit that plaintiffs in the <u>Raquel O. Rodriguez. et al v. Riddell Snorts. Inc.. et al</u> litigation did not execute a Contingency Fee Contract with Wyatt & Wyatt, P.C.

RESPONSE: Deny.

44. Admit that plaintiffs in the <u>Raquel O. Rodriguez. et al v. Riddell Snorts. Inc.. et al</u> litigation consented to a division of fees between Wyatt & Wyatt, P.C. and The Markam Group.

RESPONSE: Admit.

45. Admit that plaintiffs in the <u>Raquel O. Rodriguez. et al v. Riddell Snorts. Inc.. et al</u> litigation did not consent to a division of fees between Wyatt & Wyatt, P.C. and The Markam Group.

RESPONSE: Deny.

46. Admit that Wyatt & Wyatt, P.C. and The Markam Group agreed among themselves to equally bear the expenses of the <u>Raquel O. Rodriguez. et al v. Riddell Sports. Inc.. et al</u> litigation and to split any fees in the event of a recovery.

RESPONSE: Admit.

47. Admit that Wyatt & Wyatt, P.C. and The Markam Group did not agree among themselves to equally bear the expenses of the <u>Rachel O. Rodriguez. et al v. Riddell Sports. Inc.. et al</u> litigation and to split any fees in the event of a recovery.

RESPONSE: Deny.

48. Admit that plaintiff specifically disavows any claim for financial relief by this action.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of plaintiff's pleadings, which is a question of law for the court.

49. Admit that plaintiff does not specifically disavow any claim for financial relief by this action.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

50. Admit that plaintiff specifically disavow any claim for financial relief against the defendants arising out of the facts made the basis of this action.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

51. Admit that plaintiff does not specifically disavow any claim for financial relief against the defendants arising out of the facts made the basis of this action.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

52. Admit that plaintiff has specifically waived any claim for financial recovery against defendants.

RESPONSE: Admit that plaintiffs' current pleading, which is subject to amendment, does not seek financial recovery from defendant; otherwise, denied.

53. Admit that plaintiff has not specifically waived any claim for financial recovery against defendant.

RESPONSE: Admit that plaintiffs' current pleading, which is subject to amendment, does not seek financial recovery from defendant; otherwise, denied.

54. Admit that plaintiff seeks no money damages in this action.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

55. Admit that plaintiff seeks money damages in this action.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

56. Admit that plaintiff will not seek money damages in this action.

9

RESPONSE: Objection, this request is beyond the permissible scope of discovery and the permissible scope of a request for admission in seeking admission of future events which may or may not occur.

57. Admit that plaintiff will seek money damages in this action.

RESPONSE: Objection, this request is beyond the permissible scope of discovery and the permissible scope of a request for admission in seeking admission of future events which may or may not occur.

58. Admit that if judgment is rendered on the jury verdict form attached hereto as Exhibit "A" that plaintiff will seek money damages from defendants in excess of $75,000.00, exclusive of costs and interest.

RESPONSE: Objection, this request is beyond the permissible scope of discovery and the permissible scope of a request for admission in seeking admission of future events which may or may not occur.

59. Admit that if judgment is rendered on the jury verdict form attached hereto as Exhibit "A" that plaintiff will not seek money damages from defendants in excess of $75,000.00, exclusive of costs and interest.

RESPONSE: Objection, this request is beyond the permissible scope of discovery and the permissible scope of a request for admission in seeking admission of future events which may or may not occur.

60. Admit that Plaintiff's Original Petition was filed with the knowledge and authority of Plaintiff.

RESPONSE: Admit.

*198*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 0 9 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ and<br>JOSE L. RODRIGUEZ | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. |
| RIDDELL SPORTS, INC., RIDDELL<br>INC., ALL AMERICAN SPORTS<br>CORPORATION d/b/a RIDDELL/ALL<br>AMERICAN | §<br>§<br>§<br>§ | B - 96 - 177 |

## FINAL JUDGMENT

On the 5th day of March, 1999, and continuing through the 16th day of March, 1999, came on to be heard the above-entitled and numbered cause. Plaintiffs RAQUEL O. RODRIGUEZ and JOSE L. RODRIGUEZ appeared, and through their attorney of record announced ready for trial. Defendants RIDDELL SPORTS, INC., RIDDELL, INC., ALL AMERICAN SPORTS CORPORATION d/b/a RIDDELL/ALL AMERICAN appeared, and through their attorney of record announced ready for trial.

The Court thereupon submitted the Charge to the jury, including Special Questions. The Charge of the Court and the jury's answers to these Questions are incorporated herein for all purposes by reference. The jury having entered its Verdict in favor of the Plaintiffs, the Court hereby adopts such findings of the jury.

D:\FP\ORDERS\98-106.JUD

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____
Deputy Clerk

PAGE 1

IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Plaintiffs RAQUEL O. RODRIGUEZ and JOSE L. RODRIGUEZ are entitled to the recovery of, and are awarded pursuant to this Order, Judgment for special and general damages, past and future, as follows:

| | |
|---|---|
| Raquel O. Rodriguez,<br>as Guardian for Jose L. Rodriguez | $9,900,000.00 |
| Raquel O. Rodriguez, Individually | $1,550,000.00 |

It is further ORDERED, ADJUDGED AND DECREED that Plaintiffs RAQUEL O. RODRIGUEZ and JOSE L. RODRIGUEZ are entitled to the recovery of, and are awarded pursuant to this Order, prejudgment interest on said actual damages at the rate of 10% per annum from the day of filing this lawsuit, August 30, 1996, until the day before entry hereof, in the following amounts:

| | |
|---|---|
| Raquel O. Rodriguez,<br>as Guardian for Jose L. Rodriguez | $ 2,741,947,84 |
| Raquel O. Rodriguez, Individually | $ 429,295.68 |

It is further ORDERED, ADJUDGED AND DECREED that the Judgment here rendered shall bear interest at the rate set out in 28 U.S.C. §1961 from the date of entry hereof until paid.

It is further ORDERED that the subrogation claim of intervenor, NATIONAL ACCIDENT INSURANCE UNDERWRITERS, INC., is hereby incorporated into this judgment.

It is further ORDERED that all pending motions are hereby DENIED.

D:\FP\ORDERS\98-106.JUD                                                          PAGE 2

All costs of court expended or incurred in this cause are adjudged against Defendants RIDDELL SPORTS, INC., RIDDELL, INC., ALL AMERICAN SPORTS CORPORATION d/b/a RIDDELL/ALL AMERICAN.  All writs and processes for the enforcement and collection of this judgment or the cost of court may issue as necessary and as allowed by law.  All other relief not expressly granted herein is denied.

Signed for entry  ~~Entered~~ on this the _____9_____ day of April ~~March~~, 1999, at Brownsville, Cameron County, Texas.

UNITED STATES DISTRICT JUDGE

D:\FP\ORDERS\98-106.JUD                                    PAGE 3

WYATT & WYATT, P.C.

THE MARKAM GROUP, INC., P.S. and MARK D. KAMITOMO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Nueces**
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U S PLAINTIFF CASES ONLY)
NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Van Huseman
**WHITE, HUSEMAN & PLETCHER**
600 Leopard St., Suite 2100
Corpus Christi, TX 78473
(512) 883-3563

ATTORNEYS (IF KNOWN)
Keith N. Uhles & Ewing E. Sikes, III
**ROYSTON, RAYZOR, VICKERY, WILLIAMS**
55 Cove Circle
Brownsville, TX 78521
(956) 542-4377

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 USC Section 1332 (a)(1)

CR
Wed May 26 15:39:09 1999

Check No.
Amount$ 150.00
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4679
Wed May 26 16:04:48 1999

UNITED STATES DISTRICT COURT

HOUSTON       , TX

Receipt No. 2 221228
Cashier  marybg

Check Number:

DB Code    Div No
4679        2

Sub Acct Type Tender    Amount
1:086900  N    2        60.00
2:510000  N    2        90.00

Total Amount    $   150.00

ROYSTON, RAYZOR

2:99CV199

(USE BOX ONLY)

| PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|
| | ☐ 610 Agriculture | | ☐ 400 State Reapportionment |
| ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 422 Appeal 28 USC 158 | ☐ 410 Antitrust |
| ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates |
| ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced |
| **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | Corrupt Organizations |
| ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | |
| | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 550 Other | | | ☐ 890 Other Statutory Actions |

(PLACE AN x IN ONE BOX ONLY)

☐ Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

☐ CLASS ACTION    DEMAND $   Check YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

JUDGE _____    DOCKET NUMBER _____

5-26-99  SIGNATURE OF ATTORNEY OF RECORD _____

UNITED STATES DISTRICT COURT

# ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

### ATTORNEYS AT LAW

55 COVE CIRCLE • P.O. BOX 3509 • BROWNSVILLE, TEXAS 78523-3509
TELEPHONE 956-542-4377 • CABLEGRAM "HOUPORT"
TELEX NO. 6869017 • FACSIMILE NO. 956-542-4370
INTERNET 6986056@MCIMAIL.COM

HOUSTON OFFICE
  HOUSTON, TEXAS 77002-2913
  TELEPHONE 713-224-8380
  FACSIMILE NO. 713-225-9945

GALVESTON OFFICE
  GALVESTON, TEXAS 77550
  TELEPHONE 409-763-1623
  FACSIMILE NO. 409-763-3853

CORPUS CHRISTI OFFICE
  CORPUS CHRISTI, TEXAS 78476
  TELEPHONE 512-884-8808
  FACSIMILE NO. 512-884-7261

SAN ANTONIO OFFICE
  ROYSTON, RAYZOR, VICKERY,
  NOVAK & DRUCE, L.L.P.
  SAN ANTONIO, TX 78205
  TELEPHONE 210-228-0655
  FACSIMILE NO. 210-228-0839

LUBBOCK OFFICE - By Appointment Only
  ROYSTON, RAYZOR, VICKERY,
  NOVAK & DRUCE, L.L.P.
  LUBBOCK, TX 79401
  TELEPHONE 806-763-9252
  FACSIMILE NO. 806-763-9254

E. D. VICKERY
BEN L. REYNOLDS
KENNETH D. KUYKENDALL
TED C. LITTON
ROBERT S. DE LANGE
WILLIAM M. JENSEN
W. ROBINS BRICE
JAMES PATRICK COONEY
BRADLEY A. JACKSON
JAMES R. WATKINS
RALPH F. MEYER
ROBERT H. ETNYRE, JR.
JAMES G. BLAIN
JOHN M. ELSLEY

DAVID R. WALKER
JOHN F. UNGER
MARK COHEN
WILLIAM R. TOWNS
KEITH N. UHLES
MARILYN T. HEBINCK
WILLIAM W. PIERSON
TIMOTHY D. MCMURTRIE
JACK PARTRIDGE
C. SCOTT KINZEL
MARCUS R. TUCKER
GREGORY V. NOVAK
TRACY W. DRUCE
JAMES H. HUNTER, JR.

CHRISTOPHER LOWRANCE
CHESTER J. MAKOWSKI
RICHARD L. GORMAN
MYRA K. MORRIS
MARY A. WILSON
WILLIAM P. GLENN, JR.
JEFFREY J. PUTNAM
DOUGLAS C. ELLIOTT
JAVIER GONZÁLEZ
SEAN C. HENKEL
EWING E. SIKES, III
GERMÁN LARA
ROBERT E. KINNEY
CHRISTIAN B. MILLER

CARRIE A. PEDERSEN
ABEL HERRERO
SCOTT R. BREITENWISCHER

OF COUNSEL
EDWARD J. PATTERSON, JR.
GUS A. SCHILL, JR.
DECATUR J. HOLCOMBE

May 26, 1999

**VIA HAND DELIVERY**

Monica Seaman, Deputy-In-Charge
U. S. District Court - Southern District of Texas
Corpus Christi Division
101 U.S. Courthouse
521 Starr Street
Corpus Christi, Texas 78401

> RE: REMOVAL of Cause No. 98-61621-3
> *Wyatt & Wyatt, P.C. vs. The Markam Group, Inc.,*
> *P.S., and Mark D. Kamitomo*
> pending in County Court At Law No. 3 of
> Nueces County, Texas
> Our File No. 45,437

Dear Ms. Seaman:

We enclose herewith an original and two copies of the following:

\*  1.   **Civil Cover Sheet;**

\*  2.   **Defendants' Notice of Removal;**

Monica Seaman                    -2-                      May 26, 1999


\*       3.    **Defendants' Notice to Plaintiff of Removal;**

\*       4.    **List of Interested Counsel;**

\*       5.    **Index of Matters Being Filed; and**

\*       6.    **Our firm check in the amount of $150.00 for your filing fee.**

We request that you note the date of filing on the extra copies provided for that purpose and return them to the person presenting same.

Thank you for your professional courtesy and cooperation.

Very truly yours,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____
          Keith N. Uhles
          Ewing E. Sikes, III

KNU\EES\rs
\*Enclosures

cc:   Mr. Van Huseman
      WHITE, HUSEMAN & PLETCHER
      600 Leopard Street, Suite 2100
      Corpus Christi, Texas 78473
      \*(w/Enclosures)
      <u>CERTIFIED MAIL -- RRR</u>

RUN DATE 0l/25/1999
RUN TIME  3:28 PM

```
 *   *   *   C L E R K ' S   E N T R I E S   *   *   *
```



WYATT & WYATT, P.C.

VS

MARKAM GROUP, INC., P.S., ET AL


```
        * * * DOCKET ENTRIES * * *

        * * * DOCUMENTS FILED * * *
09/22/1998 ORIGINAL PETITION FILED
09/22/1998 CITATION NPDC (PU): MARK D. KAMITOMO
09/22/1998    SERVED:
09/22/1998 CITATION NPDC (PU): MARKAM GROUP
09/22/1998    SERVED: 09/29/98    FILED: 10/08/98
10/19/1998 NOTC O REMOVAL T FEDERAL CT/GG
12/18/1998 CC COPY OF ORDER O REMAND
01/27/1999 MTN NOTC O REMAND/GG
01/28/1999 DFT REQ F DISCLOSURE PURSUANT T T.R.C.P 194/GG
```