United States District Court
Southern District of Texas
FILED

MAY 26 1999

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

C-99-199

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

### DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants THE MARKAM GROUP, INC., P.S. and MARK D. KAMITOMO, and make this their response to Plaintiff's Original Petition and would show more fully as follows:

1. Plaintiff's petition fails to state a claim upon which relief can be granted, and thus should be dismissed pursuant to Rule 12(b)6 of the Federal Rules of Civil Procedure.

### AFFIRMATIVE DEFENSE

2.1 Pursuant to principles of equity, defendants would show that plaintiff does not have "clean hands", and thus is not entitled to declaratory relief.

2.2 As an additional affirmative defense, defendants assert that plaintiff engaged in a preemptive and substantial breach of the contract if any between the plaintiff and defendant.

2.3 As an additional affirmative defense, defendants assert that plaintiff engaged in tortious interference of the contract between defendant and the Rodriguez family concerning the representation of the Rodriguez family in the underlying lawsuit.

2.4 Pleading in the alternative and as an additional affirmative defense, defendants assert that plaintiff was terminated for good cause.

45437:864353.1:052699

## ADMISSIONS AND DENIALS

3. No answer is necessary to paragraphs 1, 2 and 3 of Plaintiff's Original Petition for Declaratory Relief.

4. Defendants deny all of the allegation in paragraph number 4 of Plaintiff's Original Petition for Declaratory Relief.

5. With respect to the allegations in paragraph number 5 of Plaintiff's Original Petition for Declaratory Relief, defendants deny that the agreement was entered into in Texas. Defendants have insufficient information to specifically answer whether or not the Uniform Declaratory Judgment Act applies, and thus, defendants deny that allegation as well. Defendants deny the remaining allegations in paragraph number 5 of Plaintiff's Original Petition for Declaratory Relief.

6. With respect to paragraph number 6 of Plaintiff's Original Petition for Declaratory Relief, defendants admit that Mark Kamitomo was retained on a contingency fee basis by the Rodriguez family and that plaintiff was subsequently contacted with regards to acting as local counsel for the Cameron County suit. All other allegations in paragraph number 6 are denied.

7. With respect to paragraph number 7 of Plaintiff's Original Petition for Declaratory Relief, defendants can neither admit nor deny that Raquel Rodriguez signed a contingency fee contract in favor of Wyatt & Wyatt. In addition, defendants admit that Raquel Rodriguez agreed to the participation of Wyatt & Wyatt in the underlying action. All other allegations in paragraph number 7 are denied.

8. With respect to paragraph number 8 of Plaintiff's Original Petition for Declaratory Relief, defendants admit that plaintiff and defendant agreed in part that each would pay one-half of the cost associated with preparing and trying the Cameron County suit and that there would be an equal division of attorney's fees recovered. However, defendants deny that plaintiff spent substantial

time preparing this case for trial and that plaintiff has paid a substantial portion of the costs associated with that preparation. Defendants admit that a dispute has arisen between the parties concerning their rights with respect to fees and costs incurred. All other allegations in paragraph number 8 are denied.

9. No answer is necessary to the allegations in paragraph number 9 of Plaintiff's Original Petition for Declaratory Relief. However, to the extent an answer is necessary, all allegations in paragraph number 9 are denied.

10. All other allegations in Plaintiff's Original Petition for Declaratory Relief not heretofore admitted or denied are hereby denied.

WHEREFORE, PREMISES CONSIDERED, Defendants THE MARKAM GROUP, INC., P.S. and MARK D. KAMITOMO, pray that plaintiff's suit be dismissed at plaintiff's costs, and for such other and further relief to which defendants may be entitled at law and equity.

Respectfully submitted,

_Ewing E. Sikes III By Permission_

Keith N. Uhles
Federal I. D. No. 1936
State Bar of Texas No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar of Texas No. 00794631
Attorneys for Defendants,
**THE MARKAM GROUP, INC., P.S. and
MARK D. KAMITOMO**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Post Office Box 3509
Brownsville, Texas 78523-3509
Telephone: (956) 542-4377
Telecopier: (956) 542-4370

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above has been sent via **CERTIFIED MAIL - RRR** to the following on this _26th_ day of MAY, 1999.

Mr. Van Huseman
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473

_Eddie S. Sikes III by permission ES_
Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.