UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § § | |
| VS. | § § | C.A. NO. C-99-199 |
| THE MARKAM GROUP, INC., P.S., and MARK KAMITOMO | § § § | |

## PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Wyatt & Wyatt files its motion to remand.

1. **Summary of the motion.** The Markam Group and Mark Kamitomo (collectively "Kamitomo") have re-removed this declaratory judgment case on the basis of alleged diversity jurisdiction. This re-removal is an attempt to make an end-run around the Local Rules and the prior rulings of both this court and Judge Filemon Vela. This court, in previously remanding the claims against Kamitomo, expressly ruled that Kamitomo had failed to comply with the Local Rules about the deadline for proving the amount in controversy in response to a motion to remand. Judge Vela then dismissed the declaratory judgment case Kamitomo subsequently tried to bring against Wyatt & Wyatt in Brownsville federal court concerning the same claims this court had remanded to state court. The court should remand this case, again, to the Nueces County Court at Law Number Three.

2. **Introduction.** As the court may recall from the first unsuccessful removal of this case, it involves a dispute over of Kamitomo's liability to Wyatt & Wyatt for a portion of the attorney's fees Kamitomo might recover in a personal injury case. In that personal injury case,

filed in Brownsville federal district court ("the Rodriguez case"), Wyatt & Wyatt agreed to serve as co-counsel, and Kamitomo agreed to split the attorney's fees recovered in that case with Wyatt & Wyatt. A dispute subsequently arose between Wyatt & Wyatt and Kamitomo.

2. **Procedural history.** On September 22, 1998, Wyatt & Wyatt filed its original petition for declaratory relief in Texas state court. *See Plaintiff's Original Petition for Declaratory Relief.* On October 19, 1998, Kamitomo removed the case to this court, C.A. No. C-98-458. The Notice of Removal alleged the severity of the underlying case—"medical bills alone totaled near $1 million"—meant the amount in controversy between Wyatt & Wyatt and Kamitomo exceeded $75,000. *See Defendants' Notice of Removal to Federal Court* (Tab A). On December 10, 1998, this court remanded the case to state court because Kamitomo failed to present any proof of the amount in controversy. *Order of Remand* (Tab B). On January 11, 1999, the court denied Kamitomo's motion to reconsider the remand because his proof of the amount in controversy was untimely under the Local Rules: "The Court sees no reason why it should abandon enforcement of the Local Rules under these circumstances." *See Order Denying Motion to Reconsider* (Tab C).

On March 22, 1999, Kamitomo filed an intervention for declaratory relief against Wyatt & Wyatt in the Rodriguez case. *See Complaint in Intervention* (Tab D). On May 20, 1999, Judge Filemon B. Vela dismissed Kamitomo's complaint because "this Court is of the opinion that the dispute between Intervention Plaintiff Markam and Intervention Defendant is properly before County Court at Law Number Three of Nueces County, Texas. *See Order* (Tab E).

Subsequently, on May 26, 1999, Kamitomo re-removed the case to this court. The second notice of removal contends that Wyatt & Wyatt's May 10, 1999, discovery answers

restarted the 30-day deadline for removal under 28 U.S.C. § 1446(b). *See Defendants' Notice of Removal.*

3. **Legal standards.** Under 29 U.S.C. § 1446(b), a defendant has 30 days from receiving plaintiff's initial pleading to file a notice of removal. If the case initially stated is not removable, the defendant may remove within 30 days of receiving a document "from which it may be *first* ascertained that the case is one which is or has become removable." *Id.* (emphasis added). It is this provision that Kamitomo has based his latest removal upon.

4. **Section 1446(b) provides Kamitomo no basis for re-removing this case.**

    4a. **Kamitomo waived the right to remove.** Under Local Rule 6.E, a respondent has 20 days to respond to a motion, and failure to respond is taken as a representation of no opposition. Thus, a defendant who wishes to object to a request for remand must do so within 20 days. Otherwise, the defendant has effectively waived its right to maintain the case in federal court.

In this case, as discussed above, Kamitomo, after his first removal to this court, failed to timely respond to Wyatt & Wyatt's motion to remand and waived any right to maintain the case in federal court. This also resulted in Kamitomo's failing to timely prove the amount in controversy. The court properly remanded for lack of jurisdiction and lack of compliance with the Local Rules.

Nothing in § 1446(b) allows removal by a defendant who has waived the right to a federal forum by failing to adhere to the Local Rules concerning when he must prove the amount in controversy. Kamitomo's authority, *S.W.S. Erectors, Inc. v. Infax, Inc.* (allowing re-removal after a remand due to improper venue), does not suggest otherwise. It simply makes no sense to use § 1446(b) as a vehicle to skirt the Local Rules, especially where, as

3

here, the court has already denied Kamitomo a reprieve from his failure to comply with them. To paraphrase this court's prior order, Wyatt & Wyatt sees no reason why the court should abandon enforcement of the Local Rules under these circumstances.

4b.     **If removable, the claims against Kamitomo were removable more than 30 days prior to re-removal.** By its clear terms, § 1446(b) allows re-removal only when the case is not initially removable, a subsequent event makes it removable, and a notice of removal is filed within 30 days of the first removable-allowing event. However, if the claims against Kamitomo are removable, they would have been removable when filed in September 1998.

The untimely response to Wyatt & Wyatt's motion to remand contains Kamitomo's sworn testimony that the Rodriguez case would result in a $10 million judgment. *See* Tab F. His current notice of removal shows a $14 million judgment signed April 9, 1999. This shows Kamitomo could ascertain the amount in controversy in this case when Wyatt & Wyatt sued him; or at least by December 1998 when he swore to the amount in controversy; or at least by April 9, 1999, when the $14 million judgment was signed in the Rodriguez case. Accordingly, Kamitomo's May 26, 1999, notice of removal is untimely.

4c.     **The amount in controversy is still speculative.** Kamitomo's answer admits he agreed to an equal division of the attorney's fees *recovered* in the Rodriguez case with Wyatt & Wyatt. Although Kamitomo's notice of removal contains a copy of a signed judgment, it contains no evidence concerning what amount has been recovered. It is Wyatt & Wyatt's understanding that the defendants in the Rodriguez case have appealed and that any recovery in that case is still uncertain.

Thus, no recovery has been had, and the amount in controversy in this case is zero. That is what Wyatt & Wyatt's discovery responses, the ones Kamitomo has based his re-

4

removal upon, indicated when asked about the amount in controversy between Wyatt & Wyatt and Kamitomo.

5. **Prayer.** For these reasons, Wyatt & Wyatt requests that the court grant this motion, again remand this case to the Nueces County Court at Law Number Three, and grant Wyatt & Wyatt all other proper relief.

Respectfully submitted,

_____
VAN HUSEMAN
Admission No. 1167
State Bar No. 10323500
Attorney-in-Charge for Wyatt & Wyatt
White, Huseman & Pletcher
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
(361) 883-3563    FAX (361) 883-0210

## VERIFICATION

Before the undersigned notary personally appeared Cliff Gordon who, upon being duly sworn, deposed and said under oath that he has read the foregoing motion to remand and that the exhibits attached to the motion are exact duplicates of the originals.

_____
CLIFF GORDON

Subscribed and sworn to before me this 25th day of June, 1999.

_____
TEXAS NOTARY PUBLIC

PAM DEBOLT
Notary Public
STATE OF TEXAS
My Comm Exp May 19, 2002

5

## CERTIFICATE OF CONSULTATION

Counsel for Wyatt & Wyatt has conferred with counsel for Kamitomo concerning the relief requested in this motion, and Kamitomo is opposed to it.

_____
VAN HUSEMAN

## CERTIFICATE OF SERVICE

A true copy of the foregoing document was this 25th [~~24th~~] day of June, 1999, mailed via United States first-class mail, to the following:

Mr. Keith N. Uhles
ROYSTON, RAYZOR, VICKERY & WILLIAMS
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509

_____
VAN HUSEMAN

OCT 20 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

### NOTICE OF REMOVAL TO FEDERAL COURT

TO:  Wyatt & Wyatt, P.C. by and through its attorney of record:

Mr. Van Huseman
WHITE, HUSEMAN & PLETCHER
2100 The 600 Building
Corpus Christi, Texas 78473

Please take notice that the civil action which your client, Wyatt & Wyatt, P.C. brought on September 22, 1998, in the County Court at Law No. 3 of Nueces County, Texas and styled *Wyatt & Wyatt, P.C. vs. The Markam Group, Inc., P.S. and Mark D. Kamitomo*, Cause Number 98-61621-3, has been removed from that Court to United States District Court for the Southern District of Texas, Corpus Christi Division, effective today, **October 19, 1998**. On this day, a Notice of Removal, a copy of which is attached, was filed with the Clerk of the United States District Court, and a copy of that Notice of Removal has been filed with the Clerk of the County Court, effecting removal pursuant to 28 U.S.C. §1446.

EES\45437\N2ATTY\rs                                              -1-



-2-

Respectfully submitted,

By: _____
    Keith N. Uhles
    Federal I. D. No. 1936
    State Bar of Texas No. 20371100
    Ewing E. Sikes, III
    Federal I.D. No. 19534
    State Bar of Texas No. 00794631
    ATTORNEYS-IN-CHARGE

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, TX  78523-3509
Telephone:  (512) 542-4377
Telefax:    (512) 542-4370

EES\45437\N2ATTY\rs

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 14 1998

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | #4 |
| | § | |
| V. | § | C.A. NO. C-98-458 |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

## ORDER OF REMAND

The plaintiff filed this suit for declaratory judgment in the County Court at Law Number Three of Nueces County, Texas. The defendants removed the suit to this Court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. The plaintiff has filed a motion to remand the suit to state court, arguing that the amount in controversy does not meet the jurisdictional requirement of Section 1332(a). The defendants have not responded to the motion to remand. For the following reasons, the plaintiff's motion to remand is GRANTED.

This suit arises out of a fee dispute between two law firms. The plaintiff's state-court petition seeks a declaration of the parties' rights under an agreement to represent a plaintiff jointly in an ongoing lawsuit in the Brownsville Division of the Southern District of Texas. The defendant removed the declaratory judgment action to this Court, alleging that the amount in controversy was sufficient merely because the amount in controversy in the underlying case approached $1 million.

Because this is an action for declaratory relief and the plaintiff seeks no money damages, the amount in controversy is the reasonable value to the parties of the interest at stake in the declaratory judgment. The removing defendant bears the burden to show that the amount in controversy is sufficient. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) ("[t]he defendant must produce evidence that the amount in



controversy exceeds" $75,000) The defendant has not met this burden. The amount in controversy in this action is not the amount sought by the plaintiff in the underlying case, but rather the reasonable value of the parties' interest under their fee agreement. The valuation of this interest requires evidence of the amount sought in the underlying case, the likelihood of recovery, the terms of the fee agreement between the parties in this case, and the terms of the fee agreement between the law firms and the plaintiff in the underlying case. The defendants have adduced no evidence bearing on any of these issues, and in fact, have not responded to the plaintiff's motion to remand. There is a total absence of evidence in the record that would allow the Court to make a reasoned assessment of the amount in controversy in this action, and the Court declines to presume the amount in controversy from nondispositive allegations in the pleadings.

Because a sufficient amount in controversy is not apparent on the face of the plaintiff's state-court petition or the defendants' notice of removal, the Court finds that this case was removed improvidently and without jurisdiction. The case is remanded to the County Court at Law Number Three of Nueces County, Texas. 28 U.S.C § 1447(c)

ORDERED this 10 day of Dec, 1998.

H. W. HEAD, JR.
UNITED STATES DISTRICT JUDGE

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED
JAN 1 3 1999
Michael N. Milby
Clerk of Court

| | |
|---|---|
| WYATT & WYATT, P.C. § | |
| § | |
| V. § | C.A. NO. C-98-458 |
| § | |
| THE MARKAM GROUP, INC., P.S. § | |
| AND MARK D. KAMITOMO § | |

### ORDER DENYING MOTION TO RECONSIDER

The defendants' motion to reconsider the Court's order of remand is DENIED. The defendants object that the Court did not consider their response to the plaintiff's motion to remand in its order of remand. The Court did not consider the defendants' response because it was not timely filed, and had not been presented to the Court by the Clerk when the Court ruled on the plaintiff's motion to remand. The defendants' response was due December 7, 1998 and was not filed in this Court until December 8, 1998 See Local Rule 6(d)-(e)(1).

The defendants have neither requested an extension of the time in which to file their response, nor shown cause for their failure to file their response within the time required by the Local Rules. The Court sees no reason why it should abandon enforcement of the Local Rules under these circumstances.

ORDERED this _11_ day of _January_, 1999

H. W. HEAD, JR
UNITED STATES DISTRICT JUDGE

110042-5146
JAN 14 1999

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
RECEIVED

MAR 22 1999

Michael N. Milby, Clerk of Court

| | |
|---|---|
| RAQUEL O. RODRIGUEZ, ET AL | § |
| | § |
| VS. | § |
| | § |
| RIDDELL SPORTS, INC.; | § |
| RIDDELL, INC.; | § |
| ALL AMERICAN SPORTS | § |
| CORPORATION DBA RIDDELL/ | § |
| ALL AMERICAN; | § |
| CHRIS HOODMAN; RUBATEX | § |
| CORPORATION; AND MONARCH | § |
| RUBBER COMPANY | § |

CIVIL ACTION NO. B-CV-96-177

### COMPLAINT IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

Now into Court, through undersigned counsel, comes and appears Intervenors, MARK A. KAMITOMO (hereinafter sometimes referred to as "Kamitomo") and the Markam Group, Inc., P.S. (hereinafter referred to as "Markam") and sets forth a cause of action against Wyatt & Wyatt, P.C. (hereinafter sometimes referred to as "Cross-Plaintiff"), Plaintiff, Raquel O. Rodriguez individually and Plaintiff, Jose Rodriguez, by and through his guardian ad litem and next friend, to protect Kamatomo's contractual entitlement to attorney's fees during his representation of the Plaintiffs in connection with the prosecution of this claim and pursuant to 28 U.S.C. §2201, et. seq. and for cause of action would show more fully as follows:

I.

### PARTIES

1.1 Intervenor, Mark A. Kamitomo is an individual who represents Plaintiffs in this cause and is a resident of the State of Washington.

45437\COMPLAINT\KNU:ng\ss



PAGE 1

11042 5111

1.2 Intervenor, The Markam Group, Inc. is a professional corporation which is a resident of the State of Washington.

1.3 Plaintiffs, Raquel O. Rodriguez and Jose Rodriguez have appeared herein through their attorney of record and the interests of Jose Rodriguez are being protected by the guardian ad litem. Raquel O. Rodriguez and Jose Rodriguez are residents of the Southern District of Texas.

1.4 Wyatt & Wyatt, P.C. is a professional corporation with its principal office at 4825 Everhart, Corpus Christi, Texas 78411 and may be served by serving Paula Wyatt.

## II.

### JURISDICTION

The Court has jurisdiction over the claims in this Complaint in Intervention pursuant to its diversity jurisdiction, 28 U.S.C. §1332 since Kamitomo and Markam are residents of the State of Washington and Plaintiffs, Raquel O. Rodriguez and Jose Rodriguez and cross-Plaintiff, Wyatt & Wyatt are residents of the State of Texas. In the alternative, this Court has jurisdiction pursuant to 28 U.S.C. §1367 as part of its supplemental jurisdiction.

## III.

Intervenor, Kamitomo was engaged by Plaintiff, Raquel O. Rodriguez, individually and as next friend of Jose Rodriguez to advise, counsel and represent Plaintiffs to recover their right for damages. Under the conditions of this contingency fee agreement, Kamitomo is to receive forty percent (40%) of any recovery either by way of settlement or verdict. Subsequently, Kamitomo entered into an arrangement with Wyatt & Wyatt, with the consent of

Plaintiffs for Wyatt & Wyatt to serve as local counsel in this case. Markam had not been formed at that time and was not a party to the agreement. Wyatt & Wyatt did not live up to many of its agreements and arrangements to serve as local counsel. As one of many examples, Wyatt & Wyatt failed to timely respond to discovery served by then Defendant, Rubatex Corporation and thereby waived objections to the discovery requests, to the detriment of Plaintiffs. As a result, Kamitomo and Plaintiffs terminated Wyatt & Wyatt's relationship as attorneys for Plaintiffs for good cause. Subsequently, attorney Arnold Aguilar was retained by Kamitomo, with the consent of Plaintiffs, to act as local counsel in this matter. Some of the expenses incurred in prosecution of this matter were incurred by Markam. This case proceeded to trial with Kamitomo acting as lead attorney and a substantial jury verdict has been rendered in favor of Plaintiffs.

IV.

Plaintiff, Jose Rodriguez is mentally incompetent and, consequently, the Court has appointed a guardian ad litem pursuant to the Federal Rules of Civil Procedure. As part of the Court's inherent duty to protect the interests of minors and incompetence as well as pursuant to the Court's authority and duty pursuant to Texas law sitting in diversity, the Court must review and approve the attorney's fees and expenses claimed by Plaintiffs' attorneys in this case.

V.

Wyatt & Wyatt has filed a declaratory judgment action in the County Court at Law No. 3 of Nueces County, Texas in which it

claims that the Plaintiffs agreed to the joint representation by Wyatt & Wyatt and Kamitomo and Markam of the Plaintiffs and that Plaintiffs signed a contingency fee contract in favor of Wyatt & Wyatt. Wyatt & Wyatt further contends that the Plaintiffs also consented in writing to the division of attorney's fees and expenses between Wyatt & Wyatt and Kamitomo and Markam. Additionally, Wyatt & Wyatt contend that Wyatt & Wyatt and Kamitomo and Markam agreed that each would pay one-half of the costs associated with preparing and trying this suit. Further, Kamitomo and Markam and Wyatt & Wyatt also agreed that there would be an equal division of any attorney's fees recovered. In said suit, Wyatt & Wyatt request declaratory relief as to the rights of Kamitomo, Markam and Wyatt & Wyatt.

Kamitomo does not contest the rights of Wyatt & Wyatt to recover a small fee to compensate Wyatt & Wyatt in quantum meruit out of the recovery in this case nor to obtain reimbursement for expenses reasonably incurred in prosecution of this case. Kamitomo, however, contests Wyatt & Wyatt's claim of entitlement to share equally in attorney's fees recovered in this case, contest Wyatt & Wyatt's claim of right to recovery in contract, and specifically contests the validity of the contingency fee contract between Wyatt & Wyatt and Plaintiffs. Markam contests any claim of relationship with Wyatt & Wyatt.

VI.

As a result, an actual controversy within the jurisdiction of this Court exists. Pursuant to 28 U.S.C. §2201, et. seq., Intervenor requests that this Court declare the rights and other

legal relations of Kamitomo, Markam, Wyatt & Wyatt, and Plaintiffs in regard to attorney's fees and expenses in prosecution of this case.

## VII.

Pursuant to Rule 57 of the Federal Rules of Civil Procedure, Kamitomo requests that the Court order a speedy hearing of this action for declaratory judgment and that this matter be advanced on the calendar of the Court.

WHEREFORE, PREMISES CONSIDERED, Intervenor Kamitomo and Markam prays that Wyatt & Wyatt be cited to appear herein, and that as part of the judgment in this case the Court enter an order approving the attorney's fees to be paid to Plaintiffs' counsel in this case, that the Court adjudge the entitlement to attorney's fees between Kamitomo, Markam, Wyatt & Wyatt, and the Plaintiffs, and for such other and further relief, both general and special, at law and in equity, to which Intervenors may show themselves justly entitled.

Respectfully submitted,

Keith N. Uhles
State Bar of Texas No. 2037110
Federal ID No. 1936
Ewing E. Sikes, III
State Bar of Texas No. 00794631
Attorney for Intervenor,
MARK A. KAMITOMO
AND THE MARKAM GROUP, INC., P.S.

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, TX 78523-3509
Tel: (956) 542-4377
Fax: (956) 542-4370

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above of the foregoing document has been forwarded, via the designated method to all counsel of record on this 22nd day of March, 1999, as follows:

Dino Esparza
ADOBBATI & ESPARZA
134 E. Price Road
Brownsville, Texas 78521

*VIA HAND DELIVERY*

Mark Kamitomo
THE MARKAM GROUP, INC., P.S.
421 West Riverside, Suite 1060
Spokane, Washington 99201

*VIA FAX (509) 747-1993*

Rex Blackburn
EVANS, KEANE
1101 W. River St., Suite 200
P. O. Box 959
Boise, ID 83701-0959

*VIA FAX (208) 345-3514*

Robert Guerra
THORNTON, SUMMERS, BIECHLIN,
 DUNHAM & BROWN, L.C.
Suite 500 - One Park Place
100 E. Savannah Avenue
McAllen, Texas 78503-1244

*VIA U.S. MAIL-POSTAGE PREPAID*

Robert Summers
THORNTON, SUMMERS, BIECHLIN,
 DUNHAM & BROWN, L.C.
916 S. Capital of Texas Highway,
Suite C-100
Austin, Texas 78746-5256

*VIA FAX (512) 327-4694*

Arnold J. Aguilar
LAW OFFICE OF ARNOLD J. AGUILAR
1200 Central Boulevard
Brownsville, Texas 78520

*VIA HAND DELIVERY*

Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

45437\COMPLAINT\KNU:hg\ns

PAGE 6

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 20 1999

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RAQUEL O. RODRIGUEZ and § | |
| JOSE L. RODRIGUEZ § | |
| § | |
| vs. § | CIVIL CASE NO. B-96-177 |
| § | |
| RIDDELL SPORTS, INC., RIDDELL § | |
| INC., ALL AMERICAN SPORTS § | |
| CORPORATION d/b/a/ RIDDELL/ALL § | |
| AMERICAN § | |

United States District Court
Southern District of Texas
ENTERED

MAY 21 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

## ORDER

Before the Court is Intervention Defendant, Wyatt & Wyatt, P.C. ("Wyatt") Rule 12 (B) Motion to Dismiss. This Court acknowledges the dispute between Wyatt and The Markam Group, Inc. and Mark Kamitomo ("Markam"). However, after reviewing the Order of Remand signed on December 10, 1998 by the Honorable H.W. Head, this Court is of the opinion that the dispute between Intervention Plaintiff Markam and Intervention Defendant Wyatt is properly before County Court at Law Number Three of Nueces County, Texas. It is ORDERED, ADJUDGED, and DECREED that Wyatt's Rule 12(B) Motion to Dismiss should be and hereby **GRANTED**.

DONE this _20th_ day of _May_ 1999 in Brownsville, Texas.

Filemon B. Vela
United States District Judge

MAY 21 1999

# AFFIDAVIT OF MARK D. KAMITOMO

MARK D. KAMITOMO, being first duly sworn on oath, deposes and says:

1. I have been licensed to practice law in the State of Washington for nine years, eight of which have been in the field of litigation. The majority of my practice involves representing Plaintiffs in personal injury cases. A large part of this practice involves handling catastrophic injury cases including brain damage cases.

2. I am the lead attorney of record for the plaintiffs in the "Rodriguez Litigation" currently pending in the United States District Court for the Southern District of Texas, Brownsville Division, and I am over the age of 18 years and competent to testify as to the matters herein.

3. The "Rodriguez Litigation" involves a situation where Plaintiff, Jose Rodriguez, suffered a traumatic brain injury with associated complications while playing high school football, which has left him in a semi-vegetative state with little or no cognition and limited ability to move his extremities. Consequently, he requires 24 hour a day care. His annual life care costs have ben projected at $110,624.35 to $127,218.00 per year with a life expectancy of 17 to 19 years.

4. To date, Mr. Rodriguez has used approximately $900,000.00 of a $1,000,000.00 health insurance policy provided by his high school. As a result of all the above, Plaintiffs in the "Rodriguez Litigation" hired me to file suit against Riddell, the helmet manufacturer and other defendants.

5. At present time, in pursuit of this case, plaintiffs have costs exceeding $140,000.00.



AFFIDAVIT OF MARK D. KAMITOMO - 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § § | |
| VS. | § § | C.A. NO. C-99-199 |
| THE MARKAM GROUP, INC., P.S., and MARK KAMITOMO | § § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

The court hereby grants Wyatt & Wyatt's motion to remand and remands this case to the Nueces County Court at Law Number Three.

SIGNED this _____ day of _____, 1999.

_____
UNITED STATES DISTRICT JUDGE

7