United States District Court
Southern District of Texas
FILED

JUL 09 1999

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

## DEFENDANTS' MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants **THE MARKAM GROUP, INC., P.S. and MARK D. KAMITOMO** and file this their Motion to Transfer Plaintiff Wyatt & Wyatt, P.C.'s suit as permitted under 28 U.S.C. §1404(a).

### A. INTRODUCTION

1. Plaintiff, Wyatt & Wyatt sued Defendants, The Markam Group, Inc., P.S. and Mark D. Kamitomo for declaratory relief seeking a declaration of Wyatt & Wyatt's interest in a contingency fee contract that defendants had entered into with the Rodriguez family in the underlying litigation styled *Raquel O. Rodriguez, et al vs. Riddell Sports, Inc., Riddell Inc., All American Sports Corporation dba Riddell All American, Chris Hoodman, Rubatex Corporation, and Monarch Rubber Company*, Civil Action No. B-CV-96-177 (hereinafter referred to as the "Rodriguez Litigation"), which was tried and went to verdict in the United States District Court for the Southern District of Texas, Brownsville Division.

2. Venue is inconvenient for Defendants in the Corpus Christi Division and more convenient in the Brownsville Division as the witnesses needed to disprove Plaintiff's allegations reside in

9.

Cameron County, Texas and Judge Filemon B. Vela, the presiding judge in the underlying Rodriguez Litigation is already familiar with the case. Therefore, Defendants believe that this Court should transfer this suit to the Brownsville Division of the Southern District of Texas.

## B. ARGUMENT AND AUTHORITIES

3. Federal statute, 28 U.S.C. §1405a states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Accordingly, for the above referenced reasons and for those which are set forth hereafter, Defendants request that the above-referenced case be transferred to the Brownsville Division of the Southern District of Texas. This case involves a dispute between Plaintiff and Defendants in prosecuting a brain damage personal injury case in the Brownsville Division of the Southern District of Texas. The underlying incident occurred in the Brownsville Division and the clients, Jose and Raquel Rodriguez reside in the Brownsville Division.

In the present case, a transfer to another district would be more convenient for the Defendants' material witnesses. Specifically Raquel Rodriguez (a named plaintiff in the underlying Rodriguez Litigation), who resides in Los Fresnos, Cameron County, Texas will be called by Defendants to testify that Defendant Kamitomo was at all times lead counsel for the Plaintiffs in the Rodriguez Litigation and that Defendant Kamitomo had the authority with her approval to hire and fire local and/or associated counsel.

Moreover, she will testify that Defendant Kamitomo fired Wyatt & Wyatt with her consent. As a result, Mrs. Rodriguez is a critical witness to Defendants' defense. However, Mrs. Rodriguez will in all likelihood be unable to travel to Nueces County as she is currently caring for her invalid son, Jose Rodriguez, who is also a named plaintiff in the underlying lawsuit. As such, Defendants may be precluded from calling her live, which would materially affect the presentation of Defendants' case.

Several other potentially important material witnesses reside in the Brownsville Division. More specifically, Roman D. Esparza, an attorney practicing law in Brownsville, was appointed attorney ad litem for Jose Rodriguez. Arnold Aguilar, an attorney practicing in Brownsville, was local counsel for Plaintiffs in the Rodriguez Litigation through trial. Further, some of the sons and daughters of Raquel Rodriguez, some of whom consulted with Raquel Rodriguez regarding her attorneys reside in the Brownsville Division.

4. Furthermore, Plaintiff's suit which has been brought in Nueces County has an insignificant relationship to the Nueces County forum. Specifically, even the purported contract between Plaintiff Wyatt & Wyatt and the Rodriguez Family was entered into in Cameron County, Texas. There are no witnesses in the Corpus Christi Division other than the Plaintiff. As such, the case should be transferred to the Brownsville Division of the Southern District of Texas, so that the witnesses and/or participants to that purported contract (the Rodriguez Family) can be allowed to

come forth and testify as to Wyatt & Wyatt's participation and/or involvement in the underlying lawsuit.

5. Finally, Defendants believe that Judge Vela, having been the trial judge in the underlying Rodriguez Litigation and having received the verdict from the jury, is familiar with the witnesses and the amount in controversy. In this regard, Defendants believe that Judge Vela will be in a better position to examine the claims of the parties regarding fees and expenses because any such determination of the same will ultimately affect the amount of money received by the Plaintiff Jose Rodriguez in the underlying litigation who continues to remain incapable of representing his own interest. In this regard, it should be noted that Judge Vela appointed an attorney ad litem, Roman D. Esparza, a Cameron County attorney who remains involved in the underlying action.

**WHEREFORE, PREMISES CONSIDERED** Defendants, The Markam Group, Inc., P.S. and Mark D. Kamitomo ask the Court to grant Defendants' motion and transfer Plaintiff's case from the Corpus Christi Division to the Brownsville Division of the Southern District of Texas.

Respectfully submitted,

/s/ Keith N. Uhles
Keith N. Uhles
Federal I. D. No. 1936
State Bar No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar No. 00794631
Attorneys for Defendants,
**THE MARKAM GROUP, INC., P.S.**
**and MARK D. KAMITOMO**

Of COUNSEL:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**
55 Cove Circle
P. O. Box 3509
Brownsville, Texas   78523-3509
Telephone:   (956) 542-4377
Telecopier:  (956) 542-4370

## CERTIFICATE OF CONSULTATION

I hereby certify that I have consulted with opposing counsel, and he has advised that he is opposed to the Defendants' Motion to Transfer Venue.

_____
Ewing E. Sikes, III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above has been sent, via **CERTIFIED MAIL - RRR** to opposing counsel this ___9TH___ day of July, 1999 as follows:

Hon. Van Huseman
Hon. Cliff Gordon
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473

_____
Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § § | |
| VS. | § § | CIVIL ACTION NO. __C-99-199__ |
| THE MARKAM GROUP, INC., P.S. AND MARK D. KAMITOMO | § § | |

### ORDER TRANSFERRING VENUE

On the _____ day of _____, 1999, the Court having considered Defendants' Motion to Transfer Venue and finding that said motion should be Granted; It is hereby,

**ORDERED, ADJUDGED and DECREED** that Defendants' Motion to Transfer Venue be **GRANTED** and that suit be transferred to the **Brownsville Division of the Southern District of Texas**.

The Clerk shall send a copy of this Order to counsel for all parties.

**DONE AND ENTERED** this _____ day of _____, 1999.

_____
UNITED STATES DISTRICT JUDGE