United States District Court
Southern District of Texas
FILED

JUL 12 1999

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § § | |
| VS. | § § | CIVIL ACTION NO. C-99-199 |
| THE MARKAM GROUP, INC., P.S. AND MARK D. KAMITOMO | § § § | |

### JOINT REPORT OF MEETING AND
### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
### RULE 26, F.R.C.P.

1.  State where and when the meeting of the parties required by Rule 26f was held and identify the counsel who attended for each party.

    Rule 26 Meeting:   Meeting was held by telephone on July 2, 1999. Attorneys Cliff Gordon and Ewing E. Sikes, III participated.

2.  List the cases related to this one that are pending in a state or federal court with the case number and court.

    *Raquel O. Rodriguez and Jose L. Rodriguez v. Riddell Sports, Inc., Riddell, Inc., American Sports Corporation d/b/a Riddell/All American*, which was formerly pending in the United States District Court for the Southern District of Texas, Brownsville Division, under Civil Action No. B-96-177 before the honorable Filemon Vela, which is currently on appeal to the United States Fifth Circuit Court of Appeals.

3.  Briefly describe what this case is about.

    a.   Plaintiff:

         Plaintiff contends this case stems from a dispute over Defendants' liability to Wyatt & Wyatt for 1/2 the attorney's fees that Defendants might recover in the underlying case. Wyatt & Wyatt agreed to serve as co-counsel, and Defendants agreed to split the attorney's fees and costs recovered in the underlying case with Wyatt & Wyatt. Wyatt & Wyatt was later wrongfully discharged, and now Defendants contend Wyatt & Wyatt is entitled to compensation on an hourly basis only. A judgment has been rendered in the underlying case, but no recovery has been had because the judgment has been appealed.

    b.    **Defendants:**

    Defendants contend that Plaintiff is seeking a declaration to its entitlement to $2,924248.82 (one-half of 40% of the Final Judgment entered in the Rodriguez Litigation entered into between Defendant Kamitomo and Raquel O. Rodriguez and Jose Luis Rodriguez. Defendants contend that Plaintiff is at most entitled to recover an hourly fee.

4. Specify the allegation of federal jurisdiction.

    Plaintiffs filed suit in state court. Defendant removed based on diversity. There is a Motion to Remand, filed by the Plaintiff, pending

5. Name the parties who disagree and the reasons.

    Plaintiff has filed a motion to remand for lack of subject matter jurisdiction on the basis that the amount in controversy does not exceed $75,000 and, if removable, the claims against Defendants were removable more than 30 days prior to removal.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    None, other than possibly Jose Rodriguez.

7. List anticipated interventions.

    None anticipated, although it is possible that Rex Blackburn may intervene.

    Rex Blackburn  
    EVANS, KEANE, L.L.P.  
    1101 West River Street, Suite 200  
    Boise, Idaho  83701-0959

8. Describe class action issues.

    None.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26a. If not, describe the arrangements that have been made to complete the disclosures.**

> Neither party has made their initial disclosures. However, the parties agree to make their initial disclosures within ten (10) days after a July 2, 1999 Rule 26 meeting of the parties.

10. **Describe the proposed agreed discovery plan, including:**

    a.  **responses to all the matters raised under Rule 26f.**

    (1) No change need be made in the timing, form, or requirement for disclosure.

    (2) Subjects for discovery are:

    (a) Fee and Cost Agreement

    > Discovery should be completed by January 31, 2000. Discovery need not be conducted in phases or limited in any way outside of the rules. However, Defendants will vigorously oppose any attempt by Plaintiff to depose Defendants' counsel, Keith Uhles.

    b.  **when and to whom the plaintiff anticipates it may send interrogatories.**

    > Plaintiff intends to send interrogatories within seven (7) days after the Court's ruling on Plaintiff's Motion to Remand.

    c.  **when and to whom the defendants anticipate it may send interrogatories.**

    > Defendants have served a set of interrogatories to Plaintiff while the case was pending in County Court at Law No. 3 of Nueces County, Texas. In an effort to alleviate the need to file a second set of written interrogatories, Plaintiff has agreed that the interrogatories served on and answered by Plaintiff while the case was pending in the County Court at Law No. 3 will have the same force and effect as if they had been served on and answered by Plaintiff while the case was pending in federal court, and the Plaintiff agrees to supplement said answers to interrogatories according to the Federal Rules of Civil Procedure.

    d.    **of whom and when plaintiff anticipates taking all depositions:**

At this time, Plaintiff anticipates deposing the following on or before the discovery deadline:

1. Defendants and their representatives with knowledge of the agreement with Plaintiff or the reason for Plaintiff being fired;

2. Raquel Rodriguez;

3. Keith Uhles;

4. Defendants' experts;

5. Other persons with knowledge of relevant facts whose identities may be revealed in discovery.

    e.    **of whom and by when the defendants anticipate taking all depositions:**

Defendants anticipate taking the oral deposition of Paula Wyatt and anyone in her office who may have knowledge concerning the relevant facts of why Wyatt & Wyatt, P.C. was fired in the underlying Rodriguez Litigation. In addition, Defendant may take the deposition of any experts listed by Plaintiff. These depositions will be taken before the completion of discovery. Defendants may need to take additional depositions as a result of witnesses whose identity and knowledge is obtained through discovery.

    f.    **when the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26a(2)(b) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff and Defendants will designate experts no later than November 15, 1999.

Reports, if any, will be provided on or before December 1, 1999.

    g.    **list expert depositions that Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

Experts will be deposed on or before December 15, 1999

    h.    list expert depositions the Defendants anticipate taking and their anticipated completion date.

        Experts will be deposed on or before December 15, 1999

**11.**    **If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

        The parties agree to all parts of the Plan. However, Defendants retain the right to vigorously oppose the proposed deposition of Defendants' counsel, Keith Uhles.

**12.**    **Specify the discovery beyond initial disclosures that have been undertaken to date.**

        Defendants have served Plaintiff with and Plaintiff has responded to interrogatories, request for production of documents an request for admissions and request for disclosures in County Court at Law No. 3 of Nueces County, Texas. Plaintiff has agreed that said discovery and answers to the same will have the same force and effect as if they had been served and answered by Plaintiff while the case was pending in federal court. Accordingly, Plaintiff has agreed to supplement their discovery responses according to the Federal Rules of Civil Procedure.

**13.**    **State the date the planned discovery can reasonably be completed.**

        At this time, the parties reasonably anticipate the discovery can be completed by January 31, 2000.

**14.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26 meeting.**

        Negotiations are continuing.

**15.**    **Describe what each party has done or agreed to do to bring about a prompt resolution.**

        Discussions concerning settlement are ongoing.

**16. From the attorney's discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such technique may be effectively used in this case.**

The parties anticipate that mediation may be suitable following the conclusion of discovery.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on the trial before a magistrate judge.**

The parties do not consent to a trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

No jury demands have been made in the above-referenced action.

**19. Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that 20 to 25 hours will be required to present testimony. It is also anticipated that an interpreter will be required for some of the testimony offered in this case.

**20. List pending motions that could be ruled on at the initial pre-trial and scheduling conference.**

    a. Plaintiff's Motion to Remand; and

    b. Defendant's Motion to Transfer (Filed 7/9/99).

        At the time of the preparation of this plan, Plaintiff has not been served with a copy of Defendants' Motion to Transfer and, therefore, cannot predict whether it will have had adequate time to respond to the motion by the time of the initial conference.

**21. List other motions pending.**

None.

**22. Indicate other matters particular to this case including discovery, that deserve special attention of the Court at the conference.**

None.

**23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff served Defendants with their Certificate of Interested Parties on June 24, 1999 and Defendants served Plaintiff with their Certificate of Disclosure of Interested Parties on June 9, 1999.

**24. List the names, bar numbers, addresses and telephone numbers of all counsel.**

Hon. Van Huseman
State Bar No. 10323500
Federal ID No. 1167
Hon. Cliff Gordon
State Bar No. 00793838
Federal ID No. 19259
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
Telephone: (361) 883-3563
Telecopier: (361) 883-0210

Keith N. Uhles
Federal I. D. No. 1936
State Bar of Texas No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar of Texas No. 00794631
55 Cove Circle
P. O. Box 3509
Brownsville, Texas  78523-3509
Telephone: (956) 542-4377
Telecopier: (956) 542-4370

Respectfully submitted,

WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473

BY: _____
Van Huseman
State Bar No. 10323500
Federal ID No. 1167
Attorney-in-Charge for Plaintiff
WYATT & WYATT, P.C.


BY: _____
Keith N. Uhles
Federal I. D. No. 1936
State Bar of Texas No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar of Texas No. 00794631
Attorneys for Defendants,
**THE MARKAM GROUP, INC., P.S. and
MARK D. KAMITOMO**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas   78523-3509
Telephone:  (956) 542-4377
Telecopier: (956) 542-4370