United States District Court
Southern District of Texas
FILED

JUL 1 4 1999

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

**DEFENDANTS, THE MARKAM GROUP, INC., P.S. and
MARK D. KAMITOMO's RESPONSE TO PLAINTIFF'S
MOTION TO REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Defendants, THE MARKAM GROUP, INC., P.S. and MARK D. KAMITOMO and file this their Response to Plaintiff, Wyatt & Wyatt P.C.'s Motion to Remand and ask the Court to deny the motion.

A. INTRODUCTION - Procedural Background

1.      The present litigation arises out of litigation styled *Raquel Q. Rodriguez and Jose L. Rodriguez v. Riddell Sports, Inc., et al*, formerly in the United States District Court for the Southern District of Texas, Brownsville Division in which a final judgment has been entered in the amount of $14,621,243.00.

2.      Defendants, Kamitomo and the Markam Group, Inc., P.S. represent the Plaintiffs as lead counsel in the underlying litigation (hereinafter referred to as the "Rodriguez Litigation").

3.      Plaintiff, Jose Rodriguez suffered severe brain swelling and a right subdural hematoma while playing high school football. Mr. Rodriguez never fully regained consciousness and to this date, has

45437:870715.1:071399

*13.*

remained in a persistent vegetative state. The "Rodriguez Litigation" is a products liability case arising out of this injury.

4.      The Rodriguez Litigation was filed in state district court on August 30, 1996, by the current Plaintiff, Wyatt & Wyatt pursuant to instructions by Defendant Kamitomo. Shortly thereafter, the case was removed to the United States District Court for the Southern District of Texas, Brownsville Division.

5.      Well before trial Defendant Kamitomo, on the advise of his clients, removed Plaintiff as local counsel. The decision was based on several factors, including Plaintiff's management failure to abide by agreements concerning fees, expenses and work performance.

6.      Defendant Kamitomo has a contingency fee contract with the Plaintiffs in the Rodriguez Litigation for 40% of any recovery in that matter.

7.      Plaintiff has filed a declaratory judgment action against Defendants, The Markam Group, Inc., P.S. and Mark D. Kamitomo concerning the splitting of any fees that may be obtained in the Rodriguez Litigation and seeks a declaration as to the terms of any such agreement.

8.      Plaintiff's action was filed and commenced on September 22, 1998. Defendants, The Markam Group, Inc., P.S. and Mark D. Kamitomo first received notice of the lawsuit when the Markam Group, Inc., P.S. received the citation and Plaintiff's Petition on September 29, 1998. Thereafter, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §1446(b) within thirty (30) days of receipt of the initial pleading setting forth the claim for relief. Plaintiff moved to remand disavowing any claim for financial recovery and claiming an inadequate amount in controversy. The cause was remanded, however, because of an insufficient amount in controversy. On May 10, 1999,

however, Plaintiff made admissions in response to request for admissions evidencing that the amount in controversy exceeds $75,000.00.

9.      Specifically, Plaintiff admitted that it is seeking a declaration of its entitlement to one-half of a 40% contingency fee agreement concerning the Rodriguez Litigation, and that it is seeking a declaration of its entitlement to a fee in excess of $75,000 if a judgment were entered on the verdict form in the Rodriguez Litigation. *See Plaintiff's Responses to Defendants' Request for Admissions attached hereto as **Exhibit "A"**.* Since a final judgment has been entered on the verdict form in the Rodriguez Litigation, Plaintiff admitted for the first time on May 10, 1999 that it is seeking a declaration of an entitlement to a fee in excess of $75,000.

10.     Defendants properly removed this case pursuant to 28 U.S.C. §1446(b) within thirty (30) days of a new and different ground for removal. See SWS Erectors, Inc. v. Infax, Inc., 72 F.3d 489 (5th Cir. 1996).

B.      RESPONSE TO PLAINTIFF'S ARGUMENT FOR REMAND

   1.      SUMMARY OF ARGUMENT

         The law allows for a second removal based on a new and independent ground. "*A new and independent ground*" more precisely means a different set of facts that state a new ground for removal and does not concern the theory on which federal jurisdiction exists. Here, Defendants removed when first served with Plaintiff's petition based upon its subjective belief that Plaintiff was seeking more than $75,000.00. In its Motion to Remand, however, the Plaintiff represented to the Court that it was not seeking financial recovery. Thus, the Court remanded the case because of an insufficient amount in controversy. The case became removable on a new and independent ground, however, when the

45437:870715.1:071399                    - 3 -

Plaintiff later responded to admissions that it was "seeking a declaration of its entitlement to a fee in excess of $75,000.00."

In contrast to Plaintiff's contentions, however, the amount Plaintiff is now seeking is not speculative; Plaintiff's admissions speak for themselves. Further, this case was not removable at the time the judgment was rendered in the Rodriguez Litigation. At that time, the only voluntary statement by Plaintiff was that it was not seeking a financial recovery. The Supreme Court has made it clear that, absent fraud, the voluntary action of the plaintiff is required before a case becomes removable; a court order or judgment is not sufficient. Finally, there was no waiver. Absent fraud, an affidavit of the defendant is not sufficient to support removal. Thus, Defendants' attempt at the time of the first removal to maintain jurisdiction by an affidavit was of no effect. This Court was bound by Plaintiff's representation it was seeking no financial recovery. Thus the case was properly remanded. Under these circumstances, the Court's prior finding that Defendant's affidavit was filed late cannot be extrapolated into a waiver by Defendants of their right to remove on new and independent grounds. At that time, Plaintiff's voluntary pleading showed an inadequate amount in controversy. In contrast, the Plaintiff has now voluntarily stated that it is seeking a declaration of its entitlement to an excess of $75,000.00 which gives rise to a new and independent ground for removal. Consequently, this removal was proper and timely and the Motion to Remand should be denied.

2.    THE AMOUNT IN CONTROVERSY IS NOT SPECULATIVE AND THE CASE WAS RE-REMOVED TIMELY

Plaintiff's arguments against removal are based in large part on its desire "to have it both ways." Specifically, Plaintiff continues to argue the amount in controversy as still speculative, and yet at the same time argues that the case was removable more than thirty (30) days prior to the re-

removal. As will be set forth below, Plaintiff initially concealed their true intentions and claims in order to obtain the first remand. In responding to Request for Admissions, Plaintiff's real intentions and the nature of Plaintiff's claims is now clear. In state court, Plaintiff was unwilling to admit the truth of the representations made to this Court and facts upon which this Court based its Order of Remand. More importantly, the admissions make it clear for the first time that Plaintiff is seeking a declaration of their entitlement to a fee in excess of $75,000.00. Thus, the amount in controversy is not speculative and the removal was timely.

Plaintiff Wyatt & Wyatt made direct affirmative statements in order to obtain remand. From the moment this case was first removed to this Court on October 19, 1998, Plaintiff was unwilling to concede that the amount in controversy exceeded the jurisdictional limits of this Court. More precisely in paragraph 3 of the original Motion to Remand Plaintiff stated:

> 3. The amount in controversy in this action does not reach this Court's jurisdictional minimum, and, in fact, the amount in controversy is zero. Plaintiffs' Original Petition is merely for declaratory relief and specifically waives any claim for financial recovery. *See Plaintiff's Original Petition for Declaratory Relief.*

In paragraph 5, Plaintiff further stated, "*Plaintiff specifically disavows any claim for financial relief by this action, and, as such the amount in controversy is zero.*" Plaintiff based its argument on the grounds that it had filed a declaratory judgment action and as such, it was not making a claim for financial relief.

Plaintiff's representations that it was seeking no damages was designed to avoid the clear law of the Fifth Circuit with respect to declaratory judgment actions. In this regard, the Fifth Circuit has stated that the amount in controversy in declaratory judgment actions is measured by the value of the object of the litigation. Leininger v. Leininger, 705 F.2d 727, 728 (5th Cir. 1983) citing to Aladdin's

45437:870715.1:071399                    -5-

Castle, Inc. v. City of Mesquite, 630 F.2d 1029 (5th Cir. 1980) and Texas Acorn v. Texas Area V Health Systems Agency, Inc., 559 F.2d 1019 (5th Cir. 1977). "To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." Id. As such, Plaintiff argued to this Court that Plaintiff's Original Petition "specifically waives any claim for financial recovery."

As a result of Plaintiff's representations, on December 10, 1998, this Court entered an Order of Remand. This Court stated that "the Plaintiff seeks no recovery of money damages," and held "because a sufficient amount in controversy is not apparent on the face of Plaintiff's state court petition or the Defendants' Notice of Removal, the Court finds that this case was removed improvidently and without jurisdiction."

After remand, the underlying Rodriguez Litigation proceeded to trial. In March 1999 a multi-million dollar verdict was returned in that case in favor of the plaintiffs. *(A true and correct copy of the verdict form is attached hereto as "Exhibit "B".)* Subse-quently, on the 7th day of April, 1999, in this action, then pending before the County Court of Nueces County, Defendants served Plaintiff with Request for Admissions of Fact. The admissions covered various subjects including Plaintiff's real intentions and the nature of Plaintiff's claims. On the 10th day of May, 1999, Plaintiff served Defendants' counsel with Plaintiff's responses to Defendant Mark D. Kamitomo's First Set of Request for Admissions. In short, Plaintiff clearly claims a right to a fee in excess of $75,000.00. More specifically, Request for Admission No. 15 and its response state:

> 15.   Admit that if judgment is rendered on the verdict-form attached hereto as Exhibit "A" you are claiming a right to a fee in excess of $75,000.00.

RESPONSE: Admit that Plaintiff would be seeking a declaration of its entitlement to a fee in excess of $75,000.00 if judgment were entered on the verdict form; otherwise, denied.

Furthermore, Request for Admission No. 18 and the response state:

18.   Admit that if judgment is rendered on the verdict form attached hereto as Exhibit "A" you are not claiming a fee in excess of $75,000.00.

RESPONSE: Admit that Plaintiff would be seeking a declaration of its entitlement to a fee in excess of $75,000.00 if judgment were entered on the verdict form; otherwise, denied.

On April 9, 1999, between the time the request for admissions were served on Plaintiff and answered

by Plaintiff, the Honorable Filemon Vela entered a judgment on the verdict form (*a true and correct*

*copy of which is attached hereto as **Exhibit "C"***).  As a result, Plaintiff admitted on May 10, 1999

that it is seeking a declaration of its entitlement to a fee in excess of $75,000.00.

Also telling is Plaintiff's refusal to make certain admissions.  More specifically, Plaintiff

raised objections to and failed to respond to the following admissions:

40.   Admit that Plaintiff's Original Petition specifically waives any claim by plaintiff for financial recovery against defendant.

48.   Admit that plaintiff specifically disavows any claim for financial relief by this action.

50.   Admit that plaintiff specifically disavow any claim for financial relief against the defendants arising out of the facts made the basis of this action.

52.   Admit that plaintiff has specifically waived any claim for financial recovery against defendants.

54.   Admit that plaintiff seeks no money damages in this action.

55.   Admit that plaintiff seeks money damages in this action.

45437:870715.1:071399                    - 7 -

56.  Admit that plaintiff will not seek money damages in this action.

57.  Admit that plaintiff will seek money damages in this action.

In Plaintiff's original Motion to Remand, Plaintiff represented to this Court that Plaintiff's Original Petition "waives any claim for financial recovery," and that "Plaintiff specifically disavows any claim for financial relief by this action..."  As a result, in the Order of Remand, this Court stated that "the Plaintiff seeks no money damages..." and ordered remand "because a sufficient amount in controversy is not apparent..."  Refusal to address the above quoted admissions, however, makes it, at best, highly questionable whether Plaintiff intends to be bound in state court by its prior representations regarding its intentions in this action.  Nonetheless, it is abundantly clear that Plaintiff admitted on May 10, 1999 that in the circumstances now presented that Plaintiff is claiming an entitlement to attorney's fees in excess of $75,000.00.  At the time of the first removal and the Court's order of remand, this Court was bound by the pleadings before it.  The Fifth Circuit has stated:

> "It is also settled that a case * * non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff * * *.  Kansas City, etc. Ry. Co. v. Herman, 187 U.S. 63 [23 S.Ct. 24, 47 L.Ed. 76]; Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206 [26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147]; Lathrop, Shea & Henwood Co. v. Interior Construction Co., 215 U.S. 246 [30 S.Ct. 76, 54 L.Ed. 177]; American Car & Foundry Co. v. Kettelhake, 236 U.S. 311 [35 S.Ct. 355, 59 L.Ed. 594]."

Gator v. Eninsular & Occidental Steamship Co., 287 F.2d 252, 254 (5th Cir. 1961).  Further, at the time of the original removal, the under-lying case had not been tried.  While the parties were aware

45437:870715.1:071399                          - 8 -

that Jose Rodriguez had suffered a severe injury with substantial damages, there was no resolution of the underlying action.

Two substantial factors have changed since the Court entered the first Order of Remand. First, the Rodriguez Litigation has gone to a jury verdict and Judge Vela has entered a final judgment in the Rodriguez Litigation in favor of the Rodriguez Family for $14,621,243.00. Nevertheless, Plaintiff still refuses to acknowledge that the amount in controversy exceeds $75,000. In fact as previously referred to, Plaintiff even in its latest Motion to Remand still argues as a basis for remand that "the amount in controversy is still speculative" which is not even the proper legal standard for this Court to consider.

Had Defendants re-removed upon the entry of Judge Vela's final judgment in the Rodriguez Litigation, as Plaintiff suggests, Plaintiff would have only continued in their argument (perhaps with some merit) that the amount of controversy is still speculative. Plaintiff would have simply told this Court, as it had before, that Plaintiff "specifically waives any claim for financial recovery" and that "Plaintiff disavows any claim for financial relief by this action." Furthermore, as the Supreme Court has stated, it is only the voluntary action of the Plaintiff and "not upon what the defendant may allege or prove or upon what the Court may, after hearing upon the merits, in invitum, order..." that gives rise to removal. Great Northern Ry. Co. v. Alexander, 28 S.Ct. 237, 240, 246 U.S. 276 (1918). Consequently, this event alone did not give rise to removal.

The second event which occurred, the triggering event which makes this case removable, is Plaintiff's Responses to Request for Admissions. Plaintiff's admissions undeniably established that Plaintiff is now "seeking a declaration to its entitlement to a fee in excess of $75,000.00." This admission is clearly a new position. The admissions thus constitute an "other paper" pursuant to 46

45437:870715.1:071399                    -9-

U.S.C. §1446(b), which warrants re-removal. As detailed above, the responses to admissions also raise serious questions about the current viability of Plaintiff's prior position before this Court. Moreover, had Defendants attempted to remove this case any earlier, Defendants would have been faced with the unenviable task of having to argue against Plaintiff's position without the aid of Plaintiff's admissions. As it is, Plaintiff still continues to take double positions by arguing that the amount in controversy is still speculative, a position which it has already contradicted.

In sum, an early removal would have been without an "other paper" on which to rely; it would have been based on Defendants' speculation that in light of the large judgment Plaintiff intended to alter its prior written position that it was not seeking a financial recovery. It was not until Defendants received Plaintiff's voluntary statement in the "other paper," the admissions, that Plaintiff was claiming more than $75,000.00 that valid grounds for removal were established.

3. **IT IS CLEAR THAT DEFENDANTS HAVE A RIGHT TO SEEK A SECOND REMOVAL**

The case law is clear that a party may file subsequent removals when there is a new and independent ground to do so. Specifically,

> The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand... As a general rule, once the case is remanded to state court, the defendant is precluded only from seeking a second removal on the same ground. The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable. [Thus], the defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition *when subsequent pleadings or events reveal a new and different ground for removal.* ...

**SWS Erectors, Inc. v. Infax, Inc.,** 72 F.3d 489, 492 (5th Cir. 1996) citing to **O'Bryan v. Chandler,** 496 F.2d 403, 410 (10th Cir.) cert. den'd. 419 U.S. 986, 95 S.Ct. 245. In this regard, the Tenth Circuit

in **O'Bryan**, supra, explained that "different grounds more precisely mean a different set of facts that state a new ground for removal." Id. at 493 quoting **O'Bryan**. In the present case, it is clear that Plaintiff's responses to Request for Admissions constitute a new and different set of facts which warrants re-removal.

The Court's opinion in SWS Erectors, Inc. v. Infax, Inc. is instructive. Southwest sued Infax in state court in Houston for money owed for services alleging no specific amount in controversy. Infax removed to the Galveston Division of the Southern District and filed an affidavit from its attorney stating that the amount Southwest was seeking was at least $100,000.00. Southwest filed a Motion to Remand based on the ground that the removal had been to the wrong federal court and "argued that the amount in controversy did not exceed the jurisdictional limit and that Infax did not have sufficient evidence of the jurisdictional amount". Infax moved to transfer to the Houston Division. The district court in Galveston, however, remanded based on removal to the wrong division and did not mention the amount in controversy nor the jurisdictional amount. Infax then deposed Southwest president who testified actual damages fell between $70,000.00 and $80,000.00. Using the deposition transcript as "other paper" Infax filed a second removal based on diversity with an amount in controversy in excess of $50,000.00. The Fifth Circuit held that the second removal was proper and timely. In discussing the propriety of the second removal, the Fifth Circuit stated,

> "The theory under which Infax attempted removal would not directly impact its right to seek successive removal after remand; the right was affected by the factual basis on which Infax attempted removal. We have already established that section 1446(b) allows Infax to file successive removals based on different factual basis. We find that Infax has satisfied this statutory require-ment. Infax's second removal petition sought removal under diversity jurisdiction using newly acquired facts from Wilson's deposition transcript. The deposition

constitutes a new paper or event that changed the facts regarding the removableness of the case.

Id. at 494-493.  Applying this same reasoning to the case at hand, Defendants' second removal petition seeks removal under diversity jurisdiction using newly acquired facts from Plaintiff's responses to Request for Admissions.  The admission constitute a new paper or event that changes the facts regarding the removableness of the case.  Thus, the second petition for removal alleged a different factual ground for removal and was proper under section 1446(b).

As does Plaintiff in the case at hand, Southwest argued that the second removal was not timely.  In addressing this issue, however, the Fifth Circuit stated,

> Under 28 U.S.C. §1446(b) when an action is not initially removable, the defendant has 30 days after it receives a copy of "other papers from which it may first be ascertained" that the case is or has become removable.  The Fifth Circuit has indicated that the "other paper" conversion requires a [voluntary act by the plaintiff.]  See **Gator v. Eninsular & Occidental SS Co.**, 287 F.2d 252, 254 (5th Cir. 1961)(in explaining that "other paper" requires a voluntary act of the plaintiff, the Court specifically noted that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court.")  Further, this Court has held that the defendant's subjective knowledge cannot convert a case into a removable action.  **Chapman**, 969 F.2d at 163.

> We find that an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a non-removable action into a removable one.  We hold that the affidavit, created entirely by the defendant, is not "other paper" under section 1446(b) and cannot start the accrual of the 30 day period for removing.  On the other hand, a transcript of the deposition testimony is "other paper."  Therefore, we conclude that Infax's second removal petition, which was based on the deposition transcript, was timely.

45437:870715.1:071399                          -12-

Id. at 494.  Similarly, the responses to the Request for Admissions is "other paper."  Defendants' prior subjective belief, Defendants' prior affidavit and Judge Vela's judgment are not "other paper." Therefore, Defendants' second removal petition, which was based on the admissions, was timely.

Finally, the Supreme Court's comments in **Great Northern Ry. Co.**, supra 28 S.Ct. at 239-240 are instructive:

> It is well settled that a case, arising under the laws of the United States, non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or non-suit by him of a party or of parties defendant.  [citations omitted]
>
> The obvious principal of these decisions is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and that this power to determine the removability of this case continues with the plaintiff throughout the litigation, so that whether such a case non-removable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or that the court may, after hearing upon the merits, invitum, order, that solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.

Once again, the removability of a cause depends upon the voluntary actions of the plaintiff and not upon the actions of the defendant or of the court.  In this case, the Plaintiff initially voluntarily stated that it was waiving any claim for financial recovery and disavowing any claim for financial relief. Subsequently, in response to admissions, however, the Plaintiff voluntarily stated that Plaintiff was "seeking a declaration of its entitlement to a fee in excess of $75,000.00."  Consequently, it is this voluntary action by the Plaintiff that gives rise to removal.

45437:870715.1:071399                               -13-

4.    DEFENDANTS DID NOT WAIVE REMOVAL

Defendants did not waive their right of removal.  In the same paragraph, Plaintiff contends

that Defendants somehow waived their right to removal and that the Court properly remanded for lack

of jurisdiction.  These two positions are logically inconsistent.  If this Court was initially without

jurisdiction because of an insuf-ficient amount in controversy, as Plaintiff still contends and as this

Court found, the Defendants could not possibly have waived their right to removal by its actions at

that time.  Pursuant to 46 U.S.C. §1446(b), if the case as initially filed is not initially removable, the

defendant may remove within thirty (30) days of receiving a document "from which it may be first

ascertained that the case is one which is or has become removable."  Thus, by the plain wording of

the statute, the right to remove is waived if not removed within thirty (30) day of when it first

becomes removable.  In this case, Defendants first removed the case within thirty (30) days of initial

service.  Plaintiff then filed a Motion to Remand disavowing a claim for money damages and waiving

any claim for financial recovery and arguing an insufficient amount in controversy.  Surely Plaintiff

is not now contending that these claims were not true and that it was committing a fraud on the Court.

Based on the voluntary statements of the Plaintiff, the Court properly entered an Order of Remand

finding an insufficient amount in controversy.  Plaintiff contends this finding was

correct.  Since the case was not removable at that time, the thirty (30) days never began to run and

no waiver by Defendants could have occurred.  It is true that Defendants filed a response with an

affidavit which the Court found untimely under the Local Rules.  As set forth above, "an affidavit

created by the defendant...cannot convert a non-removable action into a removable one."  SWS

Erectors, Inc., supra at 494.  Consequently, it did not matter whether the response with the affidavit

was timely or not timely.  The bottom line was that Plaintiff disavowed a claim for financial recovery

at the time of the first removal which resulted in a finding of an insufficient amount in controversy.

Since there was an insuffi-cient amount in controversy, Defendants could do nothing to waive a

subsequent removal based upon new and independent grounds. When the new and independent grounds arose, Plaintiff's admissions, removal was appropriate.

## C. PRAYER

For these reasons, Defendants, The Markam Group, Inc., P.S. and Mark D. Kamitomo ask the Court to deny the Motion to Remand filed by Plaintiff and retain this case in the Court's docket and for such other and further relief as Defendants may show themselves justly entitled.

Respectfully submitted,

Keith N. Uhles
Federal I. D. No. 1936
State Bar of Texas No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar of Texas No. 00794631
Attorneys for Defendants,
THE MARKAM GROUP, INC., P.S. AND
MARK D. KAMITOMO

Of COUNSEL:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509
Telephone: (956) 542-4377
Telecopier: (956) 542-4370

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was sent, via **CERTIFIED MAIL-RRR** to opposing counsel on this ____ day of July, 1999, as follows:

Hon. Van Huseman
WHITE, HUSEMAN & PLETCHER
2100 The 600 Building
Corpus Christi, Texas 78473


Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

# CAUSE NO. 98-61621-3

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | |
| | § | AT LAW NO. 3 |
| THE MARKAM GROUP, | § | |
| INC., P.S. AND MARK | § | |
| D. KAMITOMO | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S RESPONSES TO DEFENDANT, MARK D. KAMITOMO'S FIRST SET OF REQUESTS FOR ADMISSIONS

**TO:** Defendant, Mark D. Kamitomo, by and through his attorneys of record, Mr. Keith N. Uhles and Ewing E. Sikes, III, Royston, Rayzor, Vickery & Williams, LLP, 55 Cove Circle, P. O. Box 3509, Brownsville, Texas 78523-3509

Wyatt & Wyatt, P.C., Plaintiff herein, serves these, their Objections, Answers, and Responses to Defendant, Mark D. Kamitomo's First Set of Requests for Admissions, in accordance with the Texas Rules of Civil Procedure.

Respectfully Submitted

**WHITE, HUSEMAN & PLETCHER**
600 Leopard St., Suite 2100
Corpus Christi, Texas 78473
(361) 698-3100; FAX: (361) 883-0210

By: _Cliff Gordon by permission_
    VAN HUSEMAN
    State Bar No. 10323500



**EXHIBIT**
A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was this 10th day of May, 1999, to the following:

**CM/RRR # Z 159 361 721**
Mr. Keith N. Uhles and
Ewing E. Sikes, III
Royston, Rayzor, Vickery & Williams, LLP
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509

*Cliff Gordon*

# RESPONSES TO REQUESTS FOR ADMISSIONS

1. Admit or deny that plaintiff and defendant(s) executed a written contract.

RESPONSE:  Deny.

2. Admit or deny that plaintiff and Raquel O. or Jose Rodriguez executed a written contract.

RESPONSE:  Admit.

3. Admit or deny that there was consideration for the alleged contract between plaintiff and defendant(s).

RESPONSE:  Admit.

4. Admit or deny that there was consideration for the alleged contract between plaintiff and Raquel or Jose Rodriguez.

RESPONSE:  Admit.

5. Admit or deny that plaintiff failed to perform contractual obligations in the contract between plaintiff and defendant(s).

RESPONSE:  Deny.

6. Admit or deny plaintiff's non-performance constituted a breach of the alleged contract between Plaintiff and Defendant.

RESPONSE:  Objection, this requests assumes plaintiff's non-performance, which plaintiff denies. Subject to and without waiving the objection, plaintiff denies any breach of the agreement.

7. Admit or deny that plaintiff breached the alleged contract between plaintiff and Raquel Rodriguez.

RESPONSE:  Deny.

8. Admit or deny that plaintiff agreed to pay one-half of the expenses in prosecution of Jose and Raquel Rodriguez's case.

RESPONSE:  Admit.

9. Admit or deny that plaintiff failed to timely prepare responses to Interrogatories from defendant Rubatex to the Rodriguez.

RESPONSE:  Admit that plaintiff and defendant failed to timely prepare discovery answers propounded by a defendant who was later voluntarily dismissed; otherwise, deny.

10. Admit or deny that plaintiffs' representation of Raquel O. Rodriguez and Jose L. Rodriguez was terminated for good cause.

RESPONSE:  Deny.

11. Admit or deny that your failure to file timely answers to interrogatories in Rachel O. Rodriguez. et al v. Riddell Snorts. Inc. et al resulted in detriment of Jose or Raquel Rodriguez.

RESPONSE:  Objection, this requests assumes the failure to file timely answers was solely by plaintiff, which plaintiff denies.  Subject to and without waiving the objection, plaintiff denies any detriment resulted to Jose or Raquel Rodriguez.

12. Admit or deny that Wyatt & Wyatt, P.C. did not respond to requests from the defendant to share in the cost of expert fees.

RESPONSE:  Deny.

13. Admit or deny that Wyatt & Wyatt, P.C. did not pay one-half of the cost of expert fees prior to the time it was notified its services were being terminated.

RESPONSE:  Deny.

14. Admit or deny that you are claiming entitlement to one-half of a 40% contingency fee agreement in the suit styled as Rachel O. Rodriguez. et al v. Riddell Snorts., Inc. et al.

RESPONSE:  Admit that plaintiff is seeking a declaration of its entitlement to one-half of a 40% contingent fee agreement in that suit; otherwise, deny.

15. Admit that if judgment is rendered on the verdict-form attached hereto as Exhibit "A" you are claiming a right to a fee in excess of $75,000.00.

RESPONSE:  Admit that plaintiff would be seeking a declaration of its entitlement to a fee in excess of $75,000 if judgment were entered on that verdict form; otherwise, deny.

16. Admit that if judgment is rendered on the verdict form attached hereto as Exhibit "A" you are entitled to a fee of $75,000.00.

RESPONSE:  Deny.

17. Admit that if judgment is rendered on the verdict form attached hereto as Exhibit "A" you are claiming a fee of less than $75,000.00.

4

RESPONSE: Deny.

18. Admit that if judgment is rendered on the verdict form attached hereto as Exhibit "A" you are not claiming a fee in excess of $75,000.00.

RESPONSE: Admit that plaintiff would be seeking a declaration of its entitlement to a fee in excess of $75,000 if judgment were entered on that verdict form; otherwise, deny.

19. Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is $75,000.00.

RESPONSE: Admit that the amount on controvery is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

20. Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is more than $75,000.00.

RESPONSE: Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

21. Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is less than $75,000.00.

RESPONSE: Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

22. Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendant is not more than $75,000.00.

RESPONSE: Admit that the amount of attorney's fees and expenses in dispute between plaintiff and defendants is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

23. Admit that the Rodriguez Family agreed to the joint representation by Wyatt & Wyatt, P.C. and The Markam Group.

RESPONSE: Admit.

24. Admit that the Rodriguez Family did not agree to the joint representation by Wyatt & Wyatt, P.C. and The Markam Group.

RESPONSE: Deny.

25. Admit that the Rodriguez Family signed a Contingency Fee Contract in favor of Wyatt & Wyatt, P.C..

RESPONSE:  Admit.

26. Admit that the Rodriguez Family did not sign a Contingency Fee Contract in favor of Wyatt & Wyatt, P.C..

RESPONSE:  Deny.

27. Admit that the Rodriguez Family consented in writing to the division of attorneys' fees and expenses between plaintiff and defendant(s).

RESPONSE:  Admit that the family consented in writing to the division of attorney's fees between plaintiff and defendant; otherwise deny.

28. Admit that the Rodriguez Family did not consent in writing to the division of attorneys' fees and expenses between plaintiff and defendant(s).

RESPONSE:  Admit that the family consented in writing to the division of attorney's fees between plaintiff and defendant; otherwise, deny.

29. Admit that plaintiff and defendant(s) agreed that each would pay one-half of the costs associated with preparing and trying the Cameron County suit on behalf of Raquel and/or Jose Rodriguez.

RESPONSE:  Admit.

30. Admit that plaintiff and defendant(s) did not agree that each would pay one-half of the costs associated with preparing and trying the Cameron County suit on behalf of Raquel and/or Jose Rodriguez.

RESPONSE:  Deny.

31. Admit that plaintiff and defendant(s) agreed that there would be an equal division of any attorney's fees recovered in prosecution of the case on behalf of Raquel and/or Jose Rodriguez.

RESPONSE:  Admit.

32. Admit that plaintiff and defendant(s) did not agree that there would be an equal division of any attorney's fees recovered in prosecution of the case on behalf of Raquel and/or Jose Rodriguez.

RESPONSE:  Deny.

33. Admit that plaintiff has spent substantial time preparing the <u>Rodriguez</u> case for trial.

6

RESPONSE:  Admit.

34. Admit that plaintiff has not spent substantial time preparing the Rodriguez case for trial.

RESPONSE:  Deny.

35. Admit that plaintiff has paid a substantial portion of the costs associated with the preparation of the Rodriguez case for trial.

RESPONSE:  Admit.

36. Admit that plaintiff has not paid a substantial portion of the costs associated with the preparation of the Rodriguez case for trial.

RESPONSE:  Deny.

37. Admit that the amount in controversy in this case does not exceed the sum or value of $75,000.00, exclusive of interest and costs.

RESPONSE:  Admit that the amount in controversy in this case is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

38. Admit that the amount in controversy does not exceed the sum or value of $75,000.00, exclusive of interest and costs.

RESPONSE:  Admit that the amount in controversy in this case is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

39. Admit that the amount in controversy in this case, exclusive of interest and costs, is zero.

RESPONSE: Admit that the amount in controversy in this case is currently zero because no recovery has been obtained in the underlying case; otherwise, deny.

40. Admit that Plaintiff's Original Petition specifically waives any claim by plaintiff for financial recovery against defendant.

RESPONSE:  Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

41. Admit that Plaintiff's Original Petition does not specifically waive any claim by plaintiff for financial recovery against defendant.

RESPONSE:  Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

42. Admit that plaintiffs in the Rachel O. Rodriguez. et al v. Riddell Sports. Inc. et al litigation executed a Contingency Fee Contract with Wyatt & Wyatt, P.C.

RESPONSE:  Admit.

43. Admit that plaintiffs in the Raquel 0. Rodriguez. et al v. Riddell Snorts. Inc.. et al litigation did not execute a Contingency Fee Contract with Wyatt & Wyatt, P.C.

RESPONSE:  Deny.

44. Admit that plaintiffs in the Raquel 0. Rodriguez. et al v. Riddell Snorts. Inc.. et al litigation consented to a division of fees between Wyatt & Wyatt, P.C. and The Markam Group.

RESPONSE:  Admit.

45. Admit that plaintiffs in the Raquel 0. Rodriguez. et al v. Riddell Snorts. Inc.. et al litigation did not consent to a division of fees between Wyatt & Wyatt, P.C. and The Markam Group.

RESPONSE:  Deny.

46. Admit that Wyatt & Wyatt, P.C. and The Markam Group agreed among themselves to equally bear the expenses of the Raquel 0. Rodriguez. et al v. Riddell Sports. Inc.. et al litigation and to split any fees in the event of a recovery.

RESPONSE:  Admit.

47. Admit that Wyatt & Wyatt, P.C. and The Markam Group did not agree among themselves to equally bear the expenses of the Rachel 0. Rodriguez. et al v. Riddell Sports. Inc.. et al litigation and to split any fees in the event of a recovery.

RESPONSE:  Deny.

48. Admit that plaintiff specifically disavows any claim for financial relief by this action.

RESPONSE:  Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of plaintiff's pleadings, which is a question of law for the court.

49. Admit that plaintiff does not specifically disavow any claim for financial relief by this action.

RESPONSE:  Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

50. Admit that plaintiff specifically disavow any claim for financial relief against the defendants arising out of the facts made the basis of this action.

RESPONSE:  Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

51. Admit that plaintiff does not specifically disavow any claim for financial relief against the defendants arising out of the facts made the basis of this action.

RESPONSE:  Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

52. Admit that plaintiff has specifically waived any claim for financial recovery against defendants.

RESPONSE:  Admit that plaintiffs' current pleading, which is subject to amendment, does not seek financial recovery from defendant; otherwise, denied.

53. Admit that plaintiff has not specifically waived any claim for financial recovery against defendant.

RESPONSE:  Admit that plaintiffs' current pleading, which is subject to amendment, does not seek financial recovery from defendant; otherwise, denied.

54. Admit that plaintiff seeks no money damages in this action.

RESPONSE: Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

55. Admit that plaintiff seeks money damages in this action.

RESPONSE:  Objection, this request is beyond the permissible scope of a request for admission in seeking an admission concerning the interpretation of a pleading, which is a question of law for the court.

56. Admit that plaintiff will not seek money damages in this action.

RESPONSE:  Objection, this request is beyond the permissible scope of discovery and the permissible scope of a request for admission in seeking admission of future events which may or may not occur.

57. Admit that plaintiff will seek money damages in this action.

RESPONSE:  Objection, this request is beyond the permissible scope of discovery and the permissible scope of a request for admission in seeking admission of future events which may or may not occur.

58. Admit that if judgment is rendered on the jury verdict form attached hereto as Exhibit "A" that plaintiff will seek money damages from defendants in excess of $75,000.00, exclusive of costs and interest.

RESPONSE:  Objection, this request is beyond the permissible scope of discovery and the permissible scope of a request for admission in seeking admission of future events which may or may not occur.

59. Admit that if judgment is rendered on the jury verdict form attached hereto as Exhibit "A" that plaintiff will not seek money damages from defendants in excess of $75,000.00, exclusive of costs and interest.

RESPONSE:  Objection, this request is beyond the permissible scope of discovery and the permissible scope of a request for admission in seeking admission of future events which may or may not occur.

60. Admit that Plaintiff's Original Petition was filed with the knowledge and authority of Plaintiff.

RESPONSE:  Admit.

# WHITE, HUSEMAN & PLETCHER
### A Professional Corporation
## ATTORNEYS AT LAW

YANCEY WHITE (1933-1999)
VAN HUSEMAN∗ †
ANTHONY E. PLETCHER
PAUL DODSON† ‡

CLIFF GORDON
MICHAEL H. HUMMELL

600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
Telephone (361) 698-3100 • Fax (361) 883-0210

PAUL G. KRATZI
OF COUNSEL

∗Board Certified-Personal Injury Trial La
†Board Certified-Civil Trial La
‡Board Certified-Civil Appellate Law
Texas Board of Legal Specialization

May 10, 1999

CM/RRR # Z 159 361 721
Mr. Keith N. Uhles and Mr. Ewing E. Sikes, III
Royston, Rayzor, Vickery & Williams
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509

RE: Cause No. 98-61621-3,
Wyatt & Wyatt vs. The Markem Group, Inc., P.S., et al
County Court at Law #3, Nueces County, Texas
Our File # 110042 5146

Dear Mr. Uhles and Mr. Sikes,

Herewith please find the following item in connection with the above-referenced action:

## PLAINTIFF'S RESPONSES TO DEFENDANT, MARK D. KAMITOMO'S FIRST SET OF REQUESTS FOR ADMISSIONS

Thank you for your attention to this matter.

Sincerely,

Mark Lott, Paralegal assisting
Mr. Van Huseman

ml
enclosure as indicated

MAY 1 3 1999

ll - 5

| FILE NO. | | |
|----------|---|---|
| 45437 | | |
| KXU | | HG |
| JHH | | AR |
| JG | | SS |
| EES | | RS |
| OPW | | WJL |
| FAS | | BD |
| BKG | | OTHER |
| HOU | | RUNNER |
| CC | | |
| FAX | | COPY |
| RETURN W/FILE | | |
| HANDLED | | |
| DEFAULTED | | |
| NOT DEFAULTED | | |

*what do you think?*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ, and<br>JOSE L. RODRIGUEZ,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>RIDDELL SPORTS, INC.,;<br>RIDDELL, INC.; and<br>ALL AMERICAN SPORTS<br>CORPORATION,<br>D/B/A RIDDELL/ALL AMERICAN,<br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. B-96-CV-177 |

## DEFINITIONS, INSTRUCTIONS AND QUESTIONS

Answer "Yes" or "No" to all questions unless otherwise instructed.  A "Yes" answer must be based on a preponderance of the evidence.  If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No."  The term "preponderance of the evidence" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.  Whenever a question requires an answer other than "Yes" or "No," your answer must be based on a preponderance of the evidence.

## DEFINITIONS

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produces the injury.  There may be more than one producing cause.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

*Rodriguez v. Riddell,* Jury Charge Page 1

**EXHIBIT**

B

## QUESTIONS

QUESTION 1:

Was there a design defect in the VSR-4 football helmet at the time it left the possession of Defendants that was a producing cause of the injury in question?

A "design defect" is a condition of the product that renders it unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. For a design defect to exist there must have been a safer alternative design.

"Safer alternative design" means a product design other than the one actually used that in reasonable probability...

(1) would have prevented or significantly reduced the risk of the injury in question without substantially impairing the product's utility and

(2) was economically and technologically feasible at the time the product left the control of Defendants by the application of existing or reasonably achievable scientific knowledge.

ANSWER "Yes" or "No."

ANSWER: ___Yes___

If you answered "no" to Question 1, do not answer any further questions. Otherwise, answer Question 2.

*Rodriguez v. Riddell,* Jury Charge Page 2

QUESTION 5:

What sum of money, if paid now in cash, would fairly and reasonably compensate Jose Rodriguez for his injuries, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you may find.

a.   Physical pain and mental anguish     1,000,000

b.   Loss of earning capacity     900,000

c.   Disfigurement / Disability     2,000,00

d.   Physical impairment     2,000,000

e.   Medical care incurred     3,000,000

f.   Loss of Capacity for Enjoyment of Life     1,000,000

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Jose Rodriguez.

Answer in dollars and cents for damages, if any that...

were sustained in the past     ANSWER: 3,500,000

in reasonable probability will
be sustained in the future     ANSWER: 6,400,000

Answer Question 6.

QUESTION 6:

Do you find that Raquel Rodriguez suffered mental anguish as a result of witnessing the incident in which Jose Rodriguez was injured?

In responding to the above inquiry, you are instructed that you are to consider:

(1)     whether Raquel Rodriguez was located near the scene of the accident;

(2)     whether her shock, if any, resulted from a direct emotional impact from a contemporaneous perception of the accident;

(3)     whether Raquel Rodriguez and Jose L. Rodriguez are closely related.

Answer "Yes" or "No."

ANSWER: ___Yes___

If your answer to Question 6 is "Yes," then answer Question 7.  Otherwise do not answer Question 7.

QUESTION 7:

What sum of money, if paid now in cash, would fairly and reasonably compensate Raquel Rodriguez for her mental anguish, if any, that reasonably, foreseeably resulted from her witnessing the accident in question?

ANSWER: ___$1,550,000___

THIS IS A TRUE VERDICT.

Date _____          _____
                                                    Foreperson

*Rodriguez v. Riddell, Jury Charge Page 6*

*198*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**APR 0 9 1999**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ and JOSE L. RODRIGUEZ | § § § | |
| VS. | § § | CIVIL ACTION NO. |
| RIDDELL SPORTS, INC., RIDDELL INC., ALL AMERICAN SPORTS CORPORATION d/b/a RIDDELL/ALL AMERICAN | § § § § | B - 96 - 177 |

## FINAL JUDGMENT

On the 5th day of March, 1999, and continuing through the 16th day of March, 1999, came on to be heard the above-entitled and numbered cause. Plaintiffs RAQUEL O. RODRIGUEZ and JOSE L. RODRIGUEZ appeared, and through their attorney of record announced ready for trial. Defendants RIDDELL SPORTS, INC., RIDDELL, INC., ALL AMERICAN SPORTS CORPORATION d/b/a RIDDELL/ALL AMERICAN appeared, and through their attorney of record announced ready for trial.

The Court thereupon submitted the Charge to the jury, including Special Questions. The Charge of the Court and the Jury's answers to these Questions are incorporated herein for all purposes by reference. The Jury having entered its Verdict in favor of the Plaintiffs, the Court hereby adopts such findings of the jury.

D:\FP\ORDERS\98-106.JUD

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By

Deputy Clerk

PAGE 1

**EXHIBIT**

_C_

1:96cv177 #198     Page 1/3

IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Plaintiffs RAQUEL O. RODRIGUEZ and JOSE L. RODRIGUEZ are entitled to the recovery of, and are awarded pursuant to this Order, Judgment for special and general damages, past and future, as follows:

| | |
|---|---|
| Raquel O. Rodriguez,<br>as Guardian for Jose L. Rodriguez | $9,900,000.00 |
| Raquel O. Rodriguez, Individually | $1,550,000.00 |

It is further ORDERED, ADJUDGED AND DECREED that Plaintiffs RAQUEL O. RODRIGUEZ and JOSE L. RODRIGUEZ are entitled to the recovery of, and are awarded pursuant to this Order, prejudgment interest on said actual damages at the rate of 10% per annum from the day of filing this lawsuit, August 30, 1996, until the day before entry hereof, in the following amounts:

| | |
|---|---|
| Raquel O. Rodriguez,<br>as Guardian for Jose L. Rodriguez | $ 2,741,947.84 |
| Raquel O. Rodriguez, Individually | $ 429,295.68 |

It is further ORDERED, ADJUDGED AND DECREED that the Judgment here rendered shall bear interest at the rate set out in 28 U.S.C. §1961 from the date of entry hereof until paid.

It is further ORDERED that the subrogation claim of intervenor, NATIONAL ACCIDENT INSURANCE UNDERWRITERS, INC., is hereby incorporated into this judgment.

It is further ORDERED that all pending motions are hereby DENIED.

D:\FP\ORDERS\98-106.JUD                                                        PAGE 2

All costs of court expended or incurred in this cause are adjudged against Defendants RIDDELL SPORTS, INC., RIDDELL, INC., ALL AMERICAN SPORTS CORPORATION d/b/a RIDDELL/ALL AMERICAN. All writs and processes for the enforcement and collection of this judgment or the cost of court may issue as necessary and as allowed by law. All other relief not expressly granted herein is denied.

Signed for entry 9th

~~Entered~~ on this the _____ 9th _____ day of ~~March~~ April, 1999, at Brownsville, Cameron County, Texas.

_____
UNITED STATES DISTRICT JUDGE

D:\FP\ORDERS\98-106.JUD                                                    PAGE 3