UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED
JUL 29 1999
Michael N. Milby, Clerk

| | |
|---|---|
| WYATT & WYATT, P.C. § | |
| § | |
| VS. § | C.A. NO. C-99-199 |
| § | |
| THE MARKAM GROUP, INC., P.S., and § | |
| MARK KAMITOMO § | |

**PLAINTIFF'S RESPONSE TO MOTION TO TRANSFER VENUE**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Wyatt & Wyatt files its response to the motion to transfer venue of the Defendants, The Markam Group and Mark Kamitomo (collectively "Kamitomo").

1. **Summary of the response.** Kamitomo claims a change of venue to the Brownsville Division approximately 150 miles away is needed for his convenience as well as that of his witnesses. However, nothing about that short distance supports Kamitomo's unsubstantiated motion or negates Wyatt & Wyatt's right to choose their home division as the forum. Further, this case had been pending for 10 months before Kamitomo claimed this forum was inconvenient. A transfer would just cause further delay. The Court should deny Kamitomo's motion to transfer venue.

2. **Legal standards.** When a defendant moves for a change of venue under 28 U.S.C. § 1404(a), the Fifth Circuit has recognized that the plaintiff is "generally entitled to choose the forum" and that the plaintiff's choice of forum should be "highly esteemed." *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (affirming denial of motion to transfer; quoting *Rodriguez v. Pan Am. Life ins. Co.*, 311 F.2d 429, 434 (5th Cir. 1962), *vacated on*

14

*other grounds*, 376 U.S. 779 (1964)). Delay resulting from a venue change also counsels against transfer. *See Peteet*, at 1436; *see also Smith v. Colonial Penn Ins. Co.*, 953 F. Supp. 782, 784 (S.D. Tex. 1996) (noting "delay inherent in any transfer").

The party seeking a change of venue bears the burden of showing the need for a transfer. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The movant "must support the application with an affidavit containing detailed factual statements relevant to why the transferee forum is more convenient." *See Modern Computer Corp. v. Ma*, 862 F. Supp. 938, 948 (S.D.N.Y. 1994); *see also* S.D. TEX. R. 6(H) ("If a motion or response requires consideration of facts not appearing of record, proof by affidavit or other documentary evidence must be filed with the motion or response.").

3. **The distance between this Division and the Brownsville Division implicates no genuine convenience concerns.** Approximately 150 miles lie between Corpus Christi and Brownsville. The Fifth Circuit has said that an even greater distance raises no convenience concerns,

> The minor inconvenience Exxon may suffer in having to litigate this case in Tyler—only 203 miles distant—rather than in Houston, can in no rational way support the notion of abuse of discretion.

*Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). Further, a transfer would simply shift any inconvenience to the lawyers and staff of Wyatt & Wyatt—not all of whom still work for Wyatt & Wyatt, such as attorney Bryan Harris who has since moved to Harris & Watts—residing in the Corpus Christi Division who can testify as to their participation in the underlying case. Thus, no significant reason exists to transfer this case to a neighboring division, and Kamitomo's motion fails to prove otherwise.

2

4. **Kamitomo delayed in seeking a transfer, which would result in further delay.** This case was initially held up for nearly three months by Kamitomo's first unsuccessful removal. He first removed this case on October 19, 1998. The case remained in this Court until January 11, 1999, when the Court denied Kamitomo's motion to reconsider the order of remand. During that time, Kamitomo made no request to transfer the case.

When Kamitomo again removed this case on May 26, 1999, he waited six weeks until July 9, 1999, to move for a change of venue. Further, Kamitomo never suggested in Texas state court that another venue would be more convenient, although Texas law provides for such a transfer when appropriate. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(b) (Vernon Supp. 1999).

In short, this case had been pending for 10 months before Kamitomo filed his motion to transfer. This case has already been delayed through Kamitomo's actions. It is now too late for Kamitomo to seek a change of venue or cause further delay.

5. **Prayer.** For these reasons, Wyatt & Wyatt requests that the Court deny Kamitomo's motion to transfer venue.

Respectfully submitted,

_____
VAN HUSEMAN
Admission No. 1167
State Bar No. 10323500
Attorney-in-Charge for Wyatt & Wyatt
White, Huseman & Pletcher
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
(361) 883-3563    FAX (361) 883-0210

## CERTIFICATE OF SERVICE

A true copy of the foregoing document was this 29th day of July, 1999, mailed via United States first-class mail, to the following:

Mr. Keith N. Uhles
ROYSTON, RAYZOR, VICKERY & WILLIAMS
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509

                                        _____
                                        VAN HUSEMAN

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | C.A. NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S., and | § | |
| MARK KAMITOMO | § | |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

The Court hereby denies Defendant's Motion to Transfer Venue.

SIGNED this _____ day of _____, 1999.

_____
UNITED STATES DISTRICT JUDGE

5