United States District Court
Southern District of Texas
ENTERED

AUG 2 4 1999

Michael N. Milby, Clerk of Court

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | 16. |
| V. | § | CA. NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK KAMITOMO | § | |

## ORDER DENYING MOTION TO REMAND

The plaintiff filed this suit for declaratory judgment in the County Court al Law Number Three of Nueces County, Texas, on December 22, 1998. The defendants first removed the suit to this Court on October 19, 1998, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court remanded the case to state court because the defendants had failed to present evidence to demonstrate a sufficient amount in controversy. See *Wyatt & Wyatt, P.C. v. The Markam Group, Inc., et. al.*, C-98cv458 (1998). The defendants moved for reconsideration of that order on the grounds that they in fact had produced evidence of the amount in controversy. The Court denied that motion. Although the defendants indeed had produced evidence of the amount in controversy, the Court disregarded that evidence because it was not filed within the time prescribed by the Local Rules.

The defendants now have removed this litigation to federal court a second time, and the plaintiff again has moved for remand on the ground that the defendants' removal was untimely. The defendants allege that removal was timely because it was removed within 30 days of receipt of "other paper [plaintiff's discovery admissions] from which it may first be ascertained that the case is one which is or has become removable...." 28 U.S.C. § 1446(b). The defendants contend that the plaintiff claimed not to be seeking a financial recovery when this case was first removed to this Court, but that

the plaintiff's discovery admissions revealed that the plaintiff in fact is seeking a financial recovery greater than $75,000.

It is apparent to this Court that the defendants have had subjective knowledge that the amount in controversy is greater than $75,000 since the commencement of this lawsuit. The law in this circuit, however, seems to allow defendants to remove a case within 30 days of receipt of the first document *from the plaintiff* showing that the amount in controversy is sufficient, even if the defendants had subjective knowledge of the amount in controversy during the initial period for removal. See *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996). Although this rule appears to ignore the language in 28 U.S.C. § 1446(b) limiting the qualifying events that start the removal clock anew to those from which it may *first* be ascertained that a case is removable, it is binding precedent on this Court.

The plaintiff's initial pleading did not state an amount in controversy. The entry of judgment in the underlying lawsuit for over $14 million did not start the clock for removal, because it was not an affirmative act of the plaintiff. See *S.W.S. Erectors* at 496. The first affirmative action of the plaintiff from which it could be ascertained that the amount in controversy was greater than $75,000 was the plaintiff's completion of discovery admissions. The defendants timely removed the suit within 30 days of that action.

The plaintiff's motion to remand is DENIED.

ORDERED this 21 day of August, 1999.

H. W. HEAD, JR.
UNITED STATES DISTRICT JUDGE