IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

**NOV 1 6 1999**

MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | Э | |
| | Э | |
| V. | Э | |
| | Э | CIVIL ACTION NO. C-99-199 |
| THE MARKAM GROUP, INC., P.S. | Э | |
| AND | Э | |
| MARK D. KAMITOMO | Э | |

## DESIGNATION OF EXPERTS AND PRODUCTION OF REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Wyatt & Wyatt, Plaintiff in the above captioned and numbered cause, and

files this, their Designation of Experts and Production of Reports as follows:

Steve T. Hastings
Huerta, Hastings & Allison
920 Leopard
Corpus Christi, Texas 78401
(361) 884 1632
Please see report attached.


Mr. Robert Wyatt
Wyatt & Wyatt, P.C.
Wyatt Courtyard
4825 Everhart
Corpus Christi, Texas 78411
(361) 857 2727
Mr. Wyatt is expected to testify regarding the handling of the underlying litigation and
dealings with the clients. Mr. Wyatt will give opinion testimony that the litigation was handled
properly and that the plaintiffs are entitled to recover as was promised and agreed to by Mr.
Kamitomo. Further, Mr. Wyatt will testify that there was no just cause for Wyatt & Wyatt to be
terminated and that reasonable attorney fees are $300.00 per hour.

22.

Ms Paula Wyatt
Wyatt & Wyatt, P.C.
Wyatt Courtyard
4825 Everhart
Corpus Christi, Texas 78411
(361) 857 2727

Ms. Wyatt is expected to testify regarding the handling of the underlying litigation and dealings with the clients. Ms. Wyatt will give opinion testimony that the litigation was handled properly and that the plaintiffs are entitled to recover as was promised and agreed to by Mr. Kamitomo. Further, Ms. Wyatt will testify that there was no just cause for Wyatt & Wyatt to be terminated and that reasonable attorney fees are $300.00 per hour.

Defendant does not vouch for the expertise of the following witnesses and is merely recapitulating what has heretofore been given by other parties to this lawsuit:

Mr. Keith N. Uhles
Royston, Rayzor, Vickery & Williams
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509
(956) 542 4377

Mr. Mark D. Kamitomo
The Markam Group, Inc., P.S.
421 W. Riverside, Ste 1060
Spokane, Washington 99201
(509) 747 0902

Mr. Rex Blackburn
Evans, Keane, LLP
1101 W. River St., Ste 200
Boise, Idaho 83701-0959
(208) 384 1800

Mr. Arnold Aguilar
1200 Central Blvd, Ste H-2
Brownsville, Texas 78502
(956) 504 1100

Additionally, Defendant reserves the right to call and examine at the time of trial any and all of Plaintiff's treating physicians, medical providers, and/or expert witnesses.

2

Further, pursuant to the adverse party rule, Defendant may call any adverse witnesses designated by Plaintiff to elicit expert opinions.

Further, Defendant reserve the right to call any fact witness or expert witness identified or designated by any party or any employee or representative of any party to elicit factual opinions or expert opinions.

Respectfully submitted,

WHITE, HUSEMAN & PLETCHER
2100 The 600 Building
Corpus Christi, Texas 78473
(361) 698-3100
Fax (361) 883-0210

By: _____

**VAN HUSEMAN**
Admission No. 1167
State Bar No. 10323500

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was this 15th day of November, 1999, to the following:

**CM/RRR # Z 159 362 044**
Mr. Keith N. Uhles
Royston, Rayzor, Vickery & Williams
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509

Van Huseman

3



Alberto R. Huerta
Steve T. Hastings
Douglas A. Allison
A. Joseph Huerta

# Huerta, Hastings & Allison, L.L.P.
## Attorneys at Law
924 Leopard / P.O. Box 23080
Corpus Christi, Texas 78403-3080
Telephone: (361) 884-1632 / Fax: (361) 884-7013

Luis A. Elizondo
Karen Kennedy
David A. Huerta

November 15, 1999

Re:   Civil Action No. C-99-199
Wyatt & Wyatt, P.C. vs. The Markam Group, Inc., P.S. and Mark D. Kamitomo
In the United States District Court for the Southern District of Texas,
Corpus Christi Division

### Opinions and Basis and Reasons for Opinions

In my opinion, no just cause existed to discharge Wyatt & Wyatt from their contract of referral with Kamitomo. It is clear from the multimillion dollar judgment the Rodriguezes received that nothing Wyatt & Wyatt supposedly did or did not do adversely affected the Rodriguezes' case.

No case is handled perfectly, and it is easy to second-guess an attorney after the fact. It appears that whatever concerns Kamitomo claims to have had about Wyatt & Wyatt were insufficient for him to recommend that the Rodriguezes terminate Wyatt & Wyatt until after Wyatt & Wyatt had asked him to confirm their arrangement in writing. In my experience, attorneys who enter into a fee-splitting agreement in earnest will, if requested, readily commit the agreement in writing. Wyatt & Wyatt would have been justified in withholding payment of their share of expenses while Kamitomo refused to document their agreement.

Regarding Kamitomo's claim that Wyatt & Wyatt failed to preserve the Rodriguezes' claims under the Texas Deceptive Trade Practices Act, Wyatt & Wyatt filed those claims within the applicable limitations period. It appears that they were preserved. There is no legal requirement that a guardian ad litem be appointed for a person who is non compos mentis to prosecute a suit if his next friend is prosecuting the suit in his name. Obtaining the written approval of a client to a fee-splitting agreement is not only common but may be required for the referral attorney to enforce his fee claim against the client.

I am familiar with both Paula Wyatt and Robert Wyatt. They are both competent and experienced lawyers in the area of personal injury and products liability law.

CutePDF - www.tasks.com

A reasonable hourly rate for the services of Wyatt & Wyatt in the Rodriguezes' case, based upon the factors set forth in Texas Disciplinary Rule of Professional Conduct 1.-4(b), is $300.00 per hour.

A reasonable hourly rate for the services of White, Huseman & Pletcher based upon the factors set forth in Texas Disciplinary Rule of Professional Conduct 1.04(b), is $300.00 per hour.

## Data or Information Considered in Forming Opinions and Exhibits to be Used in Support of Opinions

1.      Defendants' Notice of Removal including all items attached thereto.

2.      Defendants' Original Answer.

3.      Plaintiff's certificate of interested parties.

4.      Defendants' certificate of interested parties.

5.      Defendants' The Markam Group, Inc., P.S. and Mark D. Kamitomo F.R.C.P. 26(a) disclosures including all items attached hereto.

6.      Defendants' responses to interrogatories to defendants including all items attached hereto.

7.      Defendants' responses to requests for production to defendants including all items attached thereto.

8.      Plaintiff's responses to defendants' requests for disclosure.

9.      Plaintiff's responses to defendant, Mark D. Kamitomo's first set of requests for admission.

10.     Plaintiff's objections, answers and responses to defendant, Mark D. Kamitomo's first set of interrogatories and requests for production including all items attached thereto.

## Qualifications

I graduated from Baylor University, earning my J.D. in 1980 and was admitted to the bar that same year. I have practiced law in Nueces County for 19 years. Starting with the Law Offices of Guy Allison, I became a partner in that firm in 1985 and remained a partner when the firm changed to Allison & Huerta, and also when the firm became Huerta, Hastings & Allison at the end of 1996.

I have an "AV" rating from Martindale-Hubbell. I have tried numerous cases to juries in both state and federal jurisdictions.

My practice originally consisted of both plaintiffs and defense work in civil litigation, but from approximately 1986 until the present I have done primarily plaintiffs work in personal injury. I have extensive experience with the referral of cases and the standards by which these types of cases are handled. I have received numerous referrals and have also referred cases to other attorneys.

### Compensation to be Paid

I charge $300.00 per hour for work as an expert.

### List of Other Cases in Which Witness has Testified in the Last Four Years

I have acted as an expert in only one other case in approximately 1995 wherein I testified regarding the reasonableness of a settlement.

Steve T. Hastings