IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

**DEFENDANTS' UNOPPOSED MOTION FOR
LEAVE TO FILE COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, THE MARKAM GROUP, INC., P.S. and MARK D. KAMITOMO, Defendants in the above-entitled and numbered civil action, and file this, their Motion for Leavel to File Counterclaim and in support of same, would respectfully show as follows:

I.

1.1   Plaintiff filed its Original Petition on September 22, 1998, in County Court At Law No. 3 in Nueces County, Texas.

1.2   On May 26, 1999, Plaintiff's action was removed to federal court.

II.

2.1   In the process of such discovery and in the ongoing investigation of this claim by counsel for Defendants, counsel has learned additional facts which give rise to potential claims against Plaintiff. Accordingly, Defendant respectfully request leave of this Court to file their Counterclaim, in order to have a full adjudication of all issues involved in this matter. A copy of Defendants' Counterclaim is attached hereto as <u>Exhibit "A"</u>.

45437:901877.1:121599

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court enter an Order granting Defendants leave to file their Counterclaim.

Respectfully submitted,

*(signature: Eddie Sikes)*

Keith N. Uhles
Federal I. D. No. 1936
State Bar of Texas No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar of Texas No. 00794631

Attorneys for Defendants,
**THE MARKAM GROUP INC., P.S. and MARK D. KAMITOMO**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas   78523-3509
Telephone:   (956) 542-4377
Telecopier:   (956) 542-4370

## CERTIFICATE OF CONFERENCE

Ewing E. Sikes, III has conferred with counsel for Plaintiffs and he is Not Opposed to this motion.

*(signature: Eddie Sikes)*

Ewing E. Sikes, III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion for Leave to File Counterclaim was forwarded via **CERTIFIED MAIL, RRR** on this __15th__ day of DECEMBER, 1999, as follows:

Van Huseman
Cliff Gordon
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
**VIA FACSIMILE: (361) 883-0210**

_____
Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION



| | |
|---|---|
| WYATT & WYATT, P.C. § | |
| § | |
| VS. § | CIVIL ACTION NO. C-99-199 |
| § | |
| THE MARKAM GROUP, INC., P.S. § | |
| AND MARK D. KAMITOMO § | |

## COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendant, Mark D. Kamitomo alleges a counterclaim against Plaintiff, Wyatt & Wyatt, P.C., as follows:

### I.

### PARTIES

1.1     Defendant/Counter-claimant, Mark D. Kamitomo ("Kamitomo") is a resident of the state of Washington.

1.2     Plaintiff/Counter-defendant, Wyatt & Wyatt, P.C. ("Wyatt & Wyatt") is a professional corporation with its principal office in Corpus Christi, Texas.

### II.

### JURISDICTION

2.1     The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367 as part of its supplemental jurisdiction.

45437:901909.1:121599



III.

3.1 Defendant/Counter-claimant Kamitomo contracted with Raquel O. Rodriquez, individually and as next friend to Jose Rodriquez to advise, counsel and represent the Rodriquezs in a products liability action against Riddell, Inc, for damages suffered by Jose Rodriquez in a football game in Los Fresno, Texas. Under the terms of Kamitomo's Contingency Fee Agreement with the Rodriquezs, Kamitomo is to receive forty percent (40%) of any recovery received by Rodriquezs either by way of settlement or verdict. Pursuant to the terms of this Agreement, the Rodriquezs had the right to fire their lawyers at any time, even if they had no reason. The Rodriquezs further agreed that if they fired their lawyers, they would have to pay them for the reasonable value of their services and for the expense they paid in handling the case. The agreed upon reasonable value of services, pursuant to the Contingency Fee Agreement, was assessed at the hourly rate of ONE HUNDRED AND THIRTY FIVE DOLLARS ($135) per hour. This Contingency Fee Agreement was entered into on May 9, 1996.

3.2 After Kamitomo entered into his Contingency Fee Agreement with the Raquel O. Rodriquez, he entered into an agreement in June of 1996, with Wyatt & Wyatt, with the consent of the Rodriquezs for Wyatt & Wyatt to serve as local counsel in their case against Riddell.

3.3 On or about March 25, 1997, Wyatt & Wyatt entered into a separate Contingency Fee Agreement with Raquel O. Rodriquez to recover damages against Riddell, Inc., for injuries suffered by her son playing football at Los Fresno High School. This Agreement was entered into at a time when Wyatt & Wyatt had already agreed to serve as co-counsel with Kamitomo in the his representation of the Rodriquezs, subject to the terms and conditions of Kamitomo's Contingency Fee Agreement with Raquel O. Rodriquez. Kamitomo was not aware of the existence of this agreement.

3.4     On January 29, 1998, Wyatt & Wyatt entered into a second Contingency Fee Agreement with Raquel O. Rodriquez to recover damages against Riddell, Inc., for the injuries suffered by her son playing football at Los Fresno High School. Kamitomo was not aware of the existence of this agreement.

3.5     Wyatt & Wyatt, by entering into two unnecessary contingency fee agreements with Raquel O. Rodriquez, willfully and intentionally interfered with Kamitomo's contractual relationship with the Rodriquezs.

3.6     Wyatt & Wyatt's intentional interference with Kamitomo's contractual relationship with Raquel O. Rodriquez proximately caused damages to Kamitomo, including, but not limited to, travel expenses and telephone expenses incurred in attempting to repair his relationship with the Rodriquezs which was damaged by Wyatt & Wyatt's intentional interference.

WHEREFORE, Defendant/Counter-claimant, Mark D. Kamitomo, prays for judgment against Plaintiff/Counter-defendant, Wyatt & Wyatt, P.C., as follows:

1.      Defendant/Counter-claimant be awarded general damages in an amount to be proven at trial;

2.      Reasonable attorney's fees and costs incurred bringing this action; and

3.      For such other relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Defendant/Counter-claimant hereby demands a trial by jury of all the issues in this Counterclaim.

Respectfully submitted,

*Eddie Sikes*

Keith N. Uhles
Federal I. D. No. 1936
State Bar of Texas No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar of Texas No. 00794631

Attorneys for Defendants,
**THE MARKAM GROUP INC., P.S. and
MARK D. KAMITOMO**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509
Telephone: (956) 542-4377
Telecopier: (956) 542-4370

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion for Leave to File Counterclaim was forwarded via **CERTIFIED MAIL, RRR** on this 15th day of DECEMBER, 1999, as follows:

Van Huseman
Cliff Gordon
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
<u>**VIA FACSIMILE: (361) 883-0210**</u>

Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

45437:901909.1:121599

-4-