IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

## COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendant, Mark D. Kamitomo alleges a counterclaim against Plaintiff, Wyatt & Wyatt, P.C., as follows:

### I.

### PARTIES

1.1     Defendant/Counter-claimant, Mark D. Kamitomo ("Kamitomo") is a resident of the state of Washington.

1.2     Plaintiff/Counter-defendant, Wyatt & Wyatt, P.C. ("Wyatt & Wyatt") is a professional corporation with its principal office in Corpus Christi, Texas.

### II.

### JURISDICTION

2.1     The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367 as part of its supplemental jurisdiction.

45437:901909.1:121599

## III.

3.1     Defendant/Counter-claimant Kamitomo contracted with Raquel O. Rodriquez, individually and as next friend to Jose Rodriquez to advise, counsel and represent the Rodriquezs in a products liability action against Riddell, Inc, for damages suffered by Jose Rodriquez in a football game in Los Fresno, Texas.  Under the terms of Kamitomo's Contingency Fee Agreement with the Rodriquezs, Kamitomo is to receive forty percent (40%) of any recovery received by Rodriquezs either by way of settlement or verdict.  Pursuant to the terms of this Agreement, the Rodriquezs had the right to fire their lawyers at any time, even if they had no reason.  The Rodriquezs further agreed that if they fired their lawyers, they would have to pay them for the reasonable value of their services and for the expense they paid in handling the case.  The agreed upon reasonable value of services, pursuant to the Contingency Fee Agreement, was assessed at the hourly rate of ONE HUNDRED AND THIRTY FIVE DOLLARS ($135) per hour.  This Contingency Fee Agreement was entered into on May 9, 1996.

3.2     After Kamitomo entered into his Contingency Fee Agreement with the Raquel O. Rodriquez, he entered into an agreement in June of 1996, with Wyatt & Wyatt, with the consent of the Rodriquezs for Wyatt & Wyatt to serve as local counsel in their case against Riddell.

3.3     On or about March 25, 1997, Wyatt & Wyatt entered into a separate Contingency Fee Agreement with Raquel O. Rodriquez to recover damages against Riddell, Inc., for injuries suffered by her son playing football at Los Fresno High School.  This Agreement was entered into at a time when Wyatt & Wyatt had already agreed to serve as co-counsel with Kamitomo in the his representation of the Rodriquezs, subject to the terms and conditions of Kamitomo's Contingency Fee Agreement with Raquel O. Rodriquez.  Kamitomo was not aware of the existence of this agreement.

3.4     On January 29, 1998, Wyatt & Wyatt entered into a second Contingency Fee Agreement with Raquel O. Rodriquez to recover damages against Riddell, Inc., for the injuries suffered by her son playing football at Los Fresno High School. Kamitomo was not aware of the existence of this agreement.

3.5     Wyatt & Wyatt, by entering into two unnecessary contingency fee agreements with Raquel O. Rodriquez, willfully and intentionally interfered with Kamitomo's contractual relationship with the Rodriquezs.

3.6     Wyatt & Wyatt's intentional interference with Kamitomo's contractual relationship with Raquel O. Rodriquez proximately caused damages to Kamitomo, including, but not limited to, travel expenses and telephone expenses incurred in attempting to repair his relationship with the Rodriquezs which was damaged by Wyatt & Wyatt's intentional interference.

WHEREFORE, Defendant/Counter-claimant, Mark D. Kamitomo, prays for judgment against Plaintiff/Counter-defendant, Wyatt & Wyatt, P.C., as follows:

1.     Defendant/Counter-claimant be awarded general damages in an amount to be proven at trial;

2.     Reasonable attorney's fees and costs incurred bringing this action; and

3.     For such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Defendant/Counter-claimant hereby demands a trial by jury of all the issues in this Counterclaim.

Respectfully submitted,

*Eddie Sikes*
---
Keith N. Uhles
Federal I. D. No. 1936
State Bar of Texas No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar of Texas No. 00794631

Attorneys for Defendants,
**THE MARKAM GROUP INC., P.S. and MARK D. KAMITOMO**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas   78523-3509
Telephone:   (956) 542-4377
Telecopier:   (956) 542-4370

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion for Leave to File Counterclaim was forwarded via **CERTIFIED MAIL, RRR** on this _15th_ day of DECEMBER, 1999, as follows:

Van Huseman
Cliff Gordon
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
**VIA FACSIMILE: (361) 883-0210**

_____
Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

45437:901909.1:121599

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § § § | |
| VS. | § | CIVIL ACTION NO. C-99-199 |
| | § § | |
| THE MARKAM GROUP, INC., P.S. AND MARK D. KAMITOMO | § § | |

## ORDER GRANTING LEAVE TO FILE COUNTERCLAIM

On this _____ day of _____, _____, came on to be considered Defendants' Unopposed Motion for Leave to File Counterclaim. Having considered same, the Court is of the opinion that the Motion should be and hereby is GRANTED.

Therefore, it is ORDERED as follows:

1.  ORDERED that Defendants' Counterclaim be filed in this civil action; and

2.  The Clerk shall mail a copy of this Order to all counsel of record.

Done at Corpus Christi, Texas this _____ day of _____, _____.

_____
UNITED STATES DISTRICT JUDGE

45437:901882.1:121599