IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

FEB 22 2000

MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

**MOTION TO JOIN MARY GLIDDEN TO
COUNTERCLAIM AGAINST WYATT & WYATT, P.C.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant/Counterclaimant, MARK D. KAMITOMO, pursuant to Rules 18, 19 and 20 of the Federal Rules of Civil Procedure and files this his Motion to Join Mary Glidden in his Counterclaim Against Wyatt & Wyatt, P.C. and would respectfully show unto the court as follows:

I.

PARTIES

1.1    Defendant/Counterclaimant, Mark D. Kamitomo ("Kamitomo") is a resident of the state of Washington.

1.2    Mary Glidden is a resident of the State of Washington who has had substantial and significant contact in Nueces County and in Cameron County, Texas.

II.

JURISDICTION

2.1    The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367 as part of its supplemental jurisdiction.

45437:909850.1:021800

III.

3.1   Defendant/Counterclaimant Kamitomo contracted with Raquel O. Rodriguez, individually and as next friend to Jose Rodriguez to advise, counsel and represent the Rodriguezes in a products liability action against Riddell, Inc, for damages suffered by Jose Rodriguez in a football game in Los Fresnos, Texas. A Contingency Fee Agreement between the Rodriguezes and Kamitomo was entered into on May, 9, 1996. However, prior to Kamitomo's involvement in the Rodriguez litigation, a medical company owned by Mary Glidden, Medical Rehabilitation Consultants, was hired by an insurance company on or about November 10, 1995 to work as case managers overseeing the medical care and costs paid to Jose Rodriguez. Sometime after Kamitomo's involvement, Kamitomo advised Mary Glidden that she and Medical Rehabilitation Consultants were not going to be retained for purposes of preparing a life care plan for Jose Rodriguez. Through investigation, Defendant has learned that on or about March 31 and April 1, 1997, Ms. Glidden had telephoned the office of Wyatt & Wyatt in Corpus Christi, Texas, then local counsel for Kamitomo, to arrange a meeting between herself and Paula Wyatt. Eventually, a meeting was scheduled and Ms. Glidden flew to Texas to meet with Paula Wyatt and the Rodriguez family on or about April 7, 1997. Kamitomo had no knowledge of this meeting. The purpose of the visit was to conspire with Wyatt & Wyatt to ensure that Kamitomo would be fired by the Rodriguezes and that Paula Wyatt would be hired so that Glidden and Medical Rehabilitation Consultants would be hired to prepare the life care plan directly from Paula Wyatt. See Affidavit of Betsy Johnson, Raquel O. Rodriguez, and Diana Gomez attached hereto as <u>Exhibits "A", "B" and "C"</u>, respectively.

3.2.   Mary Glidden's intentional interference with Kamitomo's contractual relationship with Raquel O. Rodriguez proximately caused damages to Kamitomo, including but not limited to, travel

expenses and telephone expenses incurred in attempting to repair his relationship with the Rodriguezes which was further damaged and/or exacerbated by not only Glidden's intentional interference but also the intentional interference by Wyatt & Wyatt.

3.3   As reflected by the counterclaim, Wyatt & Wyatt's involvement in interfering with Kamitomo's contractual relationship with the Rodriguezes was previously known to Kamitomo. Mary Glidden's involvement in this scheme however was not known until recently. In fact, this information did not come to light until Kamitomo through his attorneys began to investigate information disclosed by Wyatt & Wyatt on January 19, 2000 during mediation.

3.4   The claims against Mary Glidden and Wyatt & Wyatt are intricately intertwined. It would serve the ends of judicial economy for the claims to be joined.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counterclaimant, Kamitomo, respectfully prays that the court grant him leave to join Mary Glidden as a party hereto and for such other and further relief, both general and special, at law and in equity, to which he may show himself justly entitled.

Respectfully submitted,

By: *Eddie Sikes*

Keith N. Uhles
Federal I. D. No. 1936
State Bar of Texas No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar of Texas No. 00794631
Attorneys for Defendants,
**THE MARKAM GROUP INC., P.S. and MARK D. KAMITOMO**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas  78523-3509
Telephone:  (956) 542-4377
Telecopier:  (956) 542-4370

## CERTIFICATE OF CONSULTATION

I hereby certify that I have consulted with opposing counsel and he has advised me that he is **OPPOSED** to Defendant's Motion to Join Mary Glidden in Counterclaim Against Wyatt & Wyatt, P.C.

_____
Ewing E. Sikes, III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above **Motion to Join Mary Glidden to Counterclaim Against Wyatt & Wyatt, P.C.** was forwarded on this 21st day of FEBRUARY, 2000, as follows:

Van Huseman
Cliff Gordon
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
**VIA CERTIFIED MAIL, RRR**

_____
Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P

45437:909850.1:021800                           -4-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C., | § | |
| Plaintiff | § | Case No. C-99-199 |
| | § | |
| VS. | § | |
| | § | |
| THE MARKAM GROUP, INC., P.S., and | § | **FILED UNDER SEAL** |
| MARK D. KAMITOMO, | § | |
| Defendants | | |

### AFFIDAVIT OF BETSY JOHNS0N

STATE OF WASHINGTON )
                                ) ss.
COUNTY OF SPOKANE )

I, Betsy Johnson, being first duly sworn upon oath, depose and state that:

1. I am over the age of 18 years and am competent to testify as to the matters herein.

2. From June 30, 1995, to February 2, 2000 I was employed at Medical Rehabilitation Consultants in Spokane, Washington as an executive assistant to and medical case manager for Mary Glidden, the owner of that company.

3. Medical Rehabilitation Consultants, among other things provides case management services to medical insurance companies. In this capacity MRC is hired by the insurance company to oversee the type and cost of medical care that is provided to an injured party.

4. On or about November 10, 1995 MRC was hired by National Accident Insurance Underwriters (NAIU) to work as case managers overseeing the medical care and costs paid to Jose Rodriguez. Mr. Rodriguez was severely injured in a football accident.



5. Thereafter Michelle Stelzer, a registered nurse with MRC provided ongoing medical case management services to the family.

6. Some time subsequent to MRC's involvement in this case, Mark Kamitomo was hired by the family as an attorney to investigate a potential lawsuit arising from the injuries to Jose Rodriguez.

7. Some time after Mr. Kamitomo's being retained by the family, Mary Glidden learned from Mr. Kamitomo that she and MRC were not going to be retained for purposes of preparing a Life Care Plan for Jose Rodriguez. Thereafter Ms. Glidden made it clear to myself that she was displeased with Mr. Kamitomo for not having been hired to do the Life Care Plan and that she was planning to get the Life Care business from Paula Wyatt directly.

8. On or about March 31, 1997 Ms. Glidden had me telephone the law office of Wyatt & Wyatt in Corpus Christie, Texas and arrange a meeting between herself and Paula Wyatt. At that time I left a message asking for a return phone call. It was my understanding that the law firm of Wyatt & Wyatt were associated with Mr. Kamitomo on the Rodriguez v. Riddell case and were acting as local counsel. Ms. Glidden told me the purpose of meeting with Paula Wyatt was to secure the Life Care Plan business.

9. On April 1, 1997 I again attempted to contact Paula Wyatt's office at Mary Glidden's request and was successful in setting up an appointment for 1:30 pm on April 7, 1997 in Corpus Christie at Paula Wyatt's office. After April 1, 1997 Ms. Glidden flew to Texas to meet with Paula Wyatt and met for approximately 1 hour. During that visit it is my understanding that she also met with the Rodriguez family and part of the conversation involved discharging Mr. Kamitomo as an

attorney and hiring the Wyatt law firm. Specifically, it is my understanding that Ms. Glidden conveyed to the family that Mr. Kamitomo may have missed a statute of limitations of some kind.

10. Following her return from Texas, Ms. Glidden indicated to me that she had met with both the Rodriguez family and with Paula Wyatt and was under the belief that the Rodriguez family was going to discharge Mr. Kamitomo's firm and hire Paula Wyatt's firm. Additionally, Ms. Glidden indicated to me that MRC would be getting the business to prepare the Life Care Plan from Ms. Wyatt.

11. Thereafter, on or about June 25, 1997 Ms. Glidden talked to Paula Wyatt by telephone for approximately 3 tenths of one hour. On that same day I received a telephone call from Andi Banks in Paula Wyatt's office requesting that I send them the neuro records on Jose Rodriguez.

12. Thereafter on approximately July 23, 1997 Ms. Glidden asked me to telephone Paula Wyatt's office to see when MRC could begin the Life Care Plan. I left two messages however, the telephone calls were never returned.

13. Most recently, approximately some time between November 30, 1999 and December 16, 1999 it is my understanding that Ms. Glidden had at least one conversation and perhaps two with a male attorney that Ms. Glidden identified was suing Mr. Kamitomo.

FURTHER AFFIANT SAYETH NAUGHT.

*/s/ Betsy Johnson*
BETSY JOHNSON

SUBSCRIBED AND SWORN to this _____ day of February, 2000.

_____
Notary Public For Washington
Residing at: _____

My Commission Expires: _____

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

WYATT & WYATT, P.C.,

vs.

THE MARKAM GROUP, INC., P.S. AND
MARK D. KAMITOMO

Case No. C-99-199

### AFFIDAVIT OF RAQUEL O. RODRIGUEZ

STATE OF TEXAS    )
                  )  ss:
County of Cameron )

I, RAQUEL O. RODRIGUEZ, being first duly sworn upon oath, depose and state that:

1. I am over the age of eighteen years and am competent to testify as to the matters herein.

2. I am the mother of Jose Rodriguez.

3. In August, 1996, I retained Mark Kamitomo as an attorney to prosecute a lawsuit against Riddell, Inc. for injuries my son, Jose, received during a football game.

4. Sometime after retaining Mr. Kamitomo, Mr. Kamitomo recommended that I permit him to retain the law firm of Wyatt & Wyatt, P.C. in Corpus Christi, Texas to assist him as local counsel in maintaining the lawsuit.

5. During this same time frame, Mary Glidden of Medical Rehabilitation Consultants in Spokane, Washington, was providing Jose with case management services and overseeing the medical care that was being provided to Jose.



*AFFIDAVIT OF RAQUEL O. RODRIGUEZ* - 1

6.　　In 1997, some time before I authorized Mr. Kamitomo to discharge Wyatt & Wyatt, P.C. as attorneys on the case, Mary Glidden from Medical Rehabilitation Consultants met with me in my home in San Benito, Texas, and attempted to convince me to fire Mr. Kamitomo as an attorney and stay with the Wyatt & Wyatt law firm instead. Subsequent to that, Ms. Glidden contacted me approximately two to three times by telephone, again trying to convince me to fire Mr. Kamitomo and hire Ms. Wyatt instead.

7.　　Additionally, I received numerous telephone calls from Mary Glidden's office constantly inquiring about the work Mr. Kamitomo was performing.

8.　　I suspected at that time that Mary Glidden and Paula Wyatt were working together to convince me to discharge Mr. Kamitomo and hire the Wyatt & Wyatt law firm instead. I declined to do this as I felt Mr. Kamitomo was the first attorney I had hired. Additionally, he had given me no reason to question his representation of myself and Jose.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

By: _Raquel O. Rodriguez_
RAQUEL O. RODRIGUEZ

SWORN AND SUBSCRIBED to this ____ day of February, 2000.

_[signature]_
NOTARY PUBLIC, IN AND FOR
THE STATE OF TEXAS
Residing at: Cameron County, Texas
My Commission Expires: 1/27/00

ADELA G. RICO
My Commission Expires
January 27, 2001

*AFFIDAVIT OF RAQUEL O. RODRIGUEZ - 2*

## CERTIFICATE OF TRANSLATOR

I, _Felipe A. Saenz_____, am fully fluent in the Spanish and English languages, written and spoken. I certify that I have translated the entirety of this document from English to Spanish to RAQUEL O. RODRIGUEZ and she indicated that she understands the translation.

_____

Name: _Felipe A. Saenz_____
                    Translator

*AFFIDAVIT OF RAQUEL O. RODRIGUEZ*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**WYATT & WYATT, P.C.,**

vs.

**THE MARKAM GROUP, INC., P.S. AND MARK D. KAMITOMO**

Case No. C-99-199

## AFFIDAVIT OF DIANA GOMEZ

STATE OF TEXAS )
              ) ss:
County of Cameron )

I, DIANA GOMEZ , being first duly sworn upon oath, depose and state that:

1. I am over the age of eighteen years and am competent to testify as to the matters herein.

2. I am a sister to Jose Rodriguez who was the plaintiff in the <u>Rodriguez v. Riddell</u> case tried in Federal Court in Brownsville, Texas in March, 1999.

3. Prior to that, I acted as an interpreter for my mother during the many visits from Mary Glidden at Medical Rehabilitation Consultants.

4. On two or three occasions, Ms. Glidden tried to convince my mother to fire Mr. Kamitomo as the attorney for my brother, Jose, and to hire the law firm of Wyatt & Wyatt, P.C. in Corpus Christi, Texas.



*AFFIDAVIT OF DIANA GOMEZ* - 1

5. On at least one occasion, Mary Glidden attempted to convince me to talk my mother into firing Mr. Kamitomo, and keeping the Paula Wyatt law firm as attorneys for my brother in his lawsuit.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

By: _Diana Gomez_
DIANA GOMEZ

SWORN AND SUBSCRIBED to this 17th day of February, 2000.

_Adela G. Rico_
NOTARY PUBLIC, IN AND FOR
THE STATE OF TEXAS
Residing at: Cameron County
My Commission Expires: 1/27/01

[Notary Seal: ADELA G. RICO, My Commission Expires January 27, 2001]

*AFFIDAVIT OF DIANA GOMEZ - 2*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C., | § | |
|     Plaintiff | § | |
| vs. | § | Case No. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S., | § | |
|  and MARK D. KAMITOMO, | § | |
|     Defendants | § | |

## ORDER SETTING HEARING

It is ORDERED that the hearing on Defendant's Motion to Join Mary Glidden to Counterclaim Against Wyatt & Wyatt, P.C. be and the same is hereby set for the _____ day of _____, 2000, at _____ o'clock ___.m.

The Clerk shall notify all counsel of record.

SIGNED on the _____ day of _____, 2000.

                                                    _____
                                                  United States District Judge

45437:910755.1:022100

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WYATT & WYATT, P.C. | § |
| | § |
| VS. | § CIVIL ACTION NO. C-99-199 |
| | § |
| THE MARKAM GROUP, INC., P.S. | § |
| AND MARK D. KAMITOMO | § |

**ORDER GRANTING MOTION TO JOIN MARY GLIDDEN
TO COUNTERCLAIM AGAINST WYATT & WYATT, P.C.**

On this _____ day of _____, 2000, came on to be heard Mark D. Kamitomo's Motion to Join Mary Glidden in Counterclaim against Wyatt & Wyatt. After considering said motion, all pleadings on file, the evidence previously presented in this case, and the applicable law, it is the opinion of this court that said motion should be granted. It is therefore,

1. ORDERED that Defendant Kamitomo is granted leave to join Mary Glidden in his counterclaim against Wyatt & Wyatt, P.C. in this matter;

2. Mary Glidden is hereby given thirty (30) days to file an answer and appear in this matter; and

3. The Clerk shall send a copy of this Order to Mary Glidden at Medical Rehabilitation Consultants, Inc., 111 W. Cataldo, Suite 200, Spokane, Washington, 99201 and all counsel of record.

Done at Corpus Christi, Texas this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

45437:909855.1:021800