IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

FEB 29 2000

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE
TO FILE DEFENDANT'S FIRST AMENDED COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARK D. KAMITOMO, Defendant in the above-entitled and numbered civil action, and file this his Motion for Leave to File Defendant's First Amended Counterclaim and in support of same, would respectfully show as follows:

I.

1.1   Plaintiff filed its Original Petition on September 22, 1998, in County Court At Law No. 3 in Nueces County, Texas.

1.2   On May 26, 1999, Plaintiff's action was removed to federal court.

II.

2.1   In the process of such discovery and in the ongoing investigation of this claim by counsel for Defendants, counsel has learned additional facts which give rise to potential claims against Plaintiff, Wyatt & Wyatt and Mary Glidden. Accordingly, Defendant respectfully requests leave of this Court to file his First Amended Counterclaim, in order to have a full adjudication of all issues involved in this matter. (*A copy of Defendant's Amended Counterclaim is attached hereto as Exhibit "A".*

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully requests that this Court enter an Order granting Defendant leave to file his First Amended Counterclaim.

45437:901877.1:022800

          Respectfully submitted,

         */s/ Eddie Sikes/*
         _____
         Keith N. Uhles
         Federal I. D. No. 1936
         State Bar of Texas No. 20371100
         Ewing E. Sikes, III
         Federal I.D. No. 19534
         State Bar of Texas No. 00794631

         Attorneys for Defendants,
         **THE MARKAM GROUP INC., P.S. and**
         **MARK D. KAMITOMO**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas   78523-3509
Telephone:   (956) 542-4377
Telecopier:   (956) 542-4370

## CERTIFICATE OF CONFERENCE

  Ewing E. Sikes, III has conferred with counsel for Plaintiffs and he is **Not Opposed** to this motion.

         */s/ Eddie Sikes/*
         _____
         Ewing E. Sikes, III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Defendant's Unopposed Motion for Leave to File First Amended Counterclaim was forwarded to opposing counsel, via **Certified Mail, RRR** on this 28th day of February, 2000, as follows:

Van Huseman
Cliff Gordon
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473

*Eddie Shey*
_____
**Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

45437:901877.1:022800                    -3-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. <u>C-99-199</u> |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

**DEFENDANT'S FIRST AMENDED COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendant, Mark D. Kamitomo alleges a counterclaim against Plaintiff, Wyatt & Wyatt, P.C. and Mary Glidden as follows:

**I.**

**PARTIES**

1.1    Defendant/Counter-claimant, Mark D. Kamitomo ("Kamitomo") is a resident of the state of Washington.

1.2    Plaintiff/Counter-defendant, Wyatt & Wyatt, P.C. ("Wyatt & Wyatt") is a professional corporation with its principal office in Corpus Christi, Texas.

1.3    Mary Glidden is a resident of the State of Washington who has had substantial and significant contact in Nueces and in Cameron Counties with respect to this cause of action. Mary Glidden can be served with Defendant's First Amended Counterclaim at 111 Cataldo, Suite 200, Spokane, Washington 99201.

**II.**

**JURISDICTION**

2.1    The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367 as part of its supplemental jurisdiction.

45437:911066.1:022800

## III.

3.1     Defendant/Counter-claimant Kamitomo contracted with Raquel O. Rodriguez, individually and as next friend to Jose Rodriguez to advise, counsel and represent the Rodriguezes in a products liability action against Riddell, Inc, for damages suffered by Jose Rodriguez in a football game in Los Fresnos, Texas. The Contingency Fee Agreement was entered into on May 9, 1996. Under the terms of Kamitomo's Contingency Fee Agreement with the Rodriguezes, Kamitomo is to receive forty percent (40%) of any recovery received by Rodriguezes either by way of settlement or verdict. Pursuant to the terms of this Agreement, the Rodriguezes had the right to fire their lawyers at any time, even if they had no reason. The Rodriguezes further agreed that if they fired their lawyers, they would have to pay them for the reasonable value of their services and for the expense they paid in handling the case. The agreed upon reasonable value of services, pursuant to the Contingency Fee Agreement, was assessed at the hourly rate of ONE HUNDRED AND THIRTY FIVE DOLLARS ($135) per hour.

3.2     Prior to Kamitomo's involvement in the Rodriguez litigation, an insurance company had hired Medical Rehabilitation Consultants on or about November 10, 1995 to work as case managers overseeing the medical care and costs paid to Jose Rodriguez. Medical Rehabilitation Consultants is owned and managed by Mary Glidden.

3.3     Sometime after Kamitomo's involvement, Kamitomo advised Mary Glidden that she and Medical Rehabilitation Consultants were not going to be retained for purposes of preparing a life care plan for Jose Rodriguez. Thereafter, on or about March 31 and April 1, 1997, Ms. Glidden telephoned the office of Wyatt & Wyatt in Corpus Christi, Texas, then local counsel for Kamitomo, to arrange a meeting between herself and Paula Wyatt. Kamitomo had entered into an Agreement

in June of 1996, with Wyatt & Wyatt with the consent of the Rodriguezes for Wyatt & Wyatt to serve as local counsel in their case against Riddell.

3.4   Eventually, a meeting was scheduled and Ms. Glidden flew to Texas to meet with Paula Wyatt and the Rodriguez family on or about April 7, 1997. Kamitomo had no knowledge of this meeting at the time. The purpose of the visit was to conspire with Wyatt & Wyatt to ensure that Kamitomo would be fired by the Rodriguezes and that Paula Wyatt would be hired so that Glidden and Medical Rehabilitation Consultants would be hired to prepare the life care plan directly from Paula Wyatt. (*See Affidavits of Betsy Johnson, Raquel O. Rodriguez, and Diana Gomez attached to Defendant's Motion to Join Mary Glidden in Counter-claim against Wyatt & Wyatt as Exhibits "A", "B" and "C", respectively.*)

3.5   Wyatt & Wyatt's actions in attempting to have Kamitomo removed as lead counsel in the Rodriguez litigation are further illustrated by the fact that on or about March 25, 1997, Wyatt & Wyatt entered into a separate Contingency Fee Agreement with Raquel O. Rodriguez to recover damages against Riddell, Inc., for injuries suffered by her son while playing football at Los Fresno High School. This Agreement was entered into at a time when Wyatt & Wyatt had already agreed to serve as co-counsel with Kamitomo in the his representation of the Rodriguezes, subject to the terms and conditions of Kamitomo's Contingency Fee Agreement with Raquel O. Rodriguez. Kamitomo was not aware of the existence of this agreement. In addition, Wyatt & Wyatt then entered into a second Contingency Fee Agreement with Raquel O. Rodriguez on January 29, 1998, to recover damages against Riddell, Inc., for the injuries suffered by her son playing football at Los Fresno High School. Kamitomo was not aware of the existence of this second agreement.

3.6   Wyatt & Wyatt's and Mary Glidden's actions amounted to tortuous interference with Kamitomo's contractual relationship with Raquel O. Rodriguez which proximately caused damages

to Kamitomo, including but not limited to, travel expenses and telephone expenses incurred in attempting to repair his relationship with the Rodriguezes.

3.7  Pleading in the alternative, Wyatt & Wyatt and Mary Glidden's actions amounted to an intentional interference with Kamitomo's contractual relationship with Raquel O. Rodriguez which proximately caused damages to Kamitomo, including, but not limited to, travel expenses and telephone expenses incurred in attempting to repair his relationship with the Rodriguezes which was damaged by Wyatt & Wyatt's and Mary Glidden's intentional interference.

**WHEREFORE**, Defendant/Counter-claimant, **MARK D. KAMITOMO** prays for judgment against Plaintiff/Counter-defendant, Wyatt & Wyatt, P.C. and Mary Glidden, as follows:

1. Defendant/Counter-claimant be awarded general damages in an amount to be proven at trial;

2. Reasonable attorney's fees and costs incurred bringing this action; and

3. For such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Defendant/Counter-claimant hereby demands a trial by jury of all the issues in this Counterclaim.

Respectfully submitted,

_____
Keith N. Uhles
Federal I. D. No. 1936
State Bar of Texas No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar of Texas No. 00794631
Attorneys for Defendants,
**THE MARKAM GROUP INC., P.S. and MARK D. KAMITOMO**

45437:911066.1:022800

-4-

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas  78523-3509
Telephone:    (956) 542-4377
Telecopier:    (956) 542-4370

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above *Amended Counterclaim* was forwarded via **Certified Mail, RRR** on this _28th_ day of February, 2000, as follows:

Van Huseman
Cliff Gordon
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473

_____
Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

45437:911066.1:022800

-5-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

## ORDER GRANTING DEFENDANT'S MOTION
## FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM

On this _____ day of _____, 2000, came to be considered Defendant's, Mark D. Kamitomo, Unopposed Motion for Leave to File Defendant's First Amended Counterclaim. The Court, having considered same, is of the opinion that said Motion should be and hereby is **GRANTED**. It is, therefore

**ORDERED** that Defendant's, Mark D. Kamitomo, First Amended Counterclaim be filed in this civil action. It is further,

**ORDERED** that the Clerk shall mail a copy of this Order to all counsel of record.

**DONE** this \_\_\_\_\_ day of _____, 2000.

_____
JUDGE PRESIDING

ClibPDF - www.fastio.com