IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WYATT & WYATT, P.C. § | |
| § | |
| VS. § | CAUSE ACTION NO. C-99-199 |
| § | |
| THE MARKAM GROUP, INC. P.S. § | |
| AND MARK D. KAMITOMO § | |

**THIRD-PARTY DEFENDANT MARY GLIDDEN'S RULE 12 MOTION TO DISMISS AND IN THE ALTERNATIVE ORGINAL ANSWER TO DEFENDANT'S FIRST AMENDED COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Third-Party Defendant, Mary Glidden ("Glidden"), and files this her Motion to Dismiss Pursuant to the applicable Statue of Limitations and Rule 12(b)(6) of the Federal Rules of Civil Procedure [FED R. CIV P. 12 (b)(6)], and in the alternative, files her Original Answer to Defendant/Counter-Plaintiff Mark D Kamitomo's First Amended Counterclaim (Third Party Counterclaim) and would show the following:

I.

**MOTION TO DISMISS**

Third-Party Plaintiff's Allegations

1. Third-Party Plaintiff, Mark D. Kamitomo ("Kamitomo"), alleges Third-Party Defendant, Mary Glidden ("Glidden") tortiously interfered with his contract to represent Raquel O. Rodriguez ("Rodriguez"), individually and as next friend of her son, Jose Rodriguez (the Rodriguez Family), against Riddell, Inc. for the recovery of damages suffered by Jose Rodriguez in a football game. In his pleadings, Kamitomo alleges that on or about April 7, 1997, Glidden visited the Rodriguez Family in an effort to have Rodriguez fire Kamitomo as counsel and hire Paula Wyatt and the firm of Wyatt &

1

Wyatt P.C. ("Wyatt"), who are the Plaintiffs/Counter-Defendants in this suit, to proceed in a lawsuit against Riddell, Inc.

Facts

2. The undisputed facts as set forth in Kamitomo's pleadings set forth the following:

2.1  Prior to April 5, 1997, Glidden had phone conversations with the Rodriguez Family to arrange her consultation visit with them in conjunction with her responsibilities as the case manager for the National Accident Insurance Underwriters (NAIU). She delivered a payment from NAIU for specific damages to Jose Rodriguez for the loss of speech and to re-evaluate his medical condition in her capacity as the medical consultant and case manager for NAIU on April 5, 1997.

2.2  At no time was she employed by Kamitomo to manage the Jose Rodriguez case either medically or from a legal perspective.

2.3  Upon her arrival in Texas, the Rodriguez Family informed Glidden that they had not been able to contact Kamitomo, and he had not contacted them despite numerous calls by Rodriguez to Kamitomo's office. The Rodriguez Family also indicated that they had consulted with other lawyers in Texas concerning the case.

2.4  Prior to Glidden leaving for her visit with the Rodriguez Family, Wyatt called Glidden to explore the possibility of getting the medical records for Jose Rodriguez. Wyatt had been unable to obtain the medical records of Jose Rodriguez from Kamitomo despite numerous requests, and the time for preparation of pleadings prior the expiration of the statute of limitations for the Rodriguez Family claim was approaching.

2

2.5     When Glidden delivered the Rodriguez medical records to Wyatt in Corpus Christi, she was told that Wyatt had not been able to contact Kamitomo nor had Wyatt received return contact from Kamitomo when she called.

2.6     In their conversations with Glidden during her visit, both the Rodriguez Family and Wyatt questioned Kamitomo's dedication to the pursuit of the Rodriguez Family claim and the litigation necessary to pursue the claim. The Rodriguez Family indicated that they were concern about hiring other counsel during their conversations with Glidden on both April 5, 1997, and April 7, 1997.

2.7     Immediately following Glidden's visit with the Rodriguez Family and Wyatt, Kamitomo attempted to repair his relationship with Rodriguez and the Rodriguez Family by speaking with the Rodriguez Family by telephone on April 8, 1997 and by flying to Texas to meet with the Rodriguez Family on or about April 20, 1997.

2.8     **ON APRIL 21, 1997 KAMITOMO FILED, OR CAUSED TO BE FILED A "COMPLAINT FOR DAMAGES" UNDER CAUSE NUMBER 97202196-5 IN THE SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE, STYLED: KAMITOMO & BURNS, P.S., AND MARK D. KAMITOMO, individually, PLAINTIFFS vs. MEDICAL REHABILITATION CONSUTANTS, INC., and MARY GLIDDEN, individually, DEFENDANTS ("Complaint for Damages").**

2.9     The "Complaint for Damages" asserts that Glidden is liable to Kamitomo for damages associated with "tortious interference with business relationship that was established between Kamitomo and Kamitomo and Burnes, P.C., and Jose

3

Rodriquez" (Paragraph IV.1). These are the same charges now alleged in this suit by Kamitomo against Glidden.

2.10   **IN FACT KAMITOMO HAD SIGNED THE PLEADINGS ON APRIL 15, 1997 AS THE ATTORNEY FOR HIMSELF AND HIS LAW FIRM AS THE PLAINTIFFS.** (emphasis added)

2.11   Glidden requests this Court to take judicial notice of the Complaint for Damages filed by Kamitomo in the Superior Court of the State of Washington ("the Washington Court"), as cited above, and the Motion to Join Mary Glidden To Counterclaim Against Wyatt and Wyatt, P.C. in this suit. Courtesy copies of these pleadings are attached.

2.12   The Complaint for Damages filed by Kamitomo in the Washington Court, was subsequently dismissed by that Court on its own motion for the failure of the Plaintiff, Kamitomo, to pursue the claim.

2.13   Despite Kamitomo's obvious awareness of difficulties in the relationship with the Rodriguez family in April of 1997, and the pleadings that he filed under his own signature setting forth his allegations of tortious interference against Glidden, on April 21, 1997, Kamitomo now alleges he only became aware of Glidden's alleged tortious interference after January 19, 2000, and as a result of investigating statements made by Wyatt during a mediation concerning this case. (Paragraph 3.3 of the Motion to Join Mary Glidden to Counterclaim Against Wyatt & Wyatt, P.C.).

STATUTE OF LIMITATIONS

3.   "Under Texas law, a two year limitations period applies to tortious interference claims." Tex. Civ. Prac & Rem. Code Ann. § 16.003 (a). *In re Coastal Plains, Inc.* 179 F.3d 197, 214 (5th Cir. 1999) *cert. denied* –U.S.--, 120 S.Ct. 936, 145 L.Ed.2d 814

4

(2000) *citing First Nat'l Bank of Eagle Pass v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986). "For the purposes of application of the statute of limitations, a cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek judicial remedy...Put another way, a cause of action can generally be said to accrue when the wrongful act effects an injury." *In re Coastal Plains, Inc.* 179 F.3d at 214 *citing Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Texas 1990). "The traditional rule in Texas is that a cause of action accrues and the two-year statute of limitations period begins to run as soon as the owner suffers some injury, regardless of when the injury becomes discoverable." *In re Coastal Plains, Inc.* 179 F.3d at 214 *citing Computer Associates Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 458 (Tex. 1996).

Discovery Rule as an Exception to the Statute of Limitations

4. "The discovery rule exception defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *In re Coastal Plains, Inc.* 179 F.3d at 214 *citing Computer Associates Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d at 455.

4.1 The Texas Supreme Court has stated that [t]he discovery rule, in application, proves to be a very limited exception to statutes of limitations." *Id.* "Generally, application [of the discovery rule] has been permitted [only] in those cases where the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *In re Coastal Plains, Inc.* 179 F.3d at 214 *citing Computer Associates Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d at 456.

4.2 "The requirement of inherent undiscoverability recognizes that the discovery rule exception should be permitted only in circumstances where it is difficult for the injured

5

party to learn of the negligent act or omission." *Id.* "Inherently undiscoverable encompasses the requirement that the existence of the injury is not ordinarily discoverable, even though due diligence has been used." *Id.* The Texas Supreme Court has stated that "[t]he common thread in [the 'inherently undiscoverable'] cases is that when the wrong and injury were unknown to the plaintiff because of their very nature and not because of any fault of the plaintiff, accrual of the action was delayed. *In re Coastal Plains, Inc.*, 179 F.3d at 214-15 *citing S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996).

4.3  Objective verifiability requires physical or other evidence, such as an objective eyewitness account, to corroborate the existence of the claim. *Id.* at 215; at 15.

Kamitomo's Claim is Time-Barred

5.  It is obvious that Kamitomo not only should have known, but <u>actually did know</u> of the alleged actions Glidden that he complains of in this suit, on April 15, 1997, when he filed his previous complaint for tortious interference against Glidden on that date in the Washington Court. Thus, Kamitomo's claim against Glidden became time-barred no later than April 21, 1999, some nine (9) months <u>before</u> the same allegations surfaced in this suit.

5.1  Therefore, this suit should be dismissed for prejudice and costs of Court and attorneys' fees that Glidden has incurred should be adjudged to be paid and reimbursed to Glidden by Komitomo.

FAILURE TO STATE A CLAIM FOR TORTIOUS INTERFERENCE

6.  In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well plead facts as true and view them in the light most

6

favorable to the Plaintiff. *McCarney v. First Colony Bank*, 970 F.2d 45, 47 (5th Cir. 1992). The court must not look beyond the pleadings in ruling on the motion. *Id.*

Tortious Interference

7.  The elements of tortious interference with a contract under Texas law are: "(1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was a proximate cause of Plaintiff's damages; and (4) actual damage or loss." *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass*, 200 F.3d 307, 316 (5th Cir. 1999) citing *Johnson v. Hospital Corp. of America*, 95 F.3d 383, 394 (5th Cir. 1996) citing *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 939 (Tex. 1991).

Kamitomo's Claim for Tortious Interference Fails

8.  Kamitomo asserts that the proximate cause of his out-of-pocket costs for long distant telephone calls and travel to Texas to see his clients were due to the tortious interference by Glidden. Glidden, Wyatt and the Rodriguez Family had been unable to contact Kamitomo, Kamitomo failed to contact Glidden, Wyatt or the Rodriguez Family and the statute of limitations on Jose Rodriguez's claims was approaching at the time of Glidden's visit to Texas on April 7 & 8, 1997.

8.1 Kamitomo went to Texas for several reasons: to end the contractual relationship with Wyatt; to employ the San Antonio law firm that the Rodriguez Family wished to employ as Texas counsel, and is currently local to Kamitomo; and to mend relations with the Rodriguez Family.

8.2 Kamitomo's claim for damages associated with tortious interference fails because none of the consequences ostensibly suffered by Kamitomo were the proximately caused by Glidden's actions, even if Kamitomo's allegations are assumed to be true.

## II.

## **ORIGINAL ANSWER**

### Parties

1. Third-Party Defendant Mary Glidden (Glidden) admits the allegations in Paragraph 1.1 of Defendant's First Amended Counterclaim.

2. Glidden is without sufficient knowledge to either admit or deny each and every allegation contained in Paragraph 1.2 of Defendant's First Amended Counterclaim. To the extent that a response is required, it is denied.

3. Glidden admits she is a resident of the State of Washington. Glidden denies each and other allegation in Paragraph 1.3 of Defendant's First Amended Counterclaim.

### Jurisdiction

4. Glidden admits the allegations in Paragraph 2.1 of Defendant's First Amended Counterclaim.

### Third-Party Plaintiff's Allegations

5. Glidden admits that Counter-Plaintiff Mark D. Kamitomo (Kamitomo) contracted with Raquel O. Rodriguez (Rodriquez) in a products liability claim against Riddell, Inc. for damages suffered by Jose Rodriguez in a football game in Los Fresnos, Texas. Glidden is without sufficient knowledge to either admit or deny the capacity in which Parties contracted or the date a Contingency Fee Agreement was signed between Kamitomo and Rodriguez, if any contract was signed. Glidden is without sufficient information to either admit or deny the terms of the Contingency Fee Agreement. To the

8

extent that a response is required, it is denied. Glidden denies each and every other allegation in Paragraph 3.1 of Defendant's First Amended Counterclaim.

6. Glidden admits the allegations in Paragraph 3.2 of Defendant's First Amended Counterclaim.

7. Glidden admits that Kamitomo contracted with Plaintiff/Counter-Defendant Wyatt & Wyatt (Wyatt), a law firm, and Paula Wyatt to serve as local counsel in the case against Riddell. Glidden is without sufficient knowledge to either admit or deny what date an Agreement was reached between Kamitomo and Wyatt, if any. To the extent a response is required, it is denied. Glidden denies each and every other allegation in Paragraph 3.3 of Defendant's First Amended Counterclaim.

8. Glidden denies each and every allegation in Paragraph 3.4 of Defendant's First Amended Counterclaim.

9. Glidden is without sufficient knowledge to either admit or deny the actions, if any, of Wyatt. To the extent a response is required, it is denied..

10. Glidden denies each and every allegation in Paragraph 3.6 of Defendant's First Amended Counterclaim.

11. Glidden denies each and every allegation in Paragraph 3.7 of Defendant's First Amended Counterclaim.

Affirmative Defenses

12. Glidden further answers, if the same be necessary, and alleges that the incidents out of which this lawsuit grew, and the consequent injuries, if any, to Kamitomo were not caused by any act, either of omission or of commission, on the part of Glidden, but, to the

9

contrary, such injuries and damages alleged by Kamitomo were directly and proximately caused by the act, either of omission or of commission of Kamitomo.

13.     Glidden further answers, if the same be necessary, and alleges that the incidents out of which this lawsuit grew, and the consequent injuries, if any, to Kamitomo were not caused by any act, either of omission or of commission, on the part of Glidden, but, to the contrary, such injuries and damages alleged by Kamitomo were directly and proximately caused by the act, either of omission or of commission of Kamitomo, other Parties to this suit, or by some third party over whom Glidden had no supervision or control.

14.     Glidden pleads that Kamitomo's claims are barred by statute of limitations pursuant to Texas Civil Practice & Remedies Code § 16.003.

15.     Glidden pleads the affirmative defense of justification to interference torts.

## Prayer

16.     WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant Mary Glidden prays that upon final hearing Plaintiffs take nothing against Third-Party Defendant Mary Glidden by reason of this suit and that Defendant go hence without delay, and that she recover her costs, attorney's fees, and have such relief to which she may be justly entitled.

10

Respectfully Submitted,

_____
S. Craig Daniell
TBN# 05367700
S. Craig Daniell & Associates
120 East 13th Street
Houston, Texas 77008-6933
(713) 861-1746
(713) 861-1791 (fax)

Attorney for Third Party Defendant
MARY GLIDDEN

## CERTIFICATE OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure, a conference has been held on the merits of this Motion.

_____ I have been unsuccessful in my attempts to contact the attorney for the Third-Party Plaintiff.

_____ I have been unsuccessful in my attempts to discuss this matter with the Third-Party Plaintiff's attorney, as said attorney has not returned by telephone calls and/or responded to my correspondence.

X   This matter has been discussed with opposing counsel and no agreement on the Motion has been reached

X   All opposing counsel have been notified and all are unopposed to Movant's request under this Motion.

_____
S. Craig Daniell

## CERTIFICATE OF SERVICE

    On _____ day of August, 2000, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause by hand deliver; facsimile transmission; or mailing or depositing same in a post official depository under the care and custody of the United States Postal Service, in a wrapper, properly addressed to the attorneys of record, postage prepaid, by certified mail, return receipt requested.

Keith N. Uhles
Ewing E. Sikes
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509
Attorneys for the Defendant/Third-Party Plaintiffs
The Markam Group Inc., P.S. and
Mark D. Kamitomo
**CMRRR#**

Van Huseman
Cliff Gordon
White, Huseman & Pletcher
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
Attorneys for the Plaintiff/Counter-Defendant
Wyatt & Wyatt, P.C.
**CMRRR#**

                 _____
                 S. Craig Daniell



FILED

APR 21 1997

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

KAMITOMO & BURNS, P.S. and
MARK D. KAMITOMO,

    Plaintiffs,

v.

MEDICAL REHABILITATION
CONSULTANTS, INC.,
and MARY M. GLIDDEN,

    Defendants.

No. 97202196-5

COMPLAINT FOR DAMAGES

Plaintiffs, Kamitomo & Burns, P.S. and Mark D. Kamitomo for a cause of action against defendants allege as follows:

### I. PARTIES

1.1 At all times relevant hereto, Kamitomo & Burns, P.S., was and continues to be a Washington corporation engaged in the practice of law in the State of Washington.

1.2 At all times material hereto, Mark D. Kamitomo was and continues to be a Washington resident, residing in the County of Spokane.

1.3 To the best information, knowledge and belief of the Plaintiffs, at all times material hereto Defendant Medical Rehabilitation Consultants (hereinafter MRC) was and continues to be a Washington corporation authorized to do business in the State of Washington.

1.4 To be the best information, knowledge and belief of Plaintiffs, Mary M. Glidden at all times material hereto was and continues to be a resident of the State of Washington, residing in the county of Spokane.

KAMITOMO & BURNS, P.S.
ATTORNEYS AT LAW
One Rock Pointe
1212 N. Washington, Suite 224
Spokane, WA 99201-2400
(509) 327-2213 FAX (509) 327-1377

COMPLAINT FOR DAMAGES - 1

## II. JURISDICTION AND VENUE

2.1  This court has jurisdiction over each of the parties. Venue is proper in Spokane County

## III. CAUSE OF ACTION

3.1  On May 9, 1996, Raquel Rodriguez on behalf of her son, Jose Rodriguez, retained Mark D. Kamitomo to represent her son for injuries received from a defective football helmet. Mark D Kamitomo and the law firm of Kamitomo & Burns, P.S. have subsequently provided legal representation to the Rodriguez family from the date of retention to present.

3.2  On March 3, 1995, Donald E. Wienman retained Mark D. Kamitomo to represent him for injuries he received resulting from the failure to diagnose and properly treat an intramedullary tumor located in the cervical spine. From the date of retention to present, Mark D. Kamitomo and Kamitomo & Burns, P.S. have provided legal representation to Donald E. Weinman.

3.3  To the best information, knowledge and belief of plaintiffs, MRC and Mary M. Glidden were retained by independent insurance companies to provide case management services for Jose Rodriguez and Donald Weinman. To the best information, knowledge and belief of plaintiffs, defendants continue to provide such services to Jose Rodriguez and Donald Weinman.

3.4  To the best information, knowledge and belief of plaintiffs, on or about Friday, April 4, 1997 through Tuesday, April 8, 1997, Mary M. Glidden individually and on behalf of MRC in her capacity as president, met with Donald Weinman and the family of Jose Rodriguez.

3.5  To the best information, knowledge and belief of plaintiffs, during those meetings, defendants, utilizing defamatory and untrue information convinced Donald Wienman and the family Jose Rodriguez to discharge the law firm of Kamitomo & Burns, P.S. and Mark D. Kamitomo as attorneys of record.

3.6  As a result of such tortious interference and defamatory statements, Kamitomo & Burns, P.S. and Mark D. Kamitomo have suffered significant and substantial damage.

KAMITOMO & BURNS, P.S.
ATTORNEYS AT LAW
One Rock Pointe
1212 N. Washington, Suite 224
Spokane, WA 99201-2400
(509) 327-2213  FAX (509) 327-1372

COMPLAINT FOR DAMAGES - 2

## IV. CAUSES OF ACTION

4.1  The acts of defendants alleged in paragraphs 3.1 through 3.6 constitute tortious interference with a business relationship that was established between Mark D. Kamitomo and Kamitomo & Burns, P.S. with Donald Wienman and Jose Rodriguez. Such tortious interference by defendants has proximately caused damage to the plaintiffs, the nature and extent of which shall be proved at the time of trial.

4.2  The acts of defendants alleged in paragraphs 3.1 through 3.6 constitute defamation of character and reputation which has proximately caused damage to the plaintiffs, the nature and extent of which shall be proved at the time of trial.

WHEREFORE, plaintiffs pray for judgment and relief against the defendants as follows:

1. For judgment in the amount of damages to be proved at trial;
2. For reasonable attorney fees and costs; and
3. For such other and further relief as the Court deems just and equitable.

DATED this 16 day of April, 1997.

KAMITOMO & BURNS, P.S.

MARK D. KAMITOMO - WSBA #18903
Attorney for Plaintiff

COMPLAINT FOR DAMAGES - 3

KAMITOMO & BURNS, P.S.
Attorneys At Law
One Bank Plaza
1313 N. Washington, Suite 234
Spokane, WA 99201-0000
(509) 327-2213  FAX (509) 327-1377

FILED
APR 21 1997
THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

KAMITOMO & BURNS, P.S. and
MARK D. KAMITOMO,

   Plaintiffs,

v.

MEDICAL REHABILITATION
CONSULTANTS, INC.,
and MARY M. GLIDDEN,

   Defendants.

No. 97202196-5

SUMMONS

THE STATE OF WASHINGTON, COUNTY OF SPOKANE, TO THE SAID DEFENDANT.

A lawsuit has been started against you in the above-entitled Court by plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20 days after the service of this Summons, excluding the day of service, and 60 days if served outside of the State of Washington, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a Notice of Appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the plaintiff. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the Court, or the service on you of this Summons and

KAMITOMO & BURNS, P.S.
ATTORNEYS AT LAW
One Rock Pointe
1212 N. Washington, Suite 224
Spokane, WA 99201-2400
(509) 327-2213 FAX (509) 327-1377

SUMMONS - 1

1  Complaint will be void.

2  If you wish to seek the advice of an attorney in this matter, you should do so promptly so that

3  your written response, if any, may be served on time.

4  This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of

5  Washington.

6  DATED this /5 day of April, 1997.

9  MARK D. KAMITOMO - WSBA #18803
    Attorney for Plaintiff
10  Rock Pointe Corporate Center
    Suite 224
11  N. 1212 Washington
    Spokane, Washington  99201-2400
12  (509) 327-2213

KAMITOMO & BURNS, P.S.
ATTORNEYS AT LAW
One Rock Pointe
1212 N. Washington, Suite 224
Spokane, WA  99201-2400
(509) 327-2213   FAX (509) 327-1177

SUMMONS - 2

(Copy Receipt) (Clerk's Stamp) APR 28 1997

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

**SUPERIOR COURT OF WASHINGTON
COUNTY OF SPOKANE**

Petitioner(s)/Plaintiff(s) KAMITOMO & BURNS PS ETAL

vs.

Respondent(s)/Defendant(s) MEDICAL REHABILITATION CONSULTANTS ETAL

CASE NO. 97202196-5

☒ ORIGINAL CASE SCHEDULE ORDER

☐ AMENDED CASE SCHEDULE ORDER

*All dates specified on Amended Case Schedule Order must be approved by the Superior Court Administrator's Office.*

## I. BASIS

Pursuant to LR 0.4 IT IS ORDERED that all parties shall comply with the following schedule:

## II SCHEDULE

|  | DUE DATE |
|---|---|
| Responsive Pleadings (Answers or Responses) | JULY 31, 1997 |
| Filing of Certificate of Readiness and Note for Trial Setting or Notice for Mandatory Arbitration | NOVEMBER 14, 1997 |
| Trial / Arbitration Setting Date | NOVEMBER 21, 1997 |
| Discovery Cutoff | DECEMBER 17, 1997 |
| Trial Month | JANUARY 1998 |

- Trial briefs are due:
  - Plaintiff's: fifteen days before trial
  - Defendant's: ten days before trial
  - Rebuttal: five days before trial
- Dispositive motions: To be heard 14 days before trial.
  (Briefs are due five days before hearing.)
- Trial Management Conference: ten days before trial

## III. ORDER

IT IS ORDERED that all parties shall comply with the foregoing schedule pursuant to Local Rules 4 and 16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CAUSE ACTION NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC. P.S. | § | |
| AND MARK D. KAMITOMO | § | |

## ORDER ON THIRD-PARTY DEFENDANT MARY GLIDDEN'S RULE 12 MOTION TO DISMISS

ON _____ of _____, 2000 came to be heard Third-Party Defendant Mary Glidden's Rule 12 Motion to Dismiss. After reviewing the pleadings on file, and the motion, the Court finds that Third-Party Defendant Mary Glidden's Motion to Dismiss based on the bar of the statute of limitations and Rule 12(b)(6) of the Federal Rules of Civil Procedure is meritorious and should be granted;

THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED that Third-Party Defendant Mary Glidden's Motion to Dismiss is granted and Third-Party Plaintiff Mark D. Kamitomo's claim for tortious interference against Third-Party Defendant Mary Glidden is dismissed with prejudice as to refiling based on the running of the statute of limitations.

Third Party Defendant is hereby awarded recovery for her costs of Court against the Third Party Plaintiffs, The Markham Group and Mark D. Kamitomo.

SIGNED THIS _____ of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

E:\Client Documents\Civil Litigation\Glidden, Mary\Pleadings\Order on Motion to Dismiss.doc

1