IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 8 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

## STATEMENT OF NON-PROSECUTION
## AND AGREEMENT TO DISMISSAL, WITHOUT PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant/Third-party Plaintiff, Mark D. Kamitomo to advise the Court that he

no longer desires to prosecute his claims against Third-party Defendant, Mary Glidden in this cause

and jurisdiction and respectfully requests that the claims and causes against Third-party Defendant,

Mary Glidden in this matter be dismissed, without prejudice and, in support thereof would show

more fully as follows:

I.

Defendant/Third-party Plaintiff, Mark D. Kamitomo, with leave of Court, filed a third-party

action against Third-party Defendant, Mary Glidden asserting various causes of action based upon

facts which occurred in April 1997. Under Texas law, these causes of action carry a two-year statute

of limitations. On information and belief, under the laws of the state of Washington (the state in

which both Mr. Kamitomo and Ms. Glidden reside), these causes of action carry a three-year statute

of limitations. Consequently, when the Motion to Join Mary Glidden to counterclaim against Wyatt

& Wyatt, P.C. was filed in February 2000, Third-party Plaintiff Kamitomo's claims against Third-

party Defendant Glidden were within the three-year Washington statute of limitations. Under Texas

45437:936969.1:091400

law, however, unless the discovery rule applies, or another exception to limitations, the claims of

Third-party Plaintiff Kamitomo against Third-party Defendant Glidden would be barred by

limitation. Third-party Plaintiff Kamitomo's counsel believed in good faith that the discovery rule

applied since Third-party Plaintiff's counsel learned of the facts giving rise to the claim against

Third-party Defendant Glidden from independent witnesses shortly before filing the Motion to Join

Mary Glidden to Counterclaim against Wyatt & Wyatt, P.C. As a result, counsel for Kamitomo

stated in this Motion,

> "Mary Glidden's involvement in this scheme, however, was not
> known until recently. In fact, this information did not come to light
> until Kamitomo through his attorneys began to investigate
> information disclosed by Wyatt & Wyatt on January 19, 2000 during
> mediation."

While this statement is true, as to the knowledge of Third-party Plaintiff Kamitomo's counsel, it is

not accurate as to the combined knowledge of Third-party Plaintiff Kamitomo and his counsel.

Third-party Plaintiff Kamitomo, however, did not see this motion before it was filed and did not

consider limitations to be an issue since the claims against Third-party Defendant Glidden were

within the three-year statute of limitations that would be applicable under Washington law.

## II.

Third-party Plaintiff Kamitomo's counsel received a call from Third-party Defendant

Glidden's counsel a day or two before Third-party Defendant Glidden filed the Motion to Dismiss

in this matter. This is the first time Third-party Plaintiff Kamitomo's attorney had any knowledge

or reason to believe that Kamitomo knew of the facts giving rise to the third-party claim against

Glidden before January 2000. Because of travel schedules, the Labor Day weekend and a brief

illness by Kamitomo's attorney, it took several days for Kamitomo and his attorney to communicate

45437:936969.1:091400                                    -2-

about this matter. At that time, Kamitomo acknowledged that suit had previously been brought in Washington state against Glidden based upon some of the same facts[1] giving rise to this claim and Kamitomo learned that the statute of limitations applicable to his claims against Glidden under Texas law is two years. As a result, a decision was made to not prosecute the claims by Kamitomo against Glidden in this cause and Third-party Defendant Glidden's attorney was advised of this on September 13, 2000.

### III.

Kamitomo's April 1997 suit against Glidden in Washington State Court was dismissed by Order of the Clerk. On information and belief, this action by Kamitomo against Glidden may be subject to reinstatement under Washington law. Consequently, Kamitomo requests that his Third-party Claim against Glidden in this jurisdiction be dismissed without prejudice so that he may pursue any appropriate remedies available in Washington State Court.

WHEREFORE, PREMISES CONSIDERED, Defendant/Third-party Plaintiff, **Mark D. Kamitomo**, respectfully requests that his third-party claims against Third-party Defendant, Mary Glidden be dismissed, without prejudice, that costs be borne by the party incurring the same, and for such other and further relief, both general and special, at law and in equity, to which he may show himself justly entitled.

---

[1]     Kamitomo, however, was not aware of all of the facts now known in April 1997, and was specifically not aware of the Plaintiff's involvement at that time.

Respectfully submitted,

By: _Keith Uhles_

Keith N. Uhles
Federal I. D. No. 1936
State Bar of Texas No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar of Texas No. 00794631
Attorneys for Defendant/Third-party Plaintiff,
**MARK D. KAMITOMO**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas   78523-3509
Telephone:     (956) 542-4377
Telecopier:    (956) 542-4370

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Statement of Non-prosecution was forwarded to all counsel of record via the below indicated means on this _18th_ day of September, 2000, as follows:

**VIA CERTIFIED MAIL RRR**
S. Craig Daniell
S. Craig Daniell & Associates
120 East 13th Street
Houston, Texas 77008-6933

Van Huseman
Cliff Gordon
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473

_Keith Uhles_

**Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P**

45437:936969.1:091400                    -4-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

WYATT & WYATT, P.C.                    §
                                       §
VS.                                    §        CIVIL ACTION NO. C-99-199
                                       §
THE MARKAM GROUP, INC., P.S.           §
AND MARK D. KAMITOMO                   §

## ORDER OF DISMISSAL OF
## THIRD-PARTY DEFENDANT, MARY GLIDDEN

**ON THIS DAY** came to be considered the Motion of Third-party Defendant, Mary Glidden

to Dismiss.   The Court  takes note that Third-party Plaintiff, Mark D. Kamitomo has filed a

statement that he no longer desires to prosecute the Third-party claim against Mary Glidden.  As a

result, after considering said motion, all pleadings on file, and the applicable law, it is the opinion

of the court that said motion should be granted.  It is, therefore,

**ORDERED, ADJUDGED and DECREED** that all claims and causes against Third-party

Defendant, Mary Glidden are dismissed, without prejudice with all costs to be borne by the party

incurring the same.

**DONE AND ENTERED** this _____ day of _____, 2000 at Corpus

Christi, Texas.

_____
HON. HAYDEN HEAD
UNITED STATES DISTRICT JUDGE

45437:936966.1:091800