United States District Court
Southern District of Texas
FILED

JUN 0 6 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-99-199 |
| | § | |
| THE MARKAM GROUP, INC., P.S. | § | |
| AND MARK D. KAMITOMO | § | |

**DEFENDANTS' FIRST SUPPLEMENTAL
MOTION TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **The MARKAM GROUP, INC., P.S. and MARK D. KAMITOMO (hereinafter collectively "Kamitomo")**, Defendants and file this their First Supplemental Motion to Transfer Venue of Plaintiff, Wyatt & Wyatt, P.C.'s suit as permitted under 28 U.S.C. §1404(a) and 28 U.S.C. §1406(a).

## I. INTRODUCTION

Plaintiff, Wyatt & Wyatt sued Kamitomo for declaratory relief seeking a declaration of Wyatt & Wyatt's interest in a Contingency Fee Contract that Kamitomo had entered into with the Rodriguez family in the underlying litigation styled *Raquel O. Rodriguez, et al vs. Riddell Sports, Inc., Riddell Inc., All American Sports Corporation dba Riddell All American, Chris Hoodman, Rubatex Corporation, and Monarch Rubber Company*, Civil Action No. B-CV-96-177 (hereinafter referred to as the "Rodriguez Litigation"), which was tried and went to verdict in the United States District Court for the Southern District of Texas, Brownsville Division. A sizeable judgment was

45437:966728.1:052501

obtained in this litigation, nevertheless, the United States Court of Appeals for the Fifth Circuit reversed the award and rendered judgment in favor of one of the Defendants, Riddell Sports, Inc.

Thereafter, the remaining parties to the "Rodriguez Litigation" appeared for a second trial in Brownsville, Texas on April 30, 2001. The trial was reset but the parties were ordered to mediation by the Honorable Judge Filemon B. Vela whereupon a final settlement was reached settling the underlying "Rodriguez Litigation" for a confidential sum.

Venue of the current dispute between Wyatt & Wyatt and Kamitomo is improper in the Corpus Christi Division because Jose Rodriguez, one of the plaintiffs in the "Rodriguez Litigation", is incompetent thus, requiring Court approval of the "Rodriguez Litigation" settlement.[1] Specifically, Judge Filemon B. Vela of the Brownsville Division will have to approve the settlement before it becomes final by entering a Judgment approving the "Rodriguez Litigation" settlement, including the award of attorneys' fees and costs.[2] However, entering such a judgment in the present case, could be problematic because Wyatt & Wyatt is claiming entitlement to $28,166.89 as

---

[1] Texas procedural and substantive law requires Court approval of settlements involving incompetent litigants. See Texas Rule of Civil Procedure 44 requiring Court approval in such cases to protect substantive rights. In the present case, it is anticipated that the Rodriguez family through Kamitomo will make a motion for judgment on the settlement reached at mediation. At the time of entry of judgment in this case, it will be necessary for the Court, pursuant to its inherent duty to protect the interest of minors and incompetents that come before the Court, as well as authority granted by the laws of the State of Texas, to approve attorney's fees and expenses incurred in prosecution of this cause on behalf of incompetent plaintiff Jose Rodriguez. To this end, the Court has appointed an attorney ad litem (Roman "Dino" Esparza) to protect Jose Rodriguez's interests.

[2] Kamitomo has a claim and is entitled to an award of attorney's fees against any judgment in favor of plaintiffs in the "Rodriguez Litigation" for legal services and expenses incurred in providing legal services to the plaintiffs in the "Rodriguez Litigation". Specifically, Kamitomo has a contingency fee contract with the plaintiffs which gives him a percentage interest in plaintiffs' judgment in the "Rodriguez Litigation". In addition, Markam has incurred expenses in prosecution of this case on behalf of the plaintiffs in the "Rodriguez Litigation" and a claim has been asserted against Markam and Kamitomo by Wyatt & Wyatt to recover fees arising from the plaintiffs' recovery in the "Rodriguez Litigation".

reimbursement for costs allegedly incurred in prosecution of the "Rodriguez Litigation", while Kamitomo believes Wyatt & Wyatt's costs are in the approximate range of $9,791.94.[3] Consequently, the judgment Judge Vela enters will affect Jose Rodriguez's settlement in terms of how much he will net and will undoubtedly affect Wyatt & Wyatt's claim currently pending before this Honorable Court.

Further, failure to transfer venue to the Brownsville Division may have other consequences that could potentially affect settlement. Specifically, counsel for Riddell has been put on notice that a fee dispute exists between Plaintiff Wyatt & Wyatt and Kamitomo in the above-referenced matter. If the remaining Riddell defendants make any payment of attorney's fees in the underlying "Rodriguez Litigation", after having been made aware that a possible lien exists against such fees by Plaintiff Wyatt & Wyatt, then Riddell runs the risk of subjecting itself to further liability in this matter, thus hampering settlement. Therefore, Kamitomo believes that this Court for the various reasons that follow, should transfer this suit to the Brownsville Division of the Southern District of Texas allowing Judge Vela to consolidate this matter with the "Rodriguez Litigation" so that the entire case with all pending issues can be handled all at once.

## II. ARGUMENT AND AUTHORITIES

### A. Transfer Venue in the Interest of Justice

Federal statute 28 U.S.C. §1406(a) states that,

---

[3] In addition to Wyatt & Wyatt's claim for costs, Wyatt & Wyatt has also made a claim against Markam and Kamitomo to recover fees arising from the plaintiffs' recovery in the "Rodriguez Litigation".

> "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, **or if it be in the interest of justice,** transfer such case to any district or division in which it could have been brought."

(emphasis added). Accordingly, for the above-referenced reasons and for those which are set forth hereafter, Defendants request that the above-referenced case be transferred to the Brownsville Division for the Southern District of Texas.

In the present case, the interests of justice call for this Honorable Court to transfer venue of the dispute between Wyatt & Wyatt and Kamitomo to the Brownsville Division. The present case involves a fee dispute between plaintiff Wyatt & Wyatt and Kamitomo in prosecuting the "Rodriguez Litigation" which involved a severe brain damage injury to Plaintiff Jose Rodriguez. The "Rodriguez Litigation" is currently pending in the Brownsville Division for the Southern District of Texas. The "Rodriguez Litigation" was brought by Raquel Rodriguez, individually and as next of friend of Jose Rodriguez, her son the injured plaintiff who suffered the brain injury in question. It is undisputed that Jose Rodriguez is incompetent as a result of his injuries. Consequently, Judge Vela appointed him an attorney ad litem to protect his interests in the "Rodriguez Litigation".

The parties have reached an agreement as to settlement in the "Rodriguez Litigation", but because of Jose Rodriguez's condition, Judge Vela will have to enter a judgment approving the settlement including the breakdown of fees and costs.[4] Initially, this would not appear to cause a

---

[4] As a practical matter, Jose Rodriguez's ad litem attorney in the "Rodriguez Litigation" will have to make a recommendation to Judge Filemon B. Vela as to whether or not the settlement reached by the parties in the "Rodriguez Litigation" should be accepted and approved by the Court. Thereafter, the
(continued...)

problem in terms of affecting the Rodriguez settlement or even the present lawsuit between Wyatt & Wyatt and Kamitomo because the measure of fees remains the same no matter to whom they are awarded (40%).[5] However, a dispute exists between Plaintiff Wyatt & Wyatt and Kamitomo as to the amount of costs.[6] This dispute is problematic because the costs awarded to counsel will be paid out of the settlement reached at mediation and consequently, will affect not only the amount of settlement Jose Rodriguez is to receive but also the amount Wyatt & Wyatt is to receive. In addition, the Judgment entered by Judge Vela will award attorney's fees to the plaintiffs' lawyer, thus precluding Wyatt & Wyatt from collaterally attacking this judgment. Specifically, once Judge Vela's judgment is entered, it will operate as a Final Judgment on this matter forever foreclosing Wyatt & Wyatt's claim.

Furthermore, the present fee dispute has put Riddell on notice that a possible lien exists against the payment of any attorney's fees in the "Rodriguez Litigation". Accordingly, payment of attorney's fees by Riddell in furtherance of the settlement reached could subject Riddell to further legal jeopardy (from Wyatt & Wyatt) if the cases are not consolidated allowing Riddell to deposit the money into the Registry of the Court.

---

[4](...continued)
Court will either have to enter a judgment approving the settlement and award attorney's fees and costs in this matter or deny the same.

[5]However, Kamitomo believes that Wyatt & Wyatt's only true remedy is to intervene in Civil Action No. B-CV-96-177 or forever lose its right to assert a claim for fees.

[6]Plaintiff Wyatt & Wyatt is alleging entitlement to reimbursement of $28,166.89 as costs resulting from its alleged efforts to prosecute the "Rodriguez Litigation", while Kamitomo believes that Wyatt & Wyatt has only legitimately expended approximately $9,791.94 as costs

1.  **Wyatt & Wyatt's Only Remedy Is to Intervene in the "Rodriguez Litigation"**

Wyatt & Wyatt is claiming entitlement to reimbursement of costs in excess of $28,000 relating to its involvement in the "Rodriguez Litigation". In contrast, Kamitomo believes that Wyatt & Wyatt expended less than $10,000 relating to its involvement in the "Rodriguez Litigation". Given this discrepancy and the fact that this matter will ultimately have to be settled by Judge Vela, Wyatt & Wyatt's only remedy is to intervene in the Brownsville case (the "Rodriguez Litigation") before Judge Vela enters a final judgment. In fact, the Federal Rules of Civil Procedure contemplate such a procedure and give Wyatt & Wyatt the absolute right to intervene.

Rule 24a of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> "Intervention of right. Upon timely application, anyone shall be permitted to intervene in an action... (2) when the applicant claims an interest related to the property or transaction which is the subject of the action and the applicant has so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, **unless the applicant's interest is adequately represented by existing parties.**"

(emphasis added). Rule 24a of the Federal Rules of Civil Procedure gives Wyatt & Wyatt the right to intervene in the "Rodriguez Litigation" as a matter of right, unless Wyatt & Wyatt's interest is adequately represented by the existing parties. In the present case, Wyatt & Wyatt's interests are not adequately represented by the present parties because a disagreement exists between Wyatt & Wyatt and Kamitomo as to the amount of fees and costs that Wyatt & Wyatt is entitled to. Accordingly, Wyatt & Wyatt's right to intervene in the "Rodriguez Litigation" is in fact mandatory because its failure to intervene may ultimately prejudice Wyatt & Wyatt's rights in the present matter.

Specifically, the Fifth Circuit speaking on this point recognized an attorney's right to intervene in a case to protect his fees. See <u>Gaines v. Dixie Carriers, Inc.</u>, 434 F.2d 52 (5th Cir. 1970).

<u>Gaines</u> is a case where the plaintiff Gaines entered into a contingency fee contract with attorney Plotkin. Plaintiff Gaines then dismissed Plotkin allegedly without reason or cause. Subsequently, Plotkin filed a motion with the district court to intervene in the action in order to protect his claim of interest in attorney's fees. The district court dismissed intervention and attorney Plotkin appealed. The Fifth Circuit reversed the district court and held that the intervention was appropriate by stating that,

> "We think it clear that the appellant law firm here claimed an interest in the subject of the action against Dixie Carriers, Inc. and is so situated that the final disposition of the action may as a practical matter impair or impede its ability to protect that interest. Neither of the existing parties is concerned with protecting the appellant's interest."

In the present matter, a final disposition and/or ruling by Judge Vela concerning costs and fees in the "Rodriguez Litigation" will undoubtedly impair or impede Wyatt & Wyatt's ability to protect whatever interest it is claiming in terms of costs and fees. Further, if Wyatt & Wyatt is to intervene in this matter, it must do so before Judge Vela enters a final judgment approving the settlement in the "Rodriguez Litigation". "Intervention by a party whose only interest in a litigation is a lien on the proceeds is proper at any time before final judgment." <u>Lalic v. Chicago, Burlington & Quincy Railroad Co.</u>, 263 F.Supp 987, 988 (N.D. IL 1967).

**B.      <u>Transfer Venue for the Convenience of the Parties</u>**

Federal statute, 28 U.S.C. §1404a states that,

> "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Accordingly, for the above referenced reasons and for those which are set forth hereafter, Defendants request that the above-referenced case be transferred to the Brownsville Division of the Southern District of Texas. As previously stated, this case involves a fee dispute between Wyatt & Wyatt and Kamitomo in prosecuting a brain damage personal injury case in the Brownsville Division of the Southern District of Texas. The underlying incident occurred in the Brownsville Division and the clients, Jose and Raquel Rodriguez reside in the Brownsville Division.

In the present case, a transfer to the Brownsville Division would be more convenient for the Defendants' material witnesses. Specifically, Raquel Rodriguez (a named plaintiff in the underlying Rodriguez Litigation), who resides in Los Fresnos, Cameron County, Texas will be called by Defendants to testify that Defendant Kamitomo was at all times lead counsel for the Plaintiffs in the "Rodriguez Litigation" and that Defendant Kamitomo had the authority with her approval to hire and fire local and/or associated counsel. Moreover, she will testify that Defendant Kamitomo fired Wyatt & Wyatt with her consent. As a result, Mrs. Rodriguez is a critical witness to Defendants' defense. However, Mrs. Rodriguez will in all likelihood be unable to travel to Nueces County without great hardship as she is currently caring for her invalid son, Jose Rodriguez, who is also a named plaintiff in the underlying lawsuit. As such, Defendants may be precluded from calling her live, which would materially affect the presentation of Defendants' case.

Several other potentially important material witnesses reside in the Brownsville Division. More specifically, Roman D. Esparza, an attorney practicing law in Brownsville, was appointed

45437:966728.1:052501                         -8-

attorney ad litem for Jose Rodriguez. Arnold Aguilar, an attorney practicing in Brownsville, was local counsel for Plaintiffs in the "Rodriguez Litigation" through trial. Further, some of the sons and daughters of Raquel Rodriguez, some of whom consulted with Raquel Rodriguez regarding her attorneys reside in the Brownsville Division.

Venue is inconvenient for Defendants in the Corpus Christi Division and more convenient in the Brownsville Division as the witnesses needed to disprove Plaintiff's allegations reside in Cameron County, Texas and Judge Filemon B. Vela, the presiding judge in the underlying "Rodriguez Litigation" is already familiar with the case. Therefore, Defendants believe that this Court should transfer this suit to the Brownsville Division of the Southern District of Texas.

Furthermore, Plaintiff's suit which has been brought in Nueces County has an insignificant relationship to the Nueces County forum. Specifically, even the purported contract between Plaintiff Wyatt & Wyatt and the Rodriguez Family was entered into in Cameron County, Texas. There are no witnesses in the Corpus Christi Division other than the Plaintiff. As such, the case should be transferred to the Brownsville Division of the Southern District of Texas, so that the witnesses and/or participants to that purported contract (the Rodriguez Family) can be allowed to come forth and testify as to Wyatt & Wyatt's participation and/or involvement in the underlying lawsuit.

Finally, Defendants believe that Judge Vela, having been the trial judge in the underlying "Rodriguez Litigation", is familiar with the witnesses and ultimately become familiar with the confidential settlement. In this regard, Defendants believe that Judge Vela will be in a better position to examine the claims of the parties regarding fees and expenses because any such determination of the same will ultimately affect the amount of money received by the Plaintiff Jose

Rodriguez in the underlying litigation who continues to remain incapable of representing his own interest. In this regard, it should be noted that Judge Vela appointed an attorney ad litem, Roman D. Esparza, a Cameron County attorney who remains involved in the underlying action.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, **The Markam Group, Inc., P.S. and Mark D. Kamitomo** ask the Court to grant Defendants' First Supplemental Motion and transfer Plaintiff's case from the Corpus Christi Division to the Brownsville Division of the Southern District of Texas.

Respectfully submitted,

_____
Keith N. Uhles
Federal I. D. No. 1936
State Bar No. 20371100
ATTORNEY-IN-CHARGE
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar No. 00794631
Attorneys for Defendants,
**THE MARKAM GROUP, INC., P.S. and MARK D. KAMITOMO**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509
Telephone: (956) 542-4377
Telecopier: (956) 542-4370

## CERTIFICATE OF CONSULTATION

I hereby certify that my office has consulted with opposing counsel, and he has advised that he is OPPOSED to the Defendants' First Supplemental Motion to Transfer Venue.

_____
Keith N. Uhles

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded, via **CERTIFIED MAIL, return receipt requested,** to opposing counsel this 4th day of June, 2001, as follows:

Hon. Van Huseman
Hon. Cliff Gordon
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473

_____
Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

45437:966728.1:052501

-11-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WYATT & WYATT, P.C. | § § | |
| VS. | § § | CIVIL ACTION NO. C-99-199 |
| THE MARKAM GROUP, INC., P.S. AND MARK D. KAMITOMO | § § § | |

### ORDER TRANSFERRING VENUE

On the _____ day of _____, 2001, the Court having considered Defendants' First Supplemental Motion to Transfer Venue and finding that said motion should be granted; it is, therefore,

**ORDERED, ADJUDGED and DECREED** that Defendants' First Supplemental Motion to Transfer Venue be **GRANTED** and that suit be transferred to the **Brownsville Division of the Southern District of Texas**.

The Clerk shall send a copy of this Order to counsel for all parties.

**DONE AND ENTERED** this _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE

**COPIES TO:**
Hon. Keith N. Uhles/Hon. Ewing E. Sikes, III
Hon. Van Huseman/Hon. Cliff Gordon